## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**Case No.** ___24-CV-81550___

**DURO BEAM, LLC,**

        **Plaintiff**

**vs.**

**WILLIAM E. MANNING, WEM GLOBAL,
INC., JEFFREY HOOGENDAM, 360CONNECT,
LLC, IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.**

        **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL, INJUNCTIVE RELIEF SOUGHT

Plaintiff, DURO BEAM, LLC (hereinafter referred to as "DURO BEAM" or "Plaintiff"), by and through its undersigned counsel hereby sues Defendants, WILLIAM E. MANNING, WEM GLOBAL, INC., JEFFREY HOOGENDAM, 360CONNECT, LLC, IAN HART, IAN HART DESIGN, LLC and CMI MARKETING INC. (hereinafter collectively referred to as "Defendants"), and as its Complaint and states as follows:

## NATURE OF THIS ACTION

1.     DURO BEAM seeks injunctive relief and monetary damages for Defendants' false advertising, false designation of origin and trademark infringement pursuant to 15 U.S.C. §§

1114, 1116, and 1125 (a) and (d) and violation of state law arising from Defendants' improper use of trademarks owned and used by DURO BEAM, and unfair and deceptive business practices.

2.      As described in more detail below, Defendants have and continue to falsely advertise and mislead consumers using DURO BEAM's trademarks through various websites. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of DURO BEAM.

3.      As a result of Defendants' actions, DURO BEAM is suffering a loss of the goodwill that DURO BEAM has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendants' infringement of DURO BEAM's intellectual property rights.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), as these claims arise under the Lanham Act.

5.      This Court has supplemental jurisdiction over the pendant state law claim under 28 U.S.C. § 1367(a).

6.      Defendants are subject to personal jurisdiction in this forum because they falsely advertised and misrepresented the origin of products to residents of the United States, the State of Florida, and this District; because Defendants have caused injury to Plaintiff in the United States, the State of Florida and this District; because Defendants practice the unlawful conduct complained of herein, in part, within the United States, the State of Florida, and this District; and because Defendants regularly conduct or solicit business within the United States, the State of Florida, and this District.

7.      Defendant, William E. Manning is also subject to personal jurisdiction in this forum

2

because this he is a citizen and resident of the State of Florida and is domiciled in the State of Florida, and this District.

8.      Defendant, WEM Global, Inc. is also subject to personal jurisdiction in this forum because it is a for profit corporation organized under the laws of the State of Florida and has its principal place of business in the State of Florida and this District.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

10.     Plaintiff, DURO BEAM is a limited liability company duly organized and existing under the laws of the State of Florida.  DURO BEAM has three members. All members of Duro Beam, LLC are citizens and residents of the State of Florida and this District.

11.     Defendant William E. Manning, an individual, upon information and belief, is a citizen of the State of Florida, domiciled at 5911 Wedgewood Village Circle Lake Worth, Florida 33463. Defendant William Manning (also referred to herein as "Manning" or "Defendant Manning") is a Construction Manager/Superintendent of Stock Custom Homes.  See screenshot of William Manning's LinkedIn page located at https://www.linkedin.com/in/wmanning64/ attached hereto as Exhibit A.  Stock Custom Homes does business via the internet through a website located at the URL https://www.stockcustomhomes.com.  See screenshot of Stock Custom Homes LinkedIn page located at https://www.linkedin.com/company/stock-custom-homes/about/ attached hereto as Exhibit B.

12.     Defendant Manning is the Registered Agent and President of Defendant, WEM Global, Inc. See Florida Profit Corporation Detail and 2024 Annual Report for WEM Global, Inc. attached hereto as Exhibit C. Defendant Manning refers to himself as the owner of Defendant, WEM Global, Inc.  See screenshot of William Manning's LinkedIn page located at https://www.linkedin.com/in/wmanning64/ attached hereto as Exhibit A.

13.     Upon information and belief, Defendant, WEM Global Inc., is a for-profit corporation organized under the laws of the State of Florida with its principal place of business in Lake Worth, Florida. See Florida Profit Corporation Detail and 2024 Annual Report for WEM Global, Inc. attached hereto as Exhibit C.  Defendant, WEM Global, Inc. (also referred to herein as "WEM Global") provides website, advertising, and marketing services according to the Linkedin page of its Owner, Registered Agent and President, Defendant, William E. Manning. See screenshot of William Manning's LinkedIn page located at https://www.linkedin.com/in/wmanning64/ attached hereto as Exhibit A.

14.     Defendant, Jeff Hoogendam, an individual, upon information and belief, is a citizen of the State of Texas domiciled at 5926 Balcones Drive, Suite 130, Austin, Texas 78731.  Upon information and belief, Defendant, Jeff Hoogendam (hereinafter referred to as "Hoogendam" or "Defendant Hoogendam") is a member of Defendant, 360Connect, LLC.  See screenshot of Jeff Hoogendam's LinkedIn page located at www.linkedin.com/in/jeff-hoogendam-b2bmarket attached hereto as Exhibit D.

15.     Upon information and belief, Defendant, 360Connect, LLC is a limited liability company organized under the laws of the State of Texas. Upon information and belief, Defendant, 360Connect, LLC has two members.  Upon information and belief, all members of Defendant, 360Connect, LLC (hereinafter referred to as "360Connect" or "Defendant 360Connect") are citizens and residents of the State of Texas.  Upon information and belief, Defendant, 360Connect, LLC (hereinafter referred to as  "360Connect" or "Defendant 360Connect") provides services via a website located at www.360connect.com. See screenshot of 360Connect website at www.360connect.com attached hereto as Exhibit E.

16.     Defendant, Ian Hart, an individual, upon information and belief, is a citizen of the state of North Carolina domiciled at 1710 Venezia Way Apex, North Carolina, 27502-4736.  Upon information and belief, Defendant Ian Hart (hereinafter referred to as "Hart" or "Defendant Hart") does business via the internet through a website located at www.ianhartdesign.com.

17.     Defendant, Ian Hart Design, LLC, is a limited liability company organized under the laws of the state of North Carolina. Upon information and belief, Defendant, Ian Hart is the

4

sole member of Defendant, Ian Hart Design, LLC.  Upon information and belief, Defendant, Ian Hart Design, LLC (hereinafter referred to as "Ian Hart Design" or "Defendant Ian Hart Design") provides services via a website located at www.ianhartdesign.com.

18.      Upon information and belief, Defendant, CMI Marketing, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1411 Broadway, 27th Floor, New York, NY 10018.  Upon information and belief, Defendant, CMI Marketing, Inc. (hereinafter referred to as "CMI Marketing" or "Defendant CMI Marketing") provides services via a website located at https://raptive.com.

**FACTS**

**PLAINTIFF AND ITS TRADEMARK**

19.      Plaintiff, DURO BEAM, is engaged in the business of providing top-quality, affordable steel building kits for both residential and commercial purposes, including garages, warehouses, commercial spaces, and agricultural buildings. These prefab metal buildings are designed for durability and ease of assembly, utilizing advanced engineering and design technology. Plaintiff's business model emphasizes high-quality construction, competitive pricing, and excellent customer service, with various building options and customization to meet specific client needs.

20.      Plaintiff operates its business through various websites, which are integral to generating business leads and customer engagement. These platforms are essential for promoting Plaintiff's high-quality steel building kits and related products, thereby driving traffic and business leads essential for the company's operations and growth. These websites ("DURO Domains") include:

- Duro Buildings®: www.durobuildings.com
- Duro Span®: www.durospan.net
- Duro Storage™: www.durostorage.com
- Duro Beam®: www.durobeambuildings.com

- Duro Doors™: www.durodoors.com

Plaintiff has owned these domains since as early as July 2008.

21.     Plaintiff joined the steel industry and began using its brand in 1993. Plaintiff prides itself on offering customizable solutions that meet a wide range of needs, from garages and warehouses to agricultural and retail spaces. Plaintiff's products are designed using advanced engineering and manufacturing technologies, utilizing state-of-the-art technology and superior materials to ensure durability and sustainability.

22.     Plaintiff, DURO BEAM, is the owner of several DURO formative trademarks (collectively, "DURO Marks"), details of which are mentioned below:

| MARK | REG. NO. | SERIAL. NO. | CLASS | GOODS/SERVICES |
|---|---|---|---|---|
| DURO BUILDINGS | 4698229 | 86159392 | 6 | Prefabricated metal buildings for industrial applications |
| DURO BEAM | 4651757 | 86159401 | 6 | Prefabricated metal buildings for industrial applications |
| DURO SPAN | 4706401 | 86159409 | 6 | Prefabricated metal buildings for industrial applications |
| DURO STORAGE | | 98256716 | 35 | Distributorship services in the field of pre-engineered steel storage buildings; Distributorships in the field of pre-engineered steel storage buildings; On-line retail store services featuring pre-engineered steel storage buildings; Retail store services |

| | | | | |
|---|---|---|---|---|
| | | | | featuring pre-engineered steel storage buildings; Reseller services, namely, distributorship services in the field of pre-engineered steel storage buildings; Wholesale distributorships featuring pre-engineered steel storage buildings |
| DURO DOORS | | 98256727 | 35 | Distributorship services in the field of pre-engineered steel storage buildings; Distributorships in the field of pre-engineered steel storage buildings; On-line retail store services featuring pre-engineered steel storage buildings; Retail store services featuring pre-engineered steel storage buildings; Reseller services, namely, distributorship services in the field of pre-engineered steel storage buildings; Wholesale distributorships featuring pre-engineered steel storage buildings |
| DURO | | 98563613 | 35 | Distributorship services in the field of pre-engineered steel buildings, steel doors, and steel building kits; Distributorships in the field of pre-engineered steel buildings, steel doors, and steel building kits; On-line retail store services featuring pre-engineered steel buildings, steel |

| | | | | doors, and steel building kits; Reseller services, namely, distributorship services in the field of pre-engineered steel buildings, steel doors, and steel building kits; Retail store services featuring pre-engineered steel buildings, steel doors, and steel building kits; Wholesale distributorships featuring pre-engineered steel buildings, steel doors, and steel building kits |
|---|---|---|---|---|

23.    DURO brands have achieved enormous commercial success as reflected by their extensive sales, which have been supported by significant marketing and promotional campaigns throughout the United States, including in Florida.

### DEFENDANTS' UNAUTHORIZED USE OF THE DURO TRADEMARKS AND MISREPRESENTATION OF THE DURO BRAND

24.    Upon information and belief, Defendant Manning, is the owner of Defendant WEM Global.

25.    Upon information and belief, Defendant Manning and Defendant WEM Global own and operate the website www.metal-buildings.org.

26.    Upon information and belief, Defendant WEM Global posted an article titled "Duro Steel Building Review"on the website located at [url of website where article was posted] although the date of publication remains unclear.

27.    Upon information and belief, the article titled "Duro Steel Building Review" made

multiple references to Plaintiff's DURO marks.

28.     Upon information and belief, the article titled "Duro Steel Building Review" included a lead generation section where genuine readers could drop their contact details, believing the information would be shared with Plaintiff.

29.     Upon information and belief, the leads generated from the lead generation section of the article titled "Duro Steel Building Review" were instead diverted to Plaintiff's competitor, SteelMaster, located in Virginia Beach, thereby misleading consumers and damaging Plaintiff's business.

30.     Upon information and belief, Defendant Manning and Defendant WEM Global may have engaged in prior infringements involving other brands, including American Steel Span, Powerbilt Steel Buildings, Inc., and Pioneer Steel.

31.     On June 6, 2024, DURO BEAM issued cease-and-desist letters to Defendant Manning and Defendant WEM Global, demanding they cease their unauthorized use and misrepresentation of the DURO Marks.

32.     Enclosed with the June 6, 2024 cease-and desist letters to Defendant Manning and Defendant WEM Global was a litigation hold notice.

33.     Defendant Manning and Defendant WEM Global responded to these notices on June 11, 2024, but unfortunately, continued their unauthorized use and misrepresentation of the DURO Marks. In the June 11, 2024 response letter, Defendant Manning and Defendant WEM Global acknowledged ownership of the infringing website www.metal-buildings.org and claimed that references to the DURO Marks had been taken down.

34.     The unauthorized and willful use and misrepresentations of Plaintiff's DURO Marks by Defendant Manning and Defendant WEM Global has caused and continues to cause, confusion among consumers, damage to DURO BEAM's reputation, and dilution of the distinctive

quality of Plaintiff's DURO Marks. These activities threaten Plaintiff's business and the goodwill associated with its DURO Marks, necessitating this action for injunctive relief and damages.

35.     After notifying Defendant Manning and Defendant WEM Gobal of its trademark rights, DURO BEAM contacted multiple platforms and social media accounts to correct any confusion and false endorsements arising from Defendants' unauthorized use of confusingly similar marks**.**

36.     Upon information and belief, Defendant Hoogendam, is the owner of Defendant 360Connect.

37.     Upon information and belief, Defendant Hoogendam, and Defendant 360Connect, facilitated this interference by providing a platform and advertising services that misrepresented the DURO brand, further redirecting business opportunities from Plaintiff to its competitors.

38.     Upon information and belief, Defendant 360Connect offers a service that matches businesses with pre-screened suppliers across various industries, including construction, healthcare, and office equipment. 360Connect's platform aims to simplify the procurement process by connecting buyers with qualified vendors that meet their specific needs.

39.     Upon information and belief, Defendant 360Connect uses the services of Defendant Manning, Defendant WEM Global, Defendant Ian Hart, and Defendant Ian Hart Design to post advertisements on their respective websites.

40.     On June 6, 2024, Plaintiff issued cease-and-desist letters to Defendant Hoogendam and Defendant 360Connect, demanding they cease their unauthorized use of the DURO marks in their misleading advertising.

41.     Enclosed with the June 6, 2024 cease-and-desist letters to Defendant Hoogendam and

Defendant 360Connect was a litigation hold notice.

42.     On July 13, 2024, the attorney for Defendant Hoogendam and Defendant 360Connect, Rhea, provided a general email response asserting that her clients did not misrepresent the DURO Marks. In this correspondence, the attorney acknowledged and provided the contact details of Defendant Manning, Defendant WEM Global, Defendant Ian Hart, and Defendant Ian Hart Design, stating that these Defendants were involved in the misleading advertisements and unauthorized use of the DURO marks.

43.     Irrespective of Defendant Hoogendam and Defendant 360Connect's assertions the willful, unauthorized use and misrepresentation of Plaintiff's DURO Marks by Defendant Hoogendam and Defendant 360Connect has caused and continues to cause, confusion among consumers, damage to Plaintiff's reputation, and dilution of the distinctive quality of Plaintiff's DURO Marks. Defendant Hoogendam and Defendant 360Connect's activities threaten Plaintiff's business and trade on the goodwill associated with its DURO Marks, necessitating this action for injunctive relief and damages.

44.     After notifying Defendant Hoogendam and Defendant 360Connect of its trademark rights, Plaintiff contacted multiple platforms and social media accounts to correct any confusion and false endorsements arising from Defendant Hoogendam and Defendant 360Connect's use of confusingly similar marks.

45.     Upon information and belief, Defendant Hart, is the owner and/or sole member of Defendant Ian Hart Design.

46.     Upon information and belief, Defendant Hart was previously listed as the owner of the domain "www.metalbuildings.org", which now redirects to "www.metalbuildingsrus.com", another domain he owns and is still listed as the owner of.

47.     Upon information and belief, www.metalbuildings.org, a domain previously owned by Defendant Hart, contained content consisting of misleading advertising and showing

11

unauthorized       use       of       the       DURO       Marks       at       the       URL
www.metalbuildings.org/quonset-hut/durospan. redirected consumers to the competitor's
website, resulting in intentional interference with Plaintiff's business relationships and
misleading consumers. This misleading advertising content was connected to the phone
number +1-855-202-1240, which was under Defendant Hart's control, demonstrating clear
evidence of trademark infringement and misuse of the DURO Marks.

48.     On June 6, 2024, Plaintiff issued cease-and-desist letters to Defendant Hart and
Defendant, Ian Hart Design, demanding they cease their infringing and unauthorized use of the
DURO Marks.

49.     Enclosed with the June 6, 2024 cease-and-desist letters to Defendant Hart and
Defendant, Ian Hart Design was a litigation hold notice.

50.     To date, Defendant Hart and Defendant Ian Hart Design have not provided a
substantive response to the June 6, 2024 cease-and-desist letters sent to them. Instead,
Defendant Hart and Defendant Ian Hart Design alleged a vague explanation through an email,
asserting their lack of involvement with any of the websites, affiliate shops, or social media
accounts cited in our cease and desist exhibits.

51.     Despite the substantial evidence presented to Defendant Hart and Defendant Ian Hart
Design in the June 6, 2024 cease-and-desist letters demonstrating their infringing use of the
DURO marks, they continue to deny their unauthorized and infringing use of the DURO
Marks.

52.     The willful and unauthorized use of Plaintiff's DURO Marks by Defendant  Hart and
Defendant Ian Hart Design has caused and continues to cause, confusion among consumers,
damage to Plaintiff's reputation, and dilution of the distinctive quality of Plaintiff's DURO
Marks. These activities threaten Plaintiff's business and the goodwill associated with its
DURO Marks, necessitating this action for injunctive relief and damages.

53.     After notifying Defendant Hart and Defendant Ian Hart Design and of its trademark rights, Plaintiff contacted multiple platforms and social media accounts to correct any confusion and false endorsements arising from Defendants' use of confusingly similar marks.

54.     Upon information and belief, Defendant WEM Global and Defendant Hoogendam, notified Defendant Hart of the trademark infringement earlier this year.

55.     Upon information and belief, after being notified by Defendant WEM Global and Defendant Hoogendam about the infringement, Defendant Hart attempted to remove evidence of his infringement of the DURO Marks by removing the infringing content and changing web hosting providers. During this transition, Defendant Hart claimed to have lost access to old emails, which could contain crucial information regarding his infringing activities, suggesting a deliberate attempt to hide evidence of his misconduct

56.     Upon information and belief, following the notification from Defendant WEM Global and Defendant Hoogendam, Defendant Hart removed DURO-related content from his website and created a 301 redirect to "www.durospan.net". Defendant Hart also acknowledged confusion with similar hyphenated domains www.Metal-Buildings.org owned by Defendant Manning and Defendant WEM Global, which does not mitigate Defendant Hart's responsibility but rather indicates his awareness of and involvement in the infringement of the DURO Marks perpetrated by Defendant Manning and Defendant WEM Global.

57.     Despite receiving Plaintiff's cease-and-desist letters, Defendant Manning, Defendant WEM Global, Defendant Hart, and Defendant Ian Hart Design continued their willful, unauthorized use and misleading advertising of the DURO Marks, which further interfered with Plaintiff's business contracts.

58.     Upon information and belief, Defendant Manning, WEM Global, Defendant Hoogendam, and Defendant 360Connect knowingly coordinated efforts to mislead consumers and interfere with DURO BEAM's existing and prospective business contracts by redirecting business away from DURO BEAM and towards DURO BEAM's competitors.

59.     The coordinated actions of Defendants have resulted in the loss of business opportunities, revenue, and contractual relationships that DURO BEAM otherwise would have retained but for Defendants' wrongful conduct.

60.     DURO BEAM has suffered significant economic damages, including but not limited to lost profits, diminished business reputation, and erosion of customer goodwill, as a direct and proximate result of Defendants' intentional interference with Plaintiff's business contracts.

## COUNT I - TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN
### UNDER 15 U.S.C. § 1125(a) against all Defendants

61.     DURO BEAM hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 19-60 as if set forth fully herein.

62.     DURO BEAM is the owner of valuable trademark rights in the DURO Marks.

63.     Defendants are not licensees or otherwise authorized to use Plaintiff's DURO Marks and have no right to hold themselves out as the source of Plaintiff's DURO brand through the unauthorized use and misrepresentation of Plaintiff's DURO Marks, or any other confusingly similar marks.

64.     Defendants' unauthorized use in commerce of Plaintiff's DURO Marks and/or of any confusingly similar marks in connection with DURO BEAM's goods and/or services is likely to cause confusion among consumers - and, in fact, has caused consumer confusion - as to the source, sponsorship and/or authorization of the products and services offered by Defendants or other third parties.

65.     Defendants are engaging in the aforementioned conduct willfully and with full knowledge and awareness of Plaintiff's prior and continuing trademark rights, and with the

14

purpose and intent of trading off the goodwill of Plaintiff's DURO Marks and confusing the relevant consuming public into mistakenly believing that Defendants are the source of Plaintiff's goods and services or that Defendants' goods and services are otherwise sponsored by, authorized by, or associated with Plaintiff.

66.     Defendants' actions constitute trademark infringement, false designation of origin, false representation and false description, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a), and have caused the Plaintiff injury, including without limitation irreparable injury to the goodwill associated with Plaintiff's DURO Marks, which will continue unless enjoined. Plaintiff has no adequate remedy at law.

## COUNT II – UNFAIR COMPETITION (15 U.S.C. § 1125(c)) against all Defendants

67.     Plaintiff re-alleges the allegations set forth above in paragraphs 19-60 as if set forth fully herein.

68.     DURO BEAM is the owner of valuable trademark rights in the DURO Marks.

69.     Defendants' unauthorized use in commerce of Plaintiff's DURO Marks, and other confusingly similar marks on their websites, and in other media to advertise, promote, and lead consumers to Plaintiff's competitors and their products is misleading to consumers, and is likely to cause confusion or mistake, or to deceive, as to: (1) the affiliation, connection, or association of Defendants with Plaintiff; and/or (2) the origin, sponsorship, or approval of the services or products Plaintiff sells under its DURO Marks.

70.     By misrepresenting Plaintiff's DURO Marks to redirect or divert consumers to Plaintiff's competitors, consumers are likely to believe *(and, in fact, some have mistakenly believed)* that Plaintiff's goods and services originate with Defendants and/or that Defendants or Defendants' goods and services are affiliated with Plaintiff, thus causing confusion in the marketplace.

71.     By using Plaintiff's DURO Marks in commerce and redirecting leads to Plaintiff's competitors, the Defendants are falsely conveying to consumers - and are likely to deceive consumers or potential consumers into believing - that Defendants are authorized to use the DURO marks, or that Plaintiff has granted Defendants the authority to represent Plaintiff's goods and services, or that Defendants are otherwise associated with Plaintiff.

72.     Defendants' actions constitute unfair competition, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, and have caused Plaintiff injury, including without limitation irreparable injury to the goodwill associated with Plaintiff's DURO Marks, which will continue unless enjoined.  Plaintiff has no adequate remedy at law.

## COUNT III – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### against all Defendants Under Fla. Stat. § 501.201, et seq.

73.     Plaintiff realleges the allegations set forth above in paragraphs 19-60 as if set forth herein in full.

74.     Defendants' acts, as described above, were performed by the Defendants in the course of trade or commerce.

75.     Defendants' acts, as described above, constitute unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices.

76.     Defendants' acts, as described above, are likely to deceive consumers into thinking that there is an affiliation between Plaintiff and Defendants and Plaintiff's competitors, and/or that Plaintiff endorses Defendants' business practices.

77.     Defendants' acts of unfair competition have caused and will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief.

78.     Defendants' acts of unfair competition have caused Plaintiff to suffer losses in an amount to be determined at trial. Plaintiff is entitled to actual damages, plus attorney's fees and costs, pursuant to Fla. Stat. §501.2105 and §501.211.

## **COUNT IV- INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS (15 U.S.C. §1114)**

79.     Plaintiff re-alleges the allegations set forth above in paragraphs 19-60 as if set forth fully herein.

80.     DURO BEAM is the owner of valuable trademark rights in and federal trademark registrations for, the DURO Marks.

81.     Defendants' unauthorized use in commerce of Plaintiff's DURO Marks, and other confusingly similar marks on their websites, and in other media to advertise, promote, and lead consumers to Plaintiff's competitors and their products is misleading to consumers, and is likely to cause confusion or mistake, or to deceive, as to: (1) the affiliation, connection, or association of Defendants with Plaintiff; and/or (2) the origin, sponsorship, or approval of the services or products Plaintiff sells under its DURO Marks.

82.     Defendants' actions constitute infringement of Plaintiff's federal registered trademarks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and have caused Plaintiff injury, including without limitation irreparable injury to the goodwill associated with Plaintiff's DURO Marks, which will continue unless enjoined.  Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an Order and Judgment as follows:

1)     That the Court issue permanent injunctive relief restraining Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or privity with Defendants from:

17

a.     making any further infringing use and misrepresentation of Plaintiff's DURO Marks in connection with the advertisement or promotion of Plaintiff's products or services, including via Internet websites and/or social media sites;

b.     Directly or indirectly infringing Plaintiff's DURO Marks;

c.     Unfairly competing with Plaintiff;

2)     That the Court issue a judgment that Defendants' acts constitute direct and/or contributory infringement of Plaintiff's federally registered trademarks, in violation of 15 U.S.C. §1114;

3)     That the Court issue a judgment that Defendants' acts constitute trademark infringement and false designation of origin in violation of 15 U.S.C. §1125(a);

4)     That the Court issue a judgment that Defendants have engaged in acts of unfair competition in violation of 15 U.S.C §1125(a);

5)     That the Court issue a declaratory judgment that Defendants' acts constitute deceptive and unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act;

6)     That the Court issue an Order requiring Defendants to take down and remove from view the social media site located at https://www.flickr.com/groups/durobuildings

7)     That Defendants, jointly and severally, be required to account to and compensate Plaintiff for Defendants' profits and the actual damages suffered by Plaintiff as a result of Defendants' acts of trademark infringement, false designation of origin and unfair competition in an amount to be proven at trial;

8)     That the Court order Defendants to pay Plaintiff's damages and disgorge Defendants' profits;

9)     That Plaintiff's recoveries be trebled and prejudgment interest be awarded, pursuant to 15 U.S.C. §1117;

10)     That at Plaintiff's election before final judgment, that the Court award statutory damages pursuant to 15 U.S.C. §1117(c);

11)     That Defendants, jointly and severally, be required to pay compensatory and punitive damages for their acts of unfair trade practices to the maximum extent permitted by law in an amount to be proven at trial;

12)     That the Defendants, jointly and severally, be compelled to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to 15 U.S.C. §1117 and the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.2105);

13)     That pre-judgment and post-judgment interest be awarded to the maximum extent provided by law; and

14)     That Plaintiff obtains such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands trial by jury for all issues so triable as a matter of law.

Dated:  December 16, 2024

> Respectfully submitted,
>
> **<u>Ama N. Appiah</u>**
> Ama N. Appiah (Florida Bar Number: 738336)
> Attorney E-mail address: ama.appiah.2003@gmail.com
> Law Office of Ama N. Appiah, P.A.
> 721 1st Ave N Ste 202,
> St Petersburg, Florida 33701-3603
> Telephone: 727-471-3538

Attorneys for Plaintiff Duro Beam, LLC

Pro Hac Vice Motion Forthcoming:

**<u>Ana Juneja</u>**

Ana Juneja (Washington DC Bar Number: 90014744)

Attorney E-mail address: <u>docket@analaw.com</u>

1300 Pennsylvania Ave NW, Suite 700

Washington, DC 20004

Telephone: 202-266-7100

Attorneys for Plaintiff Duro Beam, LLC

Attorney Docket No. 373.01001

# EXHIBIT A



Attorney Docket No. 373.01001

# EXHIBIT B



Q Search

Home   My Network   Jobs   Messaging   No

**Stock Custom Homes**

Where the exceptional comes home

Construction · 25 followers · 201-500 employees

+ Follow    ⏵ Message   ⋯

Home   **About**   Posts   Jobs   People   Insights

## Overview

We are an award-winning custom homebuilder that crafts and creates magnificent grand estates in Florida's most highly regarded communities and neighborhoods.

**Website**
https://www.stockcustomhomes.com/

**Industry**
Construction

**Company size**
201-500 employees
7 associated members

**Specialties**
Custom Home Builder

Attorney Docket No. 373.01001

# EXHIBIT C

https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDet December 16, 2024 at 2:01 AM GMT+5:30
ail?inquirytype=EntityName&directionType=Initial&searchNameOrder=WEMGLOBAL%20P100000123600&aggreg
ateId=domp-p10000012360-6d2d19e2-042d-4857-8849-2c64ae712ce0&searchTerm=WEM%20Global&listNameOr
der=WEMGLOBAL%20P100000123600



Department of State / Division of Corporations / Search Records / Search by Entity Name /

---

Previous On List    Next On List    Return to List

WEM Global

Search

**No Events    No Name History**

## Detail by Entity Name

Florida Profit Corporation

WEM GLOBAL, INC.

### Filing Information

| | |
|---|---|
| **Document Number** | P10000012360 |
| **FEI/EIN Number** | 27-1870660 |
| **Date Filed** | 02/10/2010 |
| **Effective Date** | 02/09/2010 |
| **State** | FL |
| **Status** | ACTIVE |

### Principal Address

5911 Wedgewood Village Circle
LAKE WORTH, FL 33463

Changed: 01/15/2017

### Mailing Address

5911 Wedgewood Village Circle
LAKE WORTH, FL 33463

Changed: 01/15/2017

### Registered Agent Name & Address

MANNING, WILLIAM E
5911 Wedgewood Village Circle
LAKE WORTH, FL 33463

Address Changed: 01/15/2017

### Officer/Director Detail

**Name & Address**

Title P

MANNING, WILLIAM E
5911 Wedgewood Village Circle
LAKE WORTH, FL 33463

## Annual Reports

| Report Year | Filed Date |
|-------------|------------|
| 2022 | 02/03/2022 |
| 2023 | 02/01/2023 |
| 2024 | 02/04/2024 |

## Document Images

| | |
|---|---|
| 02/04/2024 -- ANNUAL REPORT | View image in PDF format |
| 02/01/2023 -- ANNUAL REPORT | View image in PDF format |
| 02/03/2022 -- ANNUAL REPORT | View image in PDF format |
| 02/03/2021 -- ANNUAL REPORT | View image in PDF format |
| 01/30/2020 -- ANNUAL REPORT | View image in PDF format |
| 02/21/2019 -- ANNUAL REPORT | View image in PDF format |
| 03/04/2018 -- ANNUAL REPORT | View image in PDF format |
| 01/15/2017 -- ANNUAL REPORT | View image in PDF format |
| 02/13/2016 -- ANNUAL REPORT | View image in PDF format |
| 03/27/2015 -- ANNUAL REPORT | View image in PDF format |
| 03/31/2014 -- ANNUAL REPORT | View image in PDF format |
| 04/13/2013 -- ANNUAL REPORT | View image in PDF format |
| 03/12/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/27/2011 -- ANNUAL REPORT | View image in PDF format |
| 02/10/2010 -- Domestic Profit | View image in PDF format |

Previous On List    Next On List    Return to List

WEM Global

Search

**No Events**    **No Name History**

Florida Department of State, Division of Corporations

**2024 FLORIDA PROFIT CORPORATION ANNUAL REPORT**

DOCUMENT# P10000012360

**Entity Name:** WEM GLOBAL, INC.

**FILED**

**Feb 04, 2024**
**Secretary of State**
**8699215808CC**

**Current Principal Place of Business:**

5911 WEDGEWOOD VILLAGE CIRCLE
LAKE WORTH, FL 33463

**Current Mailing Address:**

5911 WEDGEWOOD VILLAGE CIRCLE
LAKE WORTH, FL 33463 US

**FEI Number: 27-1870660**

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

MANNING, WILLIAM E
5911 WEDGEWOOD VILLAGE CIRCLE
LAKE WORTH, FL 33463 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: _____

Electronic Signature of Registered Agent                                     Date

**Officer/Director Detail :**

| | |
|---|---|
| Title | P |
| Name | MANNING, WILLIAM E |
| Address | 5911 WEDGEWOOD VILLAGE CIRCLE |
| City-State-Zip: | LAKE WORTH FL 33463 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: WILLIAM MANNING                    PRESIDENT                    02/04/2024

Electronic Signature of Signing Officer/Director Detail                              Date

Attorney Docket No. 373.01001

# EXHIBIT D

https://www.linkedin.com/in/jeff-hoogendam-b2bmarketing/    December 16, 2024 at 2:05 AM GMT+5:30

  Q Search     Home    My Network    Jobs    Messaging    No



## Jeff Hoogendam  · 3rd

CEO = Helping businesses solve the most difficult marketing problem out there: finding new customers.

Austin, Texas, United States · **Contact info**

**500+ connections**

 **360Connect**

 **Texas McCombs School of Business**

**🔗+ Connect**   **More**

## About

I am an experienced entrepreneur and CEO of several venture-backed companies.

In 2006, I co-founded 360Connect. 360Connect helps simplify business purchase decisions by connecting them with over 600 qualified suppliers in 30 different business categories. 360Connect helps companies find new customers, o  ...see more

## Activity

**1,041 followers**

**Jeff Hoogendam** commented on a post • 3mo

Dave is smart, hardworking, and a great team member. We love having you as a part of the team, Dave!

**Jeff Hoogendam** commented on a post • 9mo

Congratulations Richard!!

**Jeff Hoogendam** commented on a post • 1yr

Michael, you're a class act, I really enjoyed our partnership over the years.

Show all comments →

## Experience



**CEO**
360Connect
Jul 2005 - Present · 19 yrs 6 mos
Austin, TX

360Connect helps over 40,000 business buyers per month with purchase decisions, by making it easy for them to find qualified suppliers and get quotes. We connect business buyers and suppliers!...    ...see more



**President & CEO**
SmartPrice.com, Inc.
Jun 1999 - Jul 2005 · 6 yrs 2 mos
Austin, TX

As an entrepreneur in residence at SSM Partners, I co-founded SmartPrice, Inc. in 1999. The company raised $8m in venture capital and provided a free service that helped businesses and consumers compare, select,   ...see more



**Partner**
Intersouth Partners
Jun 1995 - Jun 1999 · 4 yrs 1 mo
Research Triangle Park, NC and Austin, TX

I was an early stage venture capital investor focused on technology and healthcare startups in the southeast and southwest regions. I was heavily involved in all aspects of identifying, selecting and investing in 17 cor ...see more



**Senior Consultant**
Accenture
1990 - 1993 · 3 yrs
Houston, TX

## Education



**Texas McCombs School of Business**
MBA, Entrepreneurship
1993 - 1995



**Texas A&M University**
Bachelors of Science, Mechanical Engineering
1986 - 1990

Show all 3 educations →

## Volunteering



**Texas Venture Labs Investment Competition (TVLIC) judge and business mentor.**
Jon Brumley Texas Venture Labs
Jan 1996 - Present · 29 yrs
Education

TVLIC represents the real-world process of raising venture capital. Graduate students from The University of Texas pitch their startups and receive prize money and invaluable feedback from the judges. The competitio ...see more

## Skills

### Executive Management

 Endorsed by 4 colleagues at 360Connect, LLC

 17 endorsements

### Venture Capital

 Endorsed by 2 colleagues at 360Connect, LLC

 17 endorsements

Show all 26 skills →

## Recommendations

**Received**    Given


**Russ Lemley** · 3rd
Project Manager
August 2, 2012, Russ was Jeff's client

I worked with Jeff while implementing 360 Leads application throughout Mobile Mini Inc. Jeff was instrumental in defining the key business requirements of acquiring sustainable leads/prospects. In addition, he assumed a "hands on" approach throughout our business relationship. Through his extensive knowledge of both the equipment rental business and lead generation process, he was able to successfully sell the advantages to the end users, therefore ensuring user adoption. Jeff was hardworking, professional with a smile that came through the phone. I highly recommend Jeff's services.


**Michael B. Craig** 🔗 · 3rd
Co-founder at Nutrislice, Inc.
January 28, 2011, Jeff was senior to Michael B. but didn't manage Michael B. directly

Jeff has proven to be an extremely valuable mentor in my career. He has a high degree of expertise in helping companies grow their business. His style is open and inviting and he willingly gives his time to better serve his clients. I certainly would recommend him as someone you should get to know. He won't disappoint!

Show all 4 received →

Attorney Docket No. 373.01001

# EXHIBIT E



Find Suppliers ⌄    Work With Us ⌄    Resources ⌄    About ⌄    **Get Quotes**    I'm a Supplier

## Compare Price Quotes For Your Business

We'll Connect You With Reputable Suppliers In Your Area So You Can Save Valuable Time and Money

**Get Started**



### Brands We Work With

‹                        ›

● ● ● ● ●

### Products & Services

We bring the suppliers to YOU and they compete for your business. It takes less than a minute and is **100% free**

| Building & Construction | Business Security | Office Food & Beverage | Office Products | Outsourced Services | Other Services |


Storage Containers

Forklifts


Mobile Offices


Modular Buildings

Steel Buildings

Portable Restroom Solutions

Modular or Manufactured Homes

Temporary Fencing

**View All Products & Services**

### Here's How 360Connect Works


**Tell Us What You're Looking For**

Answer a few short questions about your desired product


**Receive Free Price Quotes**

We match you with up to 5 suppliers or providers


**You Compare Quotes and Save**

Select the provider that matches your needs and start to save

### See Why Customers Love 360Connect

360Connect helps buyers and suppliers establish quality connections

★ ★ ★ ★ ★

Khiem and Bobby did an outstanding job and are fantastic representatives for 360 Connect. It was a pleasure learning from them during the presentation, and they both went above and beyond to ensure my needs were fully met during the implementation process. Extra huge shoutout to Khiem for going the extra mile! He personally gave me a call to make sure the verification email was delivered correctly and took the time to walk me through the front-end software, showing me how to start navigating it. We definitely wouldn't want those emails going to the wrong place! I'm excited to start rolling in some leads! Thanks again to both of you for your

★ ★ ★ ★ ★

Really a very well company. We have been using them for 10 months now, and the quality of the leads, as well as the customer service is as good as it gets. Blake and Ryan are always attentive and have input on how to best liquidate our leads, and there input is invaluable

Eddy A.
08/09/2024

★ ★ ★ ★ ★

They were quality and credible leads that sourced reliable buyers who did not waste our time! Bobby and team are unmatched. Highly recommended to be on their supplier network

Eric J.
06/27/2024

‹    ›

Colton G.
10/04/2024

· · ·

**Want a steady stream of qualified prospects for your sales team?**

[Become a Supplier]

 360Connect

12416 Hymeadow Dr
Austin, TX 78750
(800) 598-8685

**Get to Know Us**
About 360Connect
Product Blog
Supplier Blog
Featured Suppliers
FAQ
Contact Us
Privacy Policy
Terms of Use

**Service Areas**
Buy or Rent Storage Containers Near Me
Access Control Systems Near Me
Office Copiers Near Me
Office Coffee Services Near Me
Modular Buildings Near Me
Medical Billing Companies Near Me
Payroll Service Providers Near Me

**Work With Us**
Become a Supplier
Become an Affiliate Partner
Careers

 

Copyright © 2024 360Connect LLC | Site Map

