UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-81550-RLR

DURO BEAM, LLC,

    Plaintiff,

v.

WILLIAM E. MANNING, *et al.*,

    Defendants.

### HART DEFENDANTS' MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 12(b)(6) and 12(e), Defendants Ian Hart and Ian Hart Design, LLC (collectively, the "Hart Defendants"), move to dismiss the operative First Amended Complaint ("FAC"). [ECF No. 7]. As explained below, the FAC, which primarily makes allegations on information and belief and impermissibly lumps the defendants together, does not state a claim for anything, let alone infringement, unfair competition, or deceptive and unfair trade practices. For these reasons, the FAC should be dismissed.

**I.    FACTUAL BACKGROUND**

Plaintiff Duro Beam, LLC asserts that it "is engaged in the business of providing top-quality, affordable steel building kits for both residential and commercial purposes, including garages, warehouses, commercial spaces, and agricultural buildings." FAC ¶ 19. It alleges that it conducts such business through various websites. *See id.* ¶ 20. And it asserts it owns several DURO-formative trademarks (though from the missing registration numbers in chart in paragraph

22 of the FAC, DURO STORAGE, DURO DOORS, and DURO appear to be pending applications to register marks). *Id.* ¶ 22.

Relevant to the Hart Defendants, Plaintiff asserts—*all on information and belief*—that:

- Hart Defendants are utilized by Defendant 360Connect to place advertisements online, *see id.* ¶ 39;

- Ian Hart was previously listed as the owner of metalbuildings.org, which now redirects to metalbuildings.com, *see id.* ¶ 46;

- That website "contained content consisting of misleading advertising and showing unauthorized use of the DURO Marks at the URL www.metalbuildings.org/quonset-hut/durospan redirected consumers to the competitor's website, resulting in intentional interference with Plaintiff's business relationships and misleading consumers," *id.* ¶ 47; and

- The website had a phone number associated with Ian Hart, *id.*

Plaintiff then alleges, not on information and belief, that it issued a cease and desist letter to Hart Defendants, in response to which Hart Defendants denied any wrongdoing or infringement, *see id.* ¶¶ 48–53.

Armed with these conclusory and threadbare allegations, Plaintiff accuses Hart Defendants of false designation of origin under 15 U.S.C. § 1125(a) (Count I), unfair competition under 15 U.S.C. § 1125(c) (Count II), violation of the Florida Deceptive and Unfair Trade Practices Act, section 501.201, Florida Statutes ("FDUTPA") (Count III), and possibly trademark infringement under 15 U.S.C. § 1114 (Count IV).[1] Because the FAC consists of conclusory allegations made on information and belief and fails to provide Hart Defendants notice of the claims against them, it should be dismissed. Further, because Plaintiff fails to state a claim against

## II. MEMORANDUM OF LAW

### a. Legal Standard

---

[1] As explained in detail below, Count IV does not clearly state against whom Plaintiff seeks relief.

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," but she "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (quotation omitted), which can allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman v. Comm'r*, 871 F.3d 1283, 1289 (11th Cir. 2017). This threshold "is not akin to a 'probability requirement'"—the plaintiff must merely allege "'enough fact to raise a reasonable expectation that the discovery will reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Factual content must allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman*, 871 F.3d at 1289.

The Eleventh Circuit thus applies a "two-pronged approach" in evaluating motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### b.  The FAC Fails to State a Claim and is an Impermissible Shotgun

The FAC should be dismissed because it consists of conclusory allegations made on information and belief about Hart Defendants and fails to provide them with adequate notice of the claims against them.

Conclusory Allegations Made on Information and Belief

Here, the FAC consists only of "labels and conclusions" and "formulation recitation[s] of the elements" of the claims, which requires dismissal under Rule 12(b)(6). *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015). Specifically, allegations in the FAC, construed in the light most favorable to Plaintiff, merely accuse Hart Defendants of infringement or violations of the law without explaining the factual basis for such alleged wrongs. Indeed, the closest Plaintiff gets to stating a claim is its accusation that Hart Defendants maintained a website "consisting of misleading advertising and showing unauthorized use of the DURO Marks …." FAC ¶ 47. But Plaintiff does not explain how the advertising was misleading or how the use of the alleged marks was unauthorized. *Gelsomino v. Horizon Unlimited, Inc.*, 2008 WL 4194842 (S.D.Fla. Sep.10, 2008) ("the plaintiff must allege that the mark was used in commerce by the defendant without the plaintiff's consent and that the defendant's use of the mark was likely to cause consumer confusion," citing *Optimum Tech. Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007)); *see also ICON Health & Fitness, Inc. v. IFITNESS, Inc.*, 2012 WL 1120925, at *3 (S.D. Fla. Apr. 3, 2012) (Rule 8 satisfied because complaint asserted *how* consumers were likely to be deceived or confused).

Indeed, the use of others' marks can be lawful in many contexts. *See, e.g.*, *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (describing the elements for descriptive fair use); *see also Parsons v. Regna,* 847 Fed. App'x 766 (11th Cir. 2021) (citing *Commodores Entm't Corp. v. McClary,* 314 F. Supp. 3d 1246, 1249 (M.D. Fla. 2018) (setting forth the elements for nominative fair use of a plaintiff's mark to describe defendant's product). Without more, the FAC fails to state any claim for unfair competition, false designation of origin, trademark infringement or state-law deceptive and unfair trade practices. And even if these threadbare

4

conclusory allegations were sufficient, the fact that they were all made on information and belief dooms them, as the Court need not accept such allegations as true. *See Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S. D. Fla. June 29, 2018) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

Because there are no nonconclusory claims against Hart Defendants, the FAC should be dismissed.

Defendants Improperly Lumped Together

In a majority of the FAC's factual allegations section, *see* FAC ¶¶ 35, 42, 53, 59, 60, and in each and every one of the Counts, *see id.* ¶¶ 63–66, 69–72, 74–78, 81–82, Plaintiff impermissibly lumps the defendants together referring to them and their alleged conduct by the label "Defendants" only. Such pleading constitutes an impermissible shotgun.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) ("[s]hotgun pleadings violate Rule 8" by failing "to give defendants adequate notice of the claims against them and the grounds upon which each claim rests"). Courts in this Circuit have "little tolerance for shotgun pleadings." *Shabanets*, 878 F.3d at 1295.

"[O]ne type of shotgun pleading [is one that] fails to identify the defendant or defendants against whom each claim is brought." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1324 n. 17 (11th Cir. 2015) (finding that the complaint was sufficient only because each count listed the party against whom it was specifically directed). Plaintiff's failure here violates Rule 8, as it makes no differentiation between defendants' respective alleged conduct and claimed liability. And while Counts I through III reference relief "against all Defendants," Count IV (for trademark infringement) does not. By not pleading clearly, Hart Defendants cannot know whether that Count is alleged against them. Mere reference to "Defendants'" alleged conduct and actions in paragraphs 81 and 82 within that Count fail to provide notice or explanation for whether "Defendants" refers to all defendants or a subset of them. Indeed, because this Count does not state relief "against all Defendants" like the others, it is plausible that the relief is sought only against a subset of defendants.

Because the FAC is an impermissible shotgun, it should be dismissed.

### C. The Court Should Require a More Definite Statement

Plaintiff must also provide a more definite statement under Rule 12(e) so that Hart Defendants can adequately determine which trademarks are at issue here. While the FAC lists several purported marks that Plaintiff allegedly owns, it is unclear which marks are asserted for purposes of the claims, as all the registered and unregistered marks identified by Plaintiff are collectively defined as "DURO Marks." FAC ¶ 22. Plaintiff lodges its allegations against defendants about their violations with respect to the "DURO Marks"—all the marks it owns—without specifying which mark is at issue. Courts in this district have held that "[m]erely listing a plurality of marks which a trademark holder has acquired prior rights through use in commerce is not enough to put a party on notice of trademark infringement, . . ." *Valoro, LLC v. Valero Energy*

*Corp.*, 2014 WL 3920035, at *5 (S.D. Fla. Aug. 11, 2014). Accordingly, Plaintiff should be required to provide a more definite statement.

### III.    CONCLUSION

For all these reasons, the Court should grant this motion and dismiss the operative First Amended Complaint.

Dated: March 7, 2025.

                                                              Respectfully submitted,

                                                              **James M. Slater**
                                                              James M. Slater (FBN 111779)
                                                              Slater Legal PLLC
                                                              9000 Dadeland Boulevard #1500
                                                              Miami, Florida 33156
                                                              Tel.: (305) 523-9023
                                                              james@slater.legal

                                                              *Attorneys for Hart Defendants*