UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-81550-RLR

DURO BEAM, LLC,

 Plaintiff,

v.

WILLIAM E. MANNING, et al.,

 Defendants.

# PLAINTIFF'S RESPONSE TO IAN HART AND HART DESIGN LLC'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Duro Beam, LLC, by and through undersigned counsel, hereby files this Response to the Ian Hart' and Ian Hart Design, LLC' (collectively referred to as "Hart Defendants") Motion to Dismiss or for a More Definite Statement And Incorporated Memorandum of Law ("Motion") [ECF No. 23], and respectfully requests that the Court deny the motion in its entirety.

## INTRODUCTION

The Hart Defendants' Motion is without merit. The First Amended Complaint ("FAC") sufficiently alleges plausible claims for relief under the applicable pleading standards. The FAC provides adequate notice of the claims against the Hart Defendants, identifies the trademarks at issue, and includes specific factual allegations that support Plaintiff's claims. The Hart Defendants'

arguments to the contrary misapply the law and mischaracterize the FAC. In support thereof, Plaintiff states the following arguments:

### A) The FAC States Plausible Claims for Relief Under Rule 12(b)(6)

The Hart Defendants argue that the FAC fails to state a claim under Rule 12(b)(6) because it relies on conclusory allegations and fails to provide sufficient factual support. This argument is without merit.

The FAC meets the plausibility standards as established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("There must be sufficient facts in a complaint to state a claim to relief that is plausible on its face for it to avoid dismissal for failing to state a claim."), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("When considering a motion to dismiss for failing to state a claim, a court should accept the facts pleaded in the complaint as true unless facts merely restate legal conclusions."). It alleges specific facts, including that the Hart Defendants maintained a website that redirected consumers to a competitor's site, used misleading advertising, and displayed unauthorized use of the DURO Marks.

The FAC includes factual details, including but not limited to the redirection of traffic from Plaintiff's website to a competitor's site and the unauthorized use of the DURO Marks, and satisfies the standards set forth in *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010), which requires allegations to raise a reasonable expectation that discovery will reveal evidence of the claim.

### B) Use of "Information and Belief" Is Permissible

Allegations made on "information and belief" are permissible when the facts are peculiarly within the knowledge of the defendants, as recognized in *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) ("A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The FAC alleges that Ian Hart was previously listed as the owner of the website in question, which is a factual assertion that supports the claims.

### C) The FAC Is Not an Impermissible Shotgun Pleading

The Hart Defendants argue that the FAC constitutes a "shotgun pleading" because it lumps all defendants together and fails to differentiate their respective conduct. This argument is also without merit.

The FAC provides sufficient detail to put the Hart Defendants on notice of the claims against them. For example, it specifically alleges that Ian Hart was associated with a website that redirected consumers to a competitor's site and that this conduct interfered with Plaintiff's business relationships.

While the FAC refers to "Defendants" collectively in some instances, it also includes specific allegations against the Hart Defendants, such as their involvement in maintaining the website and their response to the cease-and-desist letter. This level of detail satisfies the standard set forth in *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021), which holds that a complaint is not a shotgun pleading merely because it refers to defendants collectively.

### D) Fair Use Defense Is Premature

Fair use is an affirmative defense that cannot be resolved at the motion-to-dismiss stage, as clarified in *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118 (2004). The FAC sufficiently alleges unauthorized use of the marks, which is all that is required at this stage.

### E) The FAC Adequately Identifies the Trademarks at Issue

The Hart Defendants argue that the FAC is vague regarding which trademarks are at issue, making it impossible for them to prepare a defense. This argument fails.

The FAC identifies the trademarks at issue as the "DURO Marks", which include several specific marks owned by Plaintiff, such as DURO BUILDINGS, DURO BEAM, DURO SPAN, DURO STORAGE, and DURO DOORS. This level of detail is sufficient to put the Hart Defendants on notice of the claims, as supported by *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1282 (S.D. Fla. 2012).

### F) Request for More Definite Statement Is Unwarranted

A Rule 12(e) motion for a more definite statement is appropriate only when a pleading is so vague or ambiguous that the defendant cannot reasonably prepare a response. The FAC is not ambiguous; it clearly alleges that the Hart Defendants used the DURO Marks in a misleading and unauthorized manner.

### G) The FAC's Allegations of Consumer Confusion Are Sufficient

The Hart Defendants argue that the FAC fails to allege consumer confusion. This argument is unfounded.

Likelihood of confusion is a question of fact that cannot be resolved at the motion-to-dismiss stage, as recognized in *Alliance Metals, Inc. v. Hinely Indus., Inc.*, 222 F.3d 895, 907 (11th Cir. 2000). The FAC alleges specific instances of consumer confusion caused by the Hart Defendants' actions, such as the redirection of traffic from Plaintiff's website to a competitor's site and the misleading advertising content.

The FAC alleges that the Hart Defendants' actions caused consumer confusion, damaged Plaintiff's reputation, and diluted the distinctive quality of the DURO Marks. These allegations are sufficient to state a claim for relief under the Lanham Act.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Hart Defendants' Motion in its entirety. If the Court finds any deficiencies in the FAC, Plaintiff requests leave to amend to address those deficiencies.

Respectfully submitted,

/s/ Ama N. Appiah

Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

Ama N. Appiah
**Law Office of Ama N. Appiah, P.A.**
721 1st Ave N, Ste 202
St Petersburg, FL 33701-3603
(727) 471-3538
ama.appiah.2003@gmail.com

*Attorneys for Plaintiff Duro Beam, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the forgoing Plaintiff's Response Hart Defendants' Motion to Dismiss has been served to Petitioner on March 21 2025, via electronic email at james@slater.legal.

Respectfully submitted,

**/s/ Ama N. Appiah**

Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

Ama N. Appiah
**Law Office of Ama N. Appiah, P.A.**
721 1st Ave N, Ste 202
St Petersburg, FL 33701-3603
(727) 471-3538
ama.appiah.2003@gmail.com

*Attorneys for Plaintiff Duro Beam, LLC*