UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-81550-RLR

**DURO BEAM, LLC,**

Plaintiff,

v.

**WILLIAM E. MANNING, et al.,**

Defendants.

## PLAINTIFF'S RESPONSE TO JEFFREY HOOGENDAM AND 360CONNECT, LLC'S MOTION TO DISMISS

Plaintiff, Duro Beam, LLC, by and through undersigned counsel, hereby files this Response in Opposition to Defendants Jeffrey Hoogendam and 360Connect, LLC's Motion to Dismiss, and respectfully requests that the Court deny the motion in its entirety. In support thereof, Plaintiff states as follows:

### INTRODUCTION

Defendants Jeffrey Hoogendam and 360Connect, LLC (collectively, the "360Connect Defendants") seek dismissal of the Complaint on the grounds that it is a shotgun pleading, fails to state a claim, and lacks personal jurisdiction over Mr. Hoogendam. These arguments are without merit. The Complaint provides sufficient factual detail to state plausible claims for relief, and the Court has personal jurisdiction over Mr. Hoogendam under the applicable legal standards. In support thereof, Plaintiff states the following arguments:

**A. The Complaint Is Not an Impermissible Shotgun Pleading**

The 360Connect Defendants argue that the Complaint constitutes a shotgun pleading because it lumps all Defendants together and fails to provide adequate notice of the claims against them. This argument fails.

The Complaint provides sufficient detail to put the 360Connect Defendants on notice of the claims against them. For example, it alleges that 360Connect facilitated the redirection of business opportunities from Plaintiff to its competitors by providing a platform and advertising services that misrepresented the DURO brand.

The Complaint also alleges that 360Connect used the services of other Defendants, including William Manning and Ian Hart, to post advertisements on their respective websites, which misled consumers and interfered with Plaintiff's business relationships.

While the Complaint refers to "Defendants" collectively in some instances, it also includes specific allegations against the 360Connect Defendants, such as their role in facilitating the redirection of business opportunities and their use of misleading advertising.

The Eleventh Circuit has held that a complaint is not a shotgun pleading merely because it refers to defendants collectively, as long as it provides sufficient factual detail to put each defendant on notice of the claims against them (*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

**B. The Complaint States Plausible Claims for Relief Under Rule 12(b)(6)**

The 360Connect Defendants argue that the Complaint fails to state a claim because it does not allege that they used Plaintiff's trademarks in

commerce or engaged in any actionable misconduct. This argument is also without merit.

The Complaint meets the plausibility standard established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). It alleges specific facts, including that 360Connect facilitated the redirection of business opportunities from Plaintiff to its competitors and used misleading advertising to misrepresent the DURO brand.

The Complaint satisfies the standard set forth in *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010), which requires allegations to raise a reasonable expectation that discovery will reveal evidence of the claim.

The Complaint alleges that the 360Connect Defendants facilitated the unauthorized use of Plaintiff's DURO Marks in commerce by providing a platform and advertising services that misrepresented the DURO brand and redirected business opportunities to Plaintiff's competitors.

These allegations are sufficient to state claims for trademark infringement under 15 U.S.C. § 1114 and false designation of origin under 15 U.S.C. § 1125(a).

**C. The Court Has Personal Jurisdiction Over Mr. Hoogendam**

The 360Connect Defendants argue that the Court lacks personal jurisdiction over Mr. Hoogendam under the corporate shield doctrine. This argument is unpersuasive.

The Complaint alleges that the 360Connect Defendants, including Mr. Hoogendam, engaged in intentional misconduct that caused harm to Plaintiff in Florida, including the redirection of business opportunities and the use of misleading advertising to misrepresent the DURO brand.

Florida's long-arm statute provides for personal jurisdiction over nonresidents who commit tortious acts within the state or cause injury to persons or property within the state (*Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993)).

The corporate shield doctrine does not protect corporate officers who engage in intentional misconduct for their own benefit. The Complaint alleges that Mr. Hoogendam personally participated in the misconduct at issue, including the facilitation of misleading advertising and the redirection of business opportunities.

Courts have held that corporate officers who personally participate in tortious conduct are not shielded from personal liability (*Frida Kahlo Corp. v. Pinedo*, 2023 WL 9473827, at *5 (S.D. Fla. Dec. 28, 2023)).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the 360Connect Defendants' Motion to Dismiss in its entirety. If the Court finds any deficiencies in the Complaint, Plaintiff requests leave to amend to address those deficiencies.

Respectfully submitted,

**/s/ Ama N. Appiah**

Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

Ama N. Appiah

4

**Law Office of Ama N. Appiah, P.A.**
721 1st Ave N, Ste 202
St Petersburg, FL 33701-3603
(727) 471-3538
ama.appiah.2003@gmail.com

*Attorneys for Plaintiff Duro Beam, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the forgoing Plaintiff's Response 360Connect Defendants' Motion to Dismiss has been served to Defendant Jeffrey Hoogendam and 360Connect, LLC' attorney of record on March 24 2025, via electronic email at josh.cooper@johnsonmartinlaw.com and matt.nelles@johnsonmartinlaw.com.

Respectfully submitted,

/s/ Ama N. Appiah

Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

Ama N. Appiah
**Law Office of Ama N. Appiah, P.A.**
721 1st Ave N, Ste 202
St Petersburg, FL 33701-3603
(727) 471-3538
ama.appiah.2003@gmail.com

***Attorneys for Plaintiff Duro Beam, LLC***