UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

   Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL,
INC., JEFFREY HOOGENDAM, 360CONNECT,
LLC, IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.

   Defendants.
_____/

### REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY 360CONNECT, LLC AND JEFFREY HOOGENDAM [DE 24]

Defendants, 360Connect, LLC and Mr. Jeffrey Hoogendam, reply to Plaintiff, Duro Beam, LLC's Response [DE 27] to their Motion to Dismiss Complaint [DE 24] as follows:

### Shotgun Pleading

Plaintiff denies a shotgun pleading on the basis that the First Amended Complaint alleges that 360Connect "facilitated the redirection of business opportunities from Plaintiff to its competitors by providing a platform and advertising services that misrepresented the DURO brand" and used the Co-defendants' services "to post advertisements on their respective websites, which misled consumers and interfered with Plaintiff's business relationships." DE 27 at 2. These scant and vague allegations are insufficient to put 360Connect on notice of the claims against it.

The Complaint alleges unauthorized use of Plaintiff's trademark on websites owned, operated, and controlled by Co-Defendants Manning and Hart. DE 7 at ¶¶ 25, 39, 46. It is impossible for 360Connect to understand – because the Complaint does not specify – what

1

"platform" or "advertising services" *360Connect* provided that misrepresented the "Duro" brand. Indeed, the Complaint describes the opposite: use of Plaintiff's marks on "platforms," *i.e.*, websites, operated by Co-defendants Manning and Hart.

Further, as explained in the Motion to Dismiss, Plaintiff elected not to provide visual evidence nor copy nor reproduction of the alleged article appearing on the Manning Website or unspecified "advertising content" on the Hart Website on which its "Duro" marks supposedly appeared. Having chosen that tactic, it is even more incumbent that Plaintiff precisely describes the alleged activities undertaken by 360Connect giving rise to its claims.

Additionally, the Complaint never articulates what advertisements *attributable to 360Connect* were "posted" to Manning's and Hart's Websites, nor who created them, for what purpose, and how 360Connect purportedly benefited. In short, no causal link is alleged, particularly with any degree of plausibility, between 360Connect's supposed actions and the unauthorized use of Plaintiff's mark on websites operated by others.

Finally, because Manning and Hart own, operate, and control the websites, they are the ones alleged to have "continued their unauthorized use and misrepresentation of the DURO Marks." DE 7 at ¶¶ 33, 47. Lumping 360Connect together with them as though all are in the same position when they clearly are not is improper and legally insufficient to provide notice.

## No Trademark Use or Misuse Alleged

The Complaint does not allege that 360Connect ever used Plaintiff's trademark or engaged in infringement-related activities and thus Plaintiff cannot sustain trademark or unfair competition claims against these Defendants. Plaintiff's brief response consists singularly of parroting ¶¶ 37 and 39 of the Complaint.

As explained in the Motion to Dismiss, there are <u>no allegations</u> of any "platform" or "advertising services" 360Connect provided to the Co-defendants, <u>no allegations</u> of how or where 360Connect "misrepresented the DURO brand," and <u>no allegations</u> of how 360Connect "used" the Co-defendants' services "to post advertisements on their respective websites." No advertisements are visually provided nor any described with specificity. Just how or why these phantom advertisements are attributed to 360Connect is left to the imagination.

In sum, the Complaint fails in the most fundamental sense to link any actions of 360Connect with allegedly infringing uses of Plaintiff's trademark on websites owned, operated, and controlled by others.

**Failure to Satisfy Burden re. Personal Jurisdiction Over Mr. Hoogendam**

As explained in the Motion to Dismiss, the Complaint does "not set out any specific acts" that Mr. Hoogendam "personally committed" "outside his corporate capacity" and in Florida that would amount to intentional misconduct overcoming the corporate shield doctrine. DE 24 at 15 (citing *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, No. 1:13-cv-21297, 2014 WL 11880964 (S.D. Fla. Jan. 24, 2014); *Frida Kahlo Corp. v. Pinedo*, No. 1:22-CV-22399-Gayles/Torres, 2023 WL 9473827 at *5 (S.D. Fla. Dec. 28, 2023). In fact, there are not any. *See* Declaration, DE 24-1, including, *e.g.*, ¶¶ 4-6, 13.

Plaintiff did not satisfy its "initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *PeopleShare, LLC v. Vogler*, 601 F. Supp. 3d 1276, 1279 (S.D. Fla. 2022) (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013)). Plaintiff then failed, in response to Mr. Hoogendam's proof countering the allegations of jurisdiction, DE 24-1, to "produce evidence supporting jurisdiction." *Id*.

3

In its response, Plaintiff states, "[t]he Complaint alleges that Mr. Hoogendam <u>personally participated</u> in the misconduct at issue, including the facilitation of misleading advertising and the redirection of business opportunities." (emphasis added). That statement is false. While Plaintiff indiscriminately lumps Mr. Hoogendam together with 360Connect, there are no allegations that he "personally participated" in any alleged misconduct.

Further, even assuming, *arguendo*, that the Complaint did include that assertion, it is conclusory and not supported by "sufficient facts" to establish jurisdiction. *See Stinson v. Memphis Light Gas & Water,* No. 23-cv-24733, 2024 WL 2258199 at *2 (S.D. Fla. May 15, 2024) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Nor has Plaintiff alleged any threshold facts for personal liability, namely, facts showing that Mr. Hoogendam personally took part in infringing activities or specifically directed employees to do so. *See Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153, 1161 (11th Cir. 2022). *See* DE 24 at 10.

Finally, Plaintiff, citing *Frida Kahlo*, argues that "corporate officers who personally participate in tortious conduct are not shielded from personal liability." Missing from Plaintiff's response, however, is the court's explanation:

> Generally, Florida courts require that the intentional tort be committed for the corporate officer's personal benefit. *VIS Holdings Corp. v. Cooper*, No. 07-20882-CIV, 2007 WL 9702900, at *6 (S.D. Fla. Dec. 11, 2007); see Smith, 2009 WL 10667191, at *8 ("<u>[M]ere allegations of intentional misconduct on behalf of the employer ... without more are not enough to avoid the corporate shield doctrine</u>.").

2023 WL 9473827 at *5 (emphasis added). Here, even assuming, *arguendo*, that Plaintiff had alleged intentional misconduct by Mr. Hoogendam (it did not), that misconduct was allegedly committed on behalf of 360Connect and not on his own behalf. The corporate shield doctrine applies.

4

Dated: March 28, 2025               Respectfully submitted,


By: */s/ Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No.: 009245
Joshua Cooper
Florida Bar No.: 117658
matt.nelles@johnsonmartinlaw.com
Johnson & Martin, P.A.
500 West Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33309
T:  (954) 790-6698
Eservice: kerty.apelt@johnsonmartinlaw.com

*Attorneys for Defendants 360Connect, LLC and Jeffrey Hoogendam*


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served on March 28, 2025 with a copy of this document via the Court's ECF system.

*/s/ Matthew S. Nelles*
Matthew S. Nelles


## SERVICE LIST

Ama N. Appiah, Esq.
Email: ama.appiah.2003@gmail.com
Law Office of Ama N. Appiah, P.A
721 1st Ave N Ste 202,
St Petersburg, FL 33701-3603
(727) 471-3538

Ana Juneja, Esq.
Ana Law LLC
1300 Pennsylvania Ave NW Suite 700

Washington, DC 20004
(202) 266-7100
docket@analaw.com

*Attorneys for Plaintiff*


James M. Slater
Slater Legal PLLC
9000 Dadeland Boulevard #1500
Miami, Florida 33156
Tel.: (305) 523-9023
james@slater.legal

*Attorney for Hart*