UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

      Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL,
INC., JEFFREY HOOGENDAM, 360CONNECT,
LLC, IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.

      Defendants.
_____/

**DEFENDANTS WILLIAM E. MANNING AND WEM GLOBAL, INC., MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, WILLIAM E. MANNING ("MANNING") and WEM GLOBAL INC., ("WEM") (Collectively "Defendants WEM"), respectfully file this motion, pursuant to Fed. R. of Civ. P. 12(b)(2), (5) and (6), to dismiss the Plaintiff's Complaint for failure to timely or properly perfect service on the Defendants WEM. Further, the Complaint is an impermissible shotgun pleading that fails to state a cause of action for which any relief can be granted.

**I.    PROCEDURAL BACKGROUND**

Prior to filing this Complaint, Plaintiff and its counsel engaged in a long-term attempt to demand payment from Defendants WEM for allegedly infringing on Plaintiff's copyrights.[1] Plaintiff's counsel and counsel for Defendants WEM spoke at length of the false and mistaken factual assertions raised regarding these alleged infringements and Plaintiff's counsel was well aware of Defendants WEM's representation.

After about a six-month period since counsel for Plaintiff and Defendants WEM's

---

[1] During this pre-litigation term, Plaintiff focused on alleged copyright infringement but never provided evidence of registered copyrights nor mentioned any issues of alleged trademark infringement.

1

counsel spoke, Plaintiff filed this Complaint and its First Amended Complaint[2] on or about December 16, 2024[3]. *Dkt. Entry 1 and 7.* Plaintiff asserts that it supplies steel building kits for garages, warehouses, commercial spaces, and agricultural buildings and operates its business through various websites. DE 7 at ¶ 19-20. Plaintiff failed to include any relevant exhibits to either complaint and the Operative Complaint contains no evidence demonstrating the "infringement" which is the center point of this Complaint.

On or about December 17, 2025, Plaintiff sent a copy of the Complaint and exhibits to Defendants WEM but never followed up with any additional correspondence or attempts to serve Defendants WEM.

On or about January 22, 2025 Defendants, Jeffrey Hoogendam ("Hoogendam") and 360Connect, LLC ("360") (Collectively "360 Defendants") and Defendant Ian Hart ("Hart") and Ian Hart Design, LLC ("Hart Design") (Collectively "Hart Defendants") each filed their Waiver of Service of Summons.[4] *Dkt. Entry 16-17.*

On or about February 10, 2025, this Honorable Court entered its Order Setting Status Conference requiring initial disclosures be filed no later than March 10, 2025; requiring the selection of a mediator and mediation by March 10, 2025, and requiring the joinder of any additional parties and amended pleadings be filed by April 10, 2025. *Dkt. Entry 21.* On or about March 10, 2025, the Parties (without Defendants WEM involved) selected a mediator and date for mediation. *Dkt. Entry 25-1.*

Finally, on or about April 9, 2025, after 113 days, Plaintiff served WEM with the Complaint, but there was no service on Defendant Manning as an individual.

## II. FACTUAL BACKGROUND

In the Amended Complaint, Plaintiff alleges that it is the owner of numerous websites utilized to operate its business and to general business leads and customer engagement. *Dkt.*

---

[2] This First Amended Complaint is the operative complaint.
[3] Counsel for Plaintiff never provided a courtesy copy nor advised counsel for Defendants WEM of a lawsuit being filed.
[4] Defendants WEM never received a request to waive service or any outreach from Plaintiff or Plaintiff's counsel.

*Entry 7 ¶20.* Plaintiff also asserts it is the owner of three (3) federal trademarks "Duro Buildings"; "Duro Beam" and "Duro Span" as well as multiple additional common law marks. *Dkt. Entry 7 ¶22.*

Plaintiff also alleges that the "Duro Beam" mark appeared without its authorization on "various websites," and that Plaintiff believes Defendants WEM posted an article titled "Duro Steel Building Review" but fail to plead an alleged date of posting or actually plead where this allegedly infringing article was posted but merely states "[url of website where article was posted]. *Dkt. Entry 7 ¶¶2 and 26.*

Continuing on with the pattern of providing nothing to demonstrate any actual right to these causes of action, Plaintiff continues to make bare-boned conclusory allegations based solely upon "information and belief" with no supporting evidence. Plaintiff asserts claims against Defendants WEM (and each defendant) for Federal Trademark Infringement; Unfair Competition; Violation of Florida Deceptive and Unfair Trade Practices Act; and Infringement of Federally Registered Trademarks.

As explained further below, this Complaint should be dismissed against Defendants WEM as Plaintiff failed to timely serve – or even attempt to serve – Defendants WEM properly and within the requisite 90-day period pursuant to Fed. R. Civ. P. 4(m). Further, Plaintiff has failed to state a cause of action for which relief can be granted and it is an impermissible shotgun pleading.

## I.     ARGUMENT

### 1.     Plaintiff Failed to Timely Serve Defendants WEM

Plaintiff failed to served Defendants WEM within the requisite 90-day period but Plaintiff also failed to even make reasonable efforts or attempt to serve Defendants WEM within this requisite period. No good cause can be shown for this failure and as such Defendants WEM must

be dismissed as the litigation has continued without its involvement and now significantly prejudiced Defendants WEM.

Federal Rule of Civil Procedure 4(m) clearly states that a plaintiff has 90 days after filing the complaint to serve a defendant. Fed. R. Civ. P. 4(m) Specifically, the rule states:

> **If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendan**t or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Emphasis added.*

District Courts, specifically this Court, consistently dismiss cases after a plaintiff fails to perfect service timely. *In re Trasylol Prods. Liab. Litig. - Mdl-1928*, 2011 U.S. Dist. LEXIS 118629 (dismissing case for failure to timely serve in accordance with Rule 4(m)), *aff'd sub nom. Moore v. Bayer Corp.*, 487 Fed. Appx. 477 (11th Cir. 2012). These same decisions are often further affirmed on appeal. *Id.; Idumwonyi v. Convergys,* 611 Fed. Appx. 667 (11th Cir. 2015) (affirming dismissal of complaint for failure to effect service within 120 days[5]); *Natty v. Warden*, 615 Fed. Appx. 939, 940 (11th Cir. 2015) (finding no abuse its discretion by the district court in dismissing the action without prejudice pursuant to Rule 4(m)); *Anderson v. Osh Kosh B'Gosh*, 255 Fed. Appx. 345, 348 (11th Cir. 2006) (affirming dismissal complaint against defendant for failure to effect service timely under Rule 4(m)). The 11th Circuit has held, "[i]t is the plaintiff's responsibility to ensure proper service of a summons and complaint" and if the plaintiff fails to do so the court may dismiss the complaint. *Kelly v. Florida,* 233 Fed. Appx. 883, 885 (11th Cir. 2007). A plaintiff bears the burden of demonstrating the existence of 'good cause' for failure to timely serve the defendant. *Durgin v. Mon*, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009) (citations omitted), *aff'd*, 415 Fed. Appx. 161 (11th Cir. 2011). Further, the Eleventh Circuit has made clear that a "district court has no discretion to salvage an action in the event of a violation of Rule 4(m) and 'good cause' has not

---

[5] On April 29, 2025, Fed. R. Civ. P. 4(m) was modified from 120 days to 90 days which became effective December 1, 2015.

been shown." *Thompson v. U.S. Dept. of Homeland Sec.*, 134 Fed. Appx. 420, 422 (11th Cir. 2005) (citing *In re Cooper*, 971 F.2d 640, 641 (11th Cir. 1992)). Good cause exists only when some outside factor such as reliance on faulty advice, but not simply an inadvertence or negligence, prevented the service. *Lepone–Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281–82 (11th Cir. 2007) (citing to *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). Courts have even held that failure to even attempt service within the requisite time period can support a finding of a lack of good cause. *Natty v. Morgan*, 615 Fed. Appx. 938, 939 (11th Cir. 2015); *see also Mumford v. Carnival Corp.*, 5 F. Supp. 3d 1365, 1367 (S.D. Fla. 2014) (finding no good cause to extend the service deadline where plaintiff made no attempt to serve the defendants within 120 days).

There is no dispute that Plaintiff failed to serve Defendants WEM until April 9, 2025, and Plaintiff has not even filed the return of service as of the date of filing this motion.[6] This service was **113 days since the filing of the Complaint** and issuance of the summons. During this time period, Plaintiff made **zero efforts** to serve the Defendants WEM. *See Exhibit A Affidavit of William Manning.* Further, Plaintiff's counsel was previously in contact with counsel for Defendants WEM during the pre-litigation stage and failed to even reach out to counsel at all to inquire about service on Defendants WEM. Therefore, any attempt to argue that Plaintiff was unable to locate Defendants WEM or its representative is unfounded. Notwithstanding this undisputed failure to timely serve Defendants WEM, Plaintiff and the remaining defendants continued to litigate the case thus prejudicing Defendants WEM.[7] Defendants WEM have now missed numerous deadlines per the Court's scheduling order. Plaintiff's continued litigation of the case further demonstrates no good cause for its delay in serving Defendants WEM. Plaintiff had ample opportunity to file a motion requesting additional time to serve Defendants WEM if there

---

[6] Fed. R. Civ. P. 4(l), "unless service is waived, proof of service must be made to the court."
[7] Although prejudice is not the relevant inquiry but merely a related factor while the question is whether Plaintiff has established good cause for its violation of Rule 4(m). *See Jean-Felix v. Chicken Kitchen USA, LLC*, No. 10-23105-CIV, 2013 WL 2243966, at *2 (S.D. Fla. May 21, 2013).

5

were issues, however, there was nothing filed. Again, this further demonstrates no good cause for this failure.

Based on the failure to abide by Fed. R. Civ. P. 4(m), the strong precedent in this district and the lack of any good cause to excuse Plaintiff's failure to timely serve, this Motion to Dismiss must be granted.

In addition to failing to timely serve, attempt to serve, or even request an extension for service on Defendants WEM, there are significant issues in the actual service. First, Plaintiff failed to serve Defendant MANNING in his individual capacity.[8] Second, the server who "served" Defendant WEM, failed to identify himself nor properly confirm the identity of the registered agent nor provide information of what was being provided to the registered agent. *See Ex. A.*. In fact, the process server simply said "I am just the messenger" handed the documents to Defendant MANNING and then left. *See Ex. A.* Finally, Plaintiff filed to serve WEM with the operative complaint as he was only provided the original complaint and not the First Amended Complaint that was subsequently filed.

A rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint. *Atl. Aero. Trading. Inc., v. Endurance Assur. Corp.*, 2024 U.S. Dist. LEXIS 235253 *4 (S.D. Fla. August 16, 2024).(citing to § 1353 Motions to Dismiss—Insufficiency of Process and Service of Process, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.)). Proper service of process is a jurisdictional requirement; "a court lacks jurisdiction over…a defendant when a defendant has not been served." *Id.* Courts typically dismiss an action only when there is no 'reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly,' or when the defendant makes some showing of prejudice due to improper service. *See Talib v. Anders,* No. 3:17-CV-452-J-39JRK, 2017 WL 7541509, at *2

---

[8] This is further demonstrated by the lack of an Affidavit of Service on Defendant William Manning.

(M.D. Fla. Oct. 17, 2017) (internal citations omitted).

As explained above and supported by the affidavit of William Manning, Plaintiff has not served Defendant William Manning in his individual capacity and therefore this Court does not have jurisdiction over Defendant MANNING. Further, the service upon Defendant WEM is inadequate as it was served outside the 90-day window of service, the process server failed to identify themselves, confirm the identity of the person being served and failed to explain the documentation provided, and there was no service of the operative complaint. *See Exhibit A*. This motion to dismiss must be granted as Plaintiff cannot correct the issues with service as the deadline to serve has passed and Defendants WEM are continuously being prejudiced as the Plaintiff and the remaining defendants have continued to litigate the matter and numerous deadlines have passed. In fact, Plaintiff never mailed or provided any copies of the filings to Defendants WEM during the entire course of this litigation further demonstrating the continued prejudice against Defendants WEM.

Plaintiff has failed to properly serve Defendants WEM and cannot demonstrate good cause for the delay nor effect service properly and therefore this Motion to Dismiss must be granted.

**2.    The Complaint is an Improper Shotgun Pleading**.

Notwithstanding the numerous issues with service, this Complaint should also be dismissed as it is an improper shotgun pleading that fails to provide Defendants WEM proper notice as to which alleged infractions it is responsible for or what damages have been caused by Defendants WEM's alleged actions.

Courts in the Eleventh Circuit have little tolerance for shotgun pleadings as they waste judicial resources, "inexorably broaden [] the scope of discovery", "wreak havoc on appellate court dockets" and "undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F. 3d 1291, 1295 (11th Cir. 2018); *see also Pelletier v. Zweifel*, 921 F.2d 1465,

1518 (11th Cir. 1991). "The unifying characteristic of all types of shotgun pleadings is that they **fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests**." *Peraza v. Recovery Associates, LLC*, No. 19-20052, 2019 WL 13234107, at *2 (S.D. Fla. May 13, 2019) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)); *see also Waxman v. Equitable Life Assur.*, No. 07-80942, 2008 WL 619321, at *2 (S.D. Fla. Mar. 4, 2008) ("The Eleventh Circuit has frowned on such 'shotgun pleading' as it prevents defendants from understanding the nature of their alleged wrongdoing, thereby preventing them from forming reasonable responses to the allegations."). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claims that gives the defendant **fair notice of the claims** and the grounds upon which these claims rest. Fed. R. Civ. P. 8(a).

In its Complaint, Plaintiff lumps all six defendants together *See, generally Dkt. Entry 1* ¶¶ 58-60; 63-66; 69-71; 81-82. Each count under the causes of action is asserted against "Defendants," and fails to specify which of the Defendants are responsible for which acts and which of those acts caused which damages. The sole separation among the defendants plead by Plaintiff included in the Complaint also fails to demonstrate any notice to Defendants WEM of the alleged infringements, when the alleged infringements occurred, the damages specifically caused by the alleged infringement. Specifically, Plaintiff asserts that "[u]pon information and belief, Defendant WEM Global posted an article titled "Duro Steel Building Review" on the website located at [url of website where article was posted] although the date of publication remains unclear. *Dkt. Entry 1* ¶26.  This paragraph fails to attach any information specifically regarding this alleged article or evidence that it was even published, there is no website added to advise Defendants WEM of where it was posted, nor is there any alleged date of publication that Defendants WEM could even review its postings to determine any potential issue.

As is evidenced by the plain reading of the Complaint, Plaintiff has failed to meet the basic requirements of Fed. R. Civ. P. 8(a) and has not provided adequate notice of the claims against Defendant WEM nor how any of these alleged actions caused any damages to Plaintiff nor what any of these damages to Plaintiff are. As such, the Complaint must be dismissed as an improper shotgun pleading.

### 3. Plaintiff Has Failed to State a Claim for Which Relief Can Be Granted

In addition to its failure to provide sufficient notice of claims asserted against Defendants WEM, Plaintiff has also failed to state a claim for which relief can be granted.

To survive a 12(b)(6) motion, a plaintiff must provide more than labels and conclusions or simply a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Instead, the complaint must contain enough facts to state a claim of relief that is *plausible on its face*. The Eleventh Circuit applies a two-pronged approach in evaluating this type of motion – first the court eliminates any allegations in the complaint that are merely legal conclusions and where the court finds well-pleaded factual allegations it must 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010)(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)). Although the Court must accept the factual allegations in the Complaint as true, **unsupported allegations and conclusions of law [] will not benefit from this favorable reading**. *Scott v. Experian Info. Sols., Inc.,* 2018 U.S. Dist. LEXIS 110210 at *6 (S.D. Fla. June 29, 2018)(citing to *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they **must** be supported by factual allegations."); *see also Sinaltrainal*, 578 F.3d at 1260 ("[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [a] plaintiff's allegations.").

First, each and every allegation is based **solely** "upon information and belief". Although

allegations can be made upon information and belief the allegations must still plead enough factual content that allows the court to draw the *reasonable inference* that the defendant is liable for alleged misconduct. In this instance, Plaintiff pleads no factual content at all. Plaintiff solely asserts that Defendants WEM own a website that posted an article titled "Duro Steel Building Review" and baselessly state the leads were diverted to Plaintiff's competitor. *Dkt. Entry ¶¶25; 29.* Plaintiff has not plead or provided any evidence of the grounds it rests on for these allegations. Specifically, Plaintiff has not plead how it learned this information, any examples of known "diverted leads" or any support whatsoever that would demonstrate this is more than a conclusory statement nor the likelihood or how it would obtain this information were it allowed to continue through discovery.

Plaintiff's Complaint fails to provide any factual content or supporting exhibits to allow the Court to draw a reasonable inference that Defendants WEM are liable for the alleged misconduct. Plaintiff cannot solely rely on the standard of review at this stage which requires *well-plead* facts to be accepted as true – merely writing words in the allegations does not require this Court to accept as true. Therefore, this Complaint must be dismissed.

Second, Plaintiff has failed to plead how Defendants WEM are a competitor of Plaintiff or infringed on any of the "Duro" marks – in fact, they are significantly different businesses and Defendants WEM merely review products. Further, Plaintiff asserts the alleged "infringing" article posted is titled "Duro Steel Building Review" – in plain reading of the title of the alleged article this is a review of the products Plaintiff sells.

A required element of trademark infringement is the likelihood of consumer confusion. 28 U.S.C. §1125(a). A complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint. *Clark Capital Management Group, Inc. v. Avior Wealth Management, LLC,* 2025 U.S. Dist. LEXIS 47303 at *5-6 (M.D. Fla. March 12, 2025) (citing to *Quiller v. Barclays*

*Am./Credit, nc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) and *3Lions Publ'g, Inc., v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1042 (M.D. Fla. 2019)). The Eleventh Circuit has not definitively addressed the fair use defense at the motion to dismiss stage, but other Courts of Appeal have determined that trademark infringement or unfair competition claims can be dismissed at this stage based on the fair use defense when the allegations in the complaint demonstrate the existence of the defense. *Id. (citing to Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 611-12 (6th Cir. 2009); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1466-1467 (9th Cir. 1993); *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308-10 (2nd Cir. 2013)). A fair use defense is established if a defendant proves that its use of a mark is "(1) other than a mark, (2) in a descriptive sense, and (3) in good faith." *Id. at *7* (citing to *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006)).

Based on a plain reading of the allegations in this Complaint, Defendants WEM's sole use of the "Duro Marks" were in an article reviewing the Plaintiff's products and provided a section "where genuine readers could drop their contact details, believing the information would be shared with Plaintiff". *Dkt. Entry 7 ¶¶28*. Clearly based on Plaintiff's own allegations, the readers were aware of Plaintiff when reviewing this alleged article and aware that Defendants WEM is not the source of the goods in the article. There are no other allegations or evidence of any consumer confusion or likelihood of consumer confusion directly against Defendants WEM based on this review. Further, the allegations on their face demonstrate any alleged use of the "Duro Marks" by Defendants WEM were not used as a trademark and was done in a descriptive sense as it described the products offered by Plaintiff and was done in good faith as it was not seeking any commercial gain or attempts to confuse consumers to believe Defendants WEM was the source of these goods.

Plaintiff's Complaint must be dismissed as it has failed to state a claim for which relief can be granted as there are no plausible allegations that demonstrate a likelihood of consumer confusion

which is required element of the claims. Additionally, on its face the Complaint clearly demonstrates Defendants WEM's entitlement to the affirmative defense of fair use and therefore this Complaint should be dismissed.

## Conclusion

As explained above, Plaintiff has failed to timely or properly serve Defendants WEM and cannot demonstrate any good cause therefore this Motion to Dismiss must be granted. Further, Plaintiff has improperly filed a shotgun pleading and also failed to assert a claim for which relief can be granted.

WHEREFORE, Defendants, WILLIAM MANNING and WEM GLOBAL, INC., respectfully request that the Court dismiss the Amended Complaint and for such other and further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2025, I served a copy of the foregoing to all counsel of record via the Court's ECF system.

Dated: April 25, 2025

Respectfully submitted,
By: /s/Kelly Ann M. desRosiers
Kelly Ann M. desRosiers
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
/s/Lorri Lomnitzer
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
/s/Allison A. Mingo
Allison A. Mingo
Florida Bar No. 1049308
Allison@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301

Fax: (561) 953-3455
*Attorneys for Defendant*