UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-81550-ROSENBERG

DURO BEAM, LLC,

    Plaintiff,

v.

WILLIAM E. MANNING, et al.,

    Defendants.
_____/

## ORDER GRANTING TWO DEFENDANTS' MOTION TO DISMISS AND DENYING ALL OTHER MOTIONS TO DISMISS AS MOOT

**THIS CAUSE** is before the Court on the Defendants' Motion to Dismiss at docket entry 24, brought by Defendant 360Connect and Defendant Jeffrey Hoogendam. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted. Each Defendant's argument is addressed in turn.

### Jeffrey Hoogendam

Mr. Hoogendam argues that this Court may not exercise personal jurisdiction him—he raises a factual challenge to personal jurisdiction under Rule 12(b)(2). In support of his argument, Mr. Hoogendam attaches an affidavit to his Motion that attests that he has no connection with Florida whatsoever; the affidavit refutes every factual basis upon which Florida's long-arm statute could apply in this case. DE 24-1.

When a defendant challenges personal jurisdiction with an affidavit, the burden shifts to the plaintiff to produce evidence supporting jurisdiction. *E.g., Stubbs v. Wyndham*, 447 F.3d 1357,

1360 (11th Cir. 2006).[1]  Here, the Plaintiff has not met its burden by producing any counterevidence, and instead limits its response to the argument that its allegations in the Complaint are sufficient.  Mr. Hoogendam's Motion is therefore **GRANTED** and he is **DISMISSED** from this case on personal jurisdiction grounds.

### 360Connect

In this case, the Plaintiff alleges that 360Connect infringed upon its trademark, and the Plaintiff's allegations involve websites in some form or fashion. DE 1.  Just how 360Connect is alleged to have infringed upon the Plaintiff's trademark through websites, however, is not clear.  In 360Connect's own words:

> Neither 360Connect nor Mr. Hoogendam are accused of owning or operating the Manning or Hart Websites. Instead, Plaintiff describes 360Connect as offering services that match businesses with pre-screened suppliers across various industries, i.e., connecting buyers with qualified vendors. Id., ¶ 38.
>
> The only allegation of wrongdoing by 360Connect is vague, non-contextual, and cryptic. Specifically, Plaintiff asserts that 360Connect facilitated "this interference" (never defining what the "interference" is) by providing "a platform and advertising services that misrepresented the DURO brand, further redirecting business opportunities from Plaintiff to its competitors." Id., ¶ 37. And 360Connect purportedly uses the services of Co-Defendants Manning and Hart "to post advertisements on their respective websites." Id., ¶ 39. Lumping 360Connect with Co-Defendants Manning and Hart, Plaintiff claims they "knowingly coordinated efforts to mislead consumers and interfere with" Plaintiff's business contracts by redirecting business away from Plaintiff and to its competitors. Id., ¶ 58.

The Court has reviewed the Plaintiff's allegations against 360Connect.  The Court has is unable to discern what wrongdoing 360Connect is alleged to have committed.  Instead, much of the Complaint is a recitation of the litigation surrounding the Plaintiff's pre-suit demand letters.  Combined with the fact that the Complaint combines the Defendants' conduct together, the Court agrees with 360Connect that the Complaint is a shotgun pleading that does not give any Defendant

---

[1] A conclusory affidavit does not shift the burden onto the plaintiff, however, the affidavit in this case is not conclusory. *See Stubbs v. Wyndham*, 447 F.3d 1357, 1360 (11th Cir. 2006).

fair notice of a claim. *E.g., Weiland v. Palm Beach Cnty.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (defining a shotgun pleading). The Complaint is therefore **DISMISSED** in its entirety as a shotgun pleading.

The Court's dismissal is with leave to amend. The Plaintiff shall file an amended complaint within seven days of the date of rendition of this Order. Relatedly, other Defendants have filed motions to dismiss that argue the Complaint is a shotgun pleading. Those motions [DE 23, 33] are **DENIED AS MOOT**, given that the Court has already ruled the Complaint is a shotgun pleading and must be amended. The Defendants' responsive pleadings or motions are due within seven days of the date upon which any amended complaint is filed.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of May, 2025.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE