UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

      Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL,
INC., JEFFREY HOOGENDAM, 360CONNECT,
LLC, IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.

      Defendants.
_____/

**DEFENDANT'S MOTION TO CLARIFY**
**ORDER DISMISSING JEFFREY HOOGENDAM [DE 34]**

Defendant, 360Connect, LLC, respectfully moves this Court to clarify its Order, DE 34, dismissing Jeffrey Hoogendam, individually, from this case for lack of personal jurisdiction under Fed. R. of Civ. P. 12(b)(2).[1] This Motion is necessitated by Plaintiff's adding of Mr. Hoogendam back into the Second Amended Complaint, ignoring this Court's dismissal of him from this case. Defendant further states:

1. After careful consideration and analysis, including evaluation of Mr. Hoogendam's uncontested Declaration, DE 24-1, the Court ruled:

> Here, the Plaintiff has not met its burden by producing any counterevidence, and instead limits its response to the argument that its allegations in the Complaint are sufficient. Mr. Hoogendam's Motion is therefore GRANTED and he is DISMISSED from this case on personal jurisdiction grounds.

DE 34 at 2.

---

[1] Because Mr. Hoogendam has been dismissed, this Motion is being asserted by his company, 360Connect, LLC.

1

2. Nevertheless, Plaintiff's Second Amended Complaint, DE 35, adds Mr. Hoogendam back in as a defendant.

3. In *Posner v. Essex Ins. Co.*, 178 F.3d 1209 (11th Cir. 1999), the court dismissed claims under Rule 12(b)(2) for lack of personal jurisdiction with prejudice. The 11th Circuit affirmed the dismissal but stated it should be "without prejudice." *Id*. at 1221. Importantly for purposes of this Motion, the court explained: "This holding does not preclude further litigation of these claims on the merits, but it does preclude that litigation from occurring in Florida." *Id*. (citation omitted). "In other words, a dismissal due to lack of personal jurisdiction acts as res judicata for the jurisdictional issue. *Id*. (citing *North Georgia Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432–33 (11th Cir.1993)).

4. In *Hoeltzell v. Caldera Graphics*, No. 11-21245, 2012 WL 13012760 (S.D. Fla. Feb. 10, 2012), the court dismissed the defendant on jurisdictional grounds and ordered him terminated as a party. *Id*. at *1. The plaintiff, which, like here, had not provided any evidence to refute the defendant's personal jurisdiction challenge, filed an amended complaint adding him back into the case. Following *Posner*, the court explained:

> Because the Court determined that it lacked jurisdiction over Mr. Mergui, it was compelled to dismiss the claims against him, but could not reach the merits of the case or dismiss those claims with prejudice….The dismissal without prejudice, however, was only so as not to preclude plaintiff from refiling in a forum in which personal jurisdiction may be proper.…The Court's order did not indicate or expect that the claims against Mr. Mergui could be reasserted later in this litigation….

*Id*. (citations omitted; emphasis added). "Thus, echoing the facts here, the court in *Posner* held that where personal jurisdiction was not shown under Florida's long-arm statute, the plaintiff was not entitled to amend its complaint and was precluded from litigating such a claim in Florida." *Id*. at *2.

5. The Court dismissed Mr. Hoogendam on personal jurisdiction grounds. That dismissal acts as res judicata for the jurisdictional issue. *See Posner*. While the dismissal does not preclude further litigation of the claims against Mr. Hoogendam on the merits, "it does preclude that litigation from occurring in Florida." *See id*.

6. Defendant, 360Connect, therefore requests that the Court clarify its Order of Dismissal to inform Plaintiff that Mr. Hoogendam may not be sued in Florida and that Plaintiff should therefore file a Third Amended Complaint removing him.

7. In accordance with Local Rule 7.1(a)(3), we conferred with counsel for Plaintiff concerning this Motion, who stated:

> You are misstating both the law and the case. Res judicata applies only to the jurisdictional facts that were already adjudicated. It does not bar Plaintiff from alleging new facts that establish personal jurisdiction over Mr. Hoogendam. The case law confirms that dismissal for lack of jurisdiction is without prejudice. We stand by the amended complaint. If you disagree, feel free to raise it in a motion.

8. The "jurisdictional facts" were, indeed, adjudicated by the Court. *See* DE 34 at 2-3. The 11th Circuit's opinion in *Posner* could not be clearer: the Order acts as res judicata for the jurisdictional issue and Mr. Hoogendam cannot be sued in Florida for the claims Plaintiff asserts against him.

WHEREFORE, Defendant, 360Connect, LLC, respectfully requests that the Court clarify its Order of Dismissal, DE 34, in accordance with this Motion and for such other and further relief as the Court deems appropriate.

Dated: May 13, 2025

Respectfully submitted,

By: */s/ Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No.: 009245
Joshua Cooper

        Florida Bar No.: 117658
        matt.nelles@johnsonmartinlaw.com
        Johnson & Martin, P.A.
        500 West Cypress Creek Rd., Suite 430
        Ft. Lauderdale, FL 33309
        T:  (954) 790-6698
        Eservice: kerty.apelt@johnsonmartinlaw.com

*Attorneys for Defendant 360Connect, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served on May 13, 2025 with a copy of this document via the Court's ECF system.

        */s/ Matthew S. Nelles*
        Matthew S. Nelles

## SERVICE LIST

Ama N. Appiah, Esq.
Email: ama.appiah.2003@gmail.com
Law Office of Ama N. Appiah, P.A
721 1st Ave N Ste 202,
St Petersburg, FL 33701-3603
(727) 471-3538

Ana Juneja, Esq.
Ana Law LLC
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

*Attorneys for Plaintiff*

James M. Slater
Slater Legal PLLC
9000 Dadeland Boulevard #1500

4

Miami, Florida 33156
Tel.: (305) 523-9023
james@slater.legal

*Attorney for Hart*

Kelly Ann M. desRosiers
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer
Lorri@Lomnitzerlaw.com
Allison A. Mingo
Allison@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301

*Attorneys for Defendant*
WEM GLOBAL, INC