UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DURO BEAM, LLC,

    Plaintiff,

v.

WILLIAM E. MANNING, *et al.*,

    Defendants.

Case No. 9:24-cv-81550-RLR

**HART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(6) Defendants Ian Hart and Ian Hart Design, LLC (collectively, the "Hart Defendants") move to dismiss the operative Second Amended Complaint ("SAC") on the grounds that the single product review identified in Exhibit A thereto as connected to Hart Defendants is, on its face, nominative fair use, and because Plaintiff fails to demonstrate any confusion or deception. [ECF No. 35]. Because Plaintiff seeks to weaponize its trademarks to prevent lawful commentary about its products, the Court should grant this motion.

**I.    FACTUAL BACKGROUND**

Plaintiff Duro Beam, LLC asserts that it "is engaged in the business of providing high-quality steel building kits for residential and commercial purposes." SAC ¶ 5. It alleges that it conducts such business through various websites. *Id*. And it asserts it owns several DURO-formative trademarks (though DURO DOORS appears to be a pending trademark registration). *Id.* ¶ 18.[1]

---

[1] Despite clear notice that trademark owners must specific which trademarks are at issue, Plaintiff again merely lists a plurality of its marks without specifying which are at issue. *Valoro, LLC v. Valero Energy Corp.*, 2014 WL 3920035, at *5 (S.D. Fla. Aug. 11, 2014) ("[m]erely listing a plurality of marks which a

Relevant to the Hart Defendants, Plaintiff asserts that:

- Hart Defendants operated websites, including "metalbuildings.org," *id.* ¶ 15(c);

- Hart Defendants were "misleading consumers and diverting business opportunities from Plaintiff through deceptive practices on metalbuildings.org," *id.* ¶ 52;

- Hart Defendants published a page at metalbuildings.org/quonset-hut/durospan, titled "Durospan Quonset its by Duro Steel Buildings," *id.* pp. 23–26;

- "Defendant Ian Hart, through Ian Hart Design, LLC, and alleged to have owned and operated the website 'metalbuildings.org,' which prominently featured Plaintiff's DURO marks without authorization. This unauthorized use misled consumers into believing they were interacting with Plaintiff's brand, causing significant harm to Plaintiff's reputation and business interests. The misleading content on 'metalbuildings.org' created consumer confusion, diverting potential leads and business opportunities intended for Plaintiff to competitors, thereby diluting the distinctiveness of Plaintiff's brand," *id.* ¶ 43; *see also id.* ¶ 48.

- Ian Hart allegedly spoliated evidence and engaged in misconduct—on information and belief—when he received notice of the dispute in 2024 by, in defiance of the laws of physics, changing his web hosting in 2022 and losing access to emails two years before receiving notice of the dispute, *id.* ¶ 38; and

- Various emails about potential presuit settlement, which have no bearing on the alleged Lanham Act and state law deceptive trade practices claims.

Armed with these conclusory and threadbare allegations, Plaintiff accuses Hart Defendants of trademark infringement under 15 U.S.C. § 1125(a) (Count I); false designation of origin under 15 U.S.C. § 1125(a) (Count II); and violation of the Florida Deceptive and Unfair Trade Practices Act, section 501.201, Florida Statutes ("FDUTPA"). Because the SAC consists of conclusory allegations, it must be dismissed. Further, when considering that Plaintiff's claims center on a single product review, which, when carefully considered, is an example of nominative fair use, the claims against Hart Defendants should be dismissed on the merits.

---

trademark holder has acquired prior rights through use in commerce is not enough to put a party on notice of trademark infringement, . . .").

## II. MEMORANDUM OF LAW

### a. Legal Standard

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," but she "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (quotation omitted), which can allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman v. Comm'r*, 871 F.3d 1283, 1289 (11th Cir. 2017). This threshold "is not akin to a 'probability requirement'"—the plaintiff must merely allege "'enough fact to raise a reasonable expectation that the discovery will reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Factual content must allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman*, 871 F.3d at 1289.

The Eleventh Circuit thus applies a "two-pronged approach" in evaluating motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Further, a motion to dismiss made under Rule 12(b)(6) may be granted based on the presence of a valid affirmative defense "when [the complaint's] allegations--on their face--show that an affirmative defense bars recovery on the claim." *See Koger v. Florida*, 130 F. App'x 327, 332 (11th Cir. 2005) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001)).

*See also In re Dual–Deck Video Cassette Recorder Antitrust Litig.,* 11 F.3d 1460, 1467 (9th Cir. 1993) (affirming the district court's grant of a motion to dismiss a trademark infringement claim because defendant's use was fair use as a matter of law); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (affirming the grant of a motion to dismiss based on defendant's fair use affirmative defense, stating "the facts [Plaintiff] alleged in its complaint, as well as the attached exhibits, demonstrated that there was no likelihood of confusion and that the fair use defense conclusively applied as a matter of law"); *Setai Hotel Acquisitions, LLC v. Luxury Rentals Miami Beach, Inc.*, 2016 WL 7217730, at *3, (S.D. Fla. Dec. 9, 2016) (holding that "[w]here the pleadings fail to allege use of a mark beyond the fair use, ... the plaintiff fails to state a claim for which relief can be granted and dismissal without prejudice is appropriate."); *3Lions Publ'g, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1042 (M.D. Fla. 2019) (noting that "[t]he Court only considers a fair use affirmative defense when analyzing a 12(b)(6) motion if the facts necessary to make the determination are evident on the face of the complaint." (internal citations omitted)).

### b. The Product Review is Nominative Fair Use.

To begin, at the dismissal stage, courts are required to consider a complaint in its entirety, including any documents appended to it. *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018). Here, because Plaintiff has appended the product review at issue and "the facts necessary to make the determination [of a fair use affirmative defense at the dismissal stage] are evident on the face of the complaint," *Land's End at Sunset Beach Cmty. Ass'n v. Land's End Acquisition Corp.*, 2016 WL 9526680, at *8 (M.D. Fla. Nov. 7, 2016), the matter is ripe for the Court's review. *See also Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)("Affirmative defenses may be adjudicated at this stage in the litigation, however, where the facts necessary to establish the defense are evident on the face of the complaint.").

The fair use defense requires Hart Defendants to prove that they have "used the plaintiff's mark to describe the *plaintiff's* product for the purposes of ... comparison to the defendant's product." *Commodores Entm't Corp. v. McClary*, 314 F. Supp. 3d 1246, 1249 (M.D. Fla. 2018) (quoting *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150 (9th Cir. 2002)) (emphasis in original).

The Eleventh Circuit has not yet addressed nominative fair use as a defense. *Parsons v. Regna,* 847 F. App'x 766 (11th Cir. 2021). As the Eleventh Circuit in *Parsons* noted, there is a three-part Ninth Circuit test, as articulated in *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992), which is instructive. Under that test, a defendant must demonstrate three elements: first, the product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. *Id.* While not binding on this Court, the product review satisfies those elements.

First, the entire point of the review on the Metal Buildings website was showcase Plaintiff's product. Without using the DURO-formative marks, that simply is impossible. *See Earth, Wind & Fire IP, LLC v. Substantial Music Grp. LLC*, 720 F. Supp. 3d 1261, 1273 (S.D. Fla. 2024) ("The Ninth Circuit in *New Kids* wrote that 'one might refer to 'the two-time world champions' or 'the professional basketball team from Chicago,' but it's far simpler (and more likely to be understood) to refer to the Chicago Bulls."); *see also Cairns*, 292 F.3d at 1153 ("one might refer to 'the English princess who died in a car crash in 1997,' but it is far simpler (and more likely to be understood) to refer to 'Princess Diana.'").

Second, the product review details a specific product and outlines its qualities and how a reader could buy that product *from Plaintiff. Earth, Wind & Fire*, 720 F. Supp. 3d at 1274 ("if the

5

description of the defendant's product depends on the description of the plaintiff's product, more use of the plaintiff's trademark is 'reasonably necessary to identify the plaintiff's product' than in cases where the description of the defendant's product does not depend on the description of the plaintiff's product," quoting *Cairns*, 292 F.3d at 1154) (cleaned up). Here it is simply not possible to review Plaintiff's product without referencing it in detail. Moreover, the review is exceedingly complimentary and paints Plaintiff in a positive light.

And finally, the review expresses no sponsorship or affiliation with Plaintiff. *Cairns*, 292 F.3d at 1155–56. In *Cairns*, the Ninth Circuit found it persuasive that the products and advertisements were silent about whether they were "sponsored" or "endorsed" by the trademark owner, whereas other competitor products stated they were "authorized" by the trademark owner. *Id.*; *cf. Earth, Wind & Fire*, 720 F. Supp. 3d at 1276 (former band members included information in new project that "drew a close, unmistakable association with Earth, Wind & Fire to a degree unwarranted by the historical record").

Accordingly, because Plaintiff only complains about a positive product review that, on its face, only points readers *to Plaintiff* for purchase of the product, the SAC should be dismissed as to Hart Defendants.

### c. Plaintiff Fails to Demonstrate Consumer Confusion or Deception.

Even if questions about Hart Defendants' fair use defense remain, the SAC fails because Plaintiff does not explain how the product review was misleading or how the use of the alleged marks was unauthorized. *Gelsomino v. Horizon Unlimited, Inc.*, 2008 WL 4194842 (S.D. Fla. Sep.10, 2008) ("the plaintiff must allege that the mark was used in commerce by the defendant without the plaintiff's consent and that the defendant's use of the mark was likely to cause consumer confusion," citing *Optimum Tech. Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241

(11th Cir. 2007)); *see also ICON Health & Fitness, Inc. v. IFITNESS, Inc.*, 2012 WL 1120925, at *3 (S.D. Fla. Apr. 3, 2012) (Rule 8 satisfied because complaint asserted *how* consumers were likely to be deceived or confused). In fact, Plaintiff takes no issue with the contents of the product review at all. Such failure dooms Plaintiff's infringement, false advertising, and FDUTPA claims against Hart Defendants.

Plaintiff's legal conclusions and threadbare facts that the product review at metalbuildings.org/quonset-hut/durospan was "unauthorized use" that "misled consumers," and "caus[ed] significant harm to Plaintiff's reputation and business interests" and so forth, should be disregarded. Even so, those allegations are insufficient to sustain a claim for trademark infringement, unfair competition, or deceptive trade practices.

To begin, Plaintiff alleges infringement and false advertisement under section 1125(a) in Counts I and II.[2] Such claims arise under the Lanham Act arises when

1. Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

    (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another person; or

    (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person'sperson's goods, services, or commercial activities,

---

[2] Plaintiff's FDUTPA claims in Count III rise and fall with its Lanham Act claims and thus should be dismissed as well. *See, e.g.*, *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) (affirming district court's conclusion that "the legal analysis is the same" for "violations of the Lanham Act, FDUTPA, and Florida state common law for infringement and unfair competition."); *Gift of Learning Found., Inc. v. TGC, Inc.*, 329 F.3d 792, 801 (11th Cir. 2003) ("[T]he analysis of Florida statutory and common law claims for trademark infringement and unfair competition is the same as under the federal trademark infringement claim"); *Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1283 (S.D. Fla. 2012) ("FDUTPA claim 'rises or falls' on the success of its infringement claims").

15 U.S.C. § 1125(a)(1). Claims under section 1125(a) fall into two categories—passing off and false advertising—which "prohibit[] false or misleading descriptions of fact in commercial advertising and promotion." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1234 (11th Cir. 2004). To satisfy the requirements of false advertising under subsection section 1125(a), Plaintiff must show specific statements that were either "(1) commercial claims that are literally false as a factual matter" or "(2) claims that may be literally true or ambiguous but which implicitly convey a false impression, are misleading in context, or likely to deceive customers." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1261 (11th Cir. 2004). Put another way, Plaintiff must show "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services;" and (4) "the representations ... must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *Suntree Techs.*, 693 F.3d at 1349 (citation omitted; cleaned up).

Here, nothing in the product review demonstrates any false or misleading statements, where such statements were made to influence the purchase of another's product (other than Plaintiff's), including whether they were even "commercial advertising or promotion," as is required under 15 U.S.C. § 1125(a)(1)(B), and whether Hart Defendants had any ill intent with respect to purported statements, which this Court not even need to assume to be true. Indeed, the review is a *positive* review of Plaintiff's product.

Moreover, nothing in the SAC explains that Hart Defendants are in commercial competition with Plaintiff. Without knowing what the what, when, why, or where, it is impossible to determine whether they satisfy the requirements of section 1125. *Suntree Techs., Inc..,. v. Ecosense Int'l Inc.*, 693 F. 3d 1338, 1349 (11th Cir. 2012); *see also Concordia Pharms. Inc.,*

*S.A.R.L. v. Winder Lab'ys, LLC*, 2021 WL 3573118, at *15 (N.D. Ga. Feb. 17, 2021) ("[W]hen statements are so broadly disseminated, they are much more likely to constitute commercial advertising."). To the extent the claim is that readers clicked elsewhere on the metalbuildings.org website and were then diverted to another manufacturer, that goes well beyond the claim that the product review identified in Exhibit A—*which only directs readers to Plaintiff's eBay account to purchase from Plaintiff directly*—contains statements made to influence the purchase of others' products. Indeed, the only statements made on the product review "likely to influence the purchasing decision" of consumers are those made about Plaintiff—that consumers could buy Plaintiff's product on its eBay store (with a link) without having to wait for a quote. *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1319 (11th Cir. 2010). Even if Plaintiff could come up with some allegation that a certain aspect of the product review was deceptive, nothing in there is materially so. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1250 (11th Cir. 2002) ("The materiality requirement is based on the premise that not all deceptions affect consumer decisions."). On this basis, because there is no confusion or deceptive impression on the face of the product review, Plaintiff's Lanham Act and FDUTPA claims in the SAC must fail.

### III. CONCLUSION

Accordingly, the Court should dismiss Counts I-III of the SAC as to Hart Defendants.

Dated: May 19, 2025.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
9000 Dadeland Boulevard #1500
Miami, Florida 33156
Tel.: (305) 523-9023
james@slater.legal

*Attorneys for Hart Defendants*