UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

      Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL, INC., JEFFREY HOOGENDAM, 360CONNECT, LLC, IAN HART, IAN HART DESIGN, LLC and CMI MARKETING, INC.

      Defendants.
_____/

## DEFENDANTS WILLIAM E. MANNING AND WEM GLOBAL, INC., SUPPLEMENTAL FILING TO SUPPORT ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, WILLIAM E. MANNING ("MANNING") and WEM GLOBAL INC., ("WEM") (Collectively "Defendants WEM"), respectfully file this Supplement to the Motion to Dismiss Plaintiff's Second Amended Complaint based on recently filed and obtained information to further support its position.

1. On or about May 19, 2025, Defendants WEM filed its Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

2. At the time of filing, Plaintiff had yet to file the Affidavit of Service on either of the Defendants WEM although service was allegedly perfected on April 9, 2025. *See Dkt. Entry 41-42.*[1]

3. After reviewing these affidavits, Defendants WEM re-assert its position that

---

[1] These affidavits were filed on May 20, 2025.

service was not timely perfected as the Process Server affirms the service on April 9, 2025. *Id.*

4. Further, the affidavits are facially invalid as they fail to include a copy of the documents actually served to the individual MANNING and fail to overcome the sworn affidavit of MANNING advising that the documents served contained only the summons and document directed toward WEM. *See Exhibit A ¶10.*

5. Additionally, the process server only served the initial Complaint and not the First Amended Complaint which was the operative complaint at that time. *See Exhibit A.*

6. Important to note as well is the conflicting statements of identifying the person served. In the first affidavit the process server claims identity confirmed by subject nodding when named." *Dkt. Entry 41.* Yet, the second affidavit claims the "identity confirmed by subject stating their name." *Dkt. Entry 42.* Each of which are in direct contravention to the testimony of MANNING. *Exhibit A ¶10-11.*

7. Finally, to further support Defendants WEM's position that Plaintiff made no efforts to timely serve Defendants WEM – the date the service processor acknowledged receiving the documents to be served is April 8, 2025 – which is also outside the window for timely service.

## Conclusion

Defendants WEM renews and re-asserts all arguments raised in its Motion to Dismiss Plaintiff's Second Amended Complaint and respectfully requests this Honorable Court allow the filing of this supplemental information and incorporate the foregoing argument in review of

Defendants WEM's Motion to Dismiss Plaintiff's Second Amended Complaint. The arguments added in this supplemental filing are based on documents that were not available to Defendants WEM prior to the filing of the Motion. Had the documents been filed or made available to Defendants WEM prior to the preparation of its Motion to Dismiss, Defendants WEM would have incorporated the foregoing analysis for the Court's review.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May 2025, I served a copy of the foregoing to all counsel of record via the Court's ECF system.

Dated: May 20, 2025

Respectfully submitted,
By: /s/Kelly Ann M. desRosiers
Kelly Ann M. desRosiers
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
/s/Lorri Lomnitzer
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
/s/Allison A. Mingo
Allison A. Mingo
Florida Bar No. 1049308
Allison@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
Fax: (561) 953-3455
*Attorneys for Defendant*