UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

      Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL, INC., JEFFREY HOOGENDAM, 360CONNECT, LLC, IAN HART, IAN HART DESIGN, LLC and CMI MARKETING, INC.

      Defendants.
_____/

### DEFENDANTS WILLIAM E. MANNING AND WEM GLOBAL, INC., MOTION TO STRIKE OR IN THE ALTERNATIVE RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendants, WILLIAM E. MANNING ("MANNING") and WEM GLOBAL INC., ("WEM") (Collectively "Defendants WEM"), respectfully file this Motion to Strike Plaintiff's First Motion for Extension of Time to extend the deadline to effectuate service under Rule 4(m) or in the alternative files this Response in Opposition to the Motion. Defendants WEM state as follows:

1. On or about May 19, 2025, Defendants WEM filed its Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

2. At the time of filing, Plaintiff had yet to file the Affidavit of Service on either of the Defendants WEM although service was allegedly perfected on April 9, 2025. *See Dkt. Entry 41-42.*[1]

---
[1] These affidavits were filed on May 20, 2025.

1

3. On or about May 19, 2025, Defendants WEM served the requisite Safe Harbor letter on counsel for Plaintiff outlining the numerous issues with the Second Amended Complaint – most importantly Plaintiff's failure to properly and timely effect service upon Defendants WEM. *See Exhibit A Pg. 13.*[2]

4. Counsel for Plaintiff responded in an effort to demonstrate service was proper, however, after numerous back and forth, counsel for Plaintiff admitted, service was not timely. *See Exhibit A Pg. 2.*

5. After admitting the service was not timely, counsel for Plaintiff filed a Motion for Extension of Time to Effectuate Service pursuant to Rule 4(m) and requested this extension be retroactively applied. *Dkt. Entry 43.*

6. At no point during the back-and-forth communications did counsel for Plaintiff ever indicate or discuss with counsel for Defendant its intention to file this Motion or inquire as to Defendant's position regarding the relief sought in the motion.[3] *See Exhibit A Generally.*

7. In its Motion for Extension of Time, counsel for Plaintiff fraudulently represented to the Court in its Rule 7.1(a)(3) certification that it conferred with counsel for Defendant regarding the relief sought – this is false. *Dkt. Entry 43.*

8. Counsel for Defendants WEM immediately reached out to counsel for Plaintiff and requested the motion and false certification be withdrawn. *Exhibit B.*[4]

9. Counsel for Plaintiff has failed to withdraw this false certification timely after being placed on notice of the lack of conferral and material misrepresentation

---

[2] Exhibit A is a collection of email correspondence and is in chronological order from the last page to the first.
[3] As of the filing of this Response, counsel for Plaintiff has still failed to confer with counsel or withdraw the false certification as requested.
[4] Counsel for Defendants Ian Hart and Ian Hart Design, LLC also reached out to counsel for Plaintiff to request the false certification in the Motion be remedied as no conferral was made with his office either.

to the Court, as such Defendants WEM request the Motion be stricken based on the fraudulent representations as well as the failure to abide by this Court's Local Rule 7.1(a)(3).

**IN THE ALTERNATIVE – RESPONSE TO MOTION FOR EXTENSION OF TIME**

In the alternative, should this Honorable Court allow this Motion to be considered, Defendants WEM respectfully oppose this Motion and request it be denied, as it is significantly prejudicial to Defendants WEM and was not made in good faith nor has Plaintiff sufficiently demonstrated good cause for the delay. Defendants WEM reincorporate the arguments raised in its Supplemental Filing to the Motion to Dismiss filed with this Court on May 20, 2025 [*Dkt. Entry 43*] and its Motion to Dismiss the Second Amended Complaint to support this opposition as well. *Dkt. Entry 40.*

Plaintiff has not plead or demonstrated any good cause to support its significant delay in serving Defendants WEM. As Plaintiff cites in its own motion, Federal Rule of Civil Procedure 4(m) states that the Court must dismiss an action without prejudice if service is not completed with 90 days **unless the plaintiff shows good cause**. *Villaflor v. Ultimate Med. Acad., LLC*, 2016 U.S. Dist. LEXIS 139746 (October 7, 2016)(entering an order requiring any motion for extension to serve must be accompanied by supporting factual allegations.). In *Hirsch v. Dominion Enters.*, the Court denied the Plaintiff's motion to extend service and dismissed the non-served defendant because plaintiff failed to provide an explanation for the lack of service nor provided any examples of good cause or excusable neglect. *Hirsch v. Dominion Enters.,* 2008 U.S. Dist. LEXIS 129153 at *9 (April 17, 2008).

Similar to the plaintiff in *Hirsch,* Plaintiff's bare bones "motion" for extension of service has no supported factual allegations. In fact, the motion does not even inform the court of any attempts made to timely serve Defendants WEM nor why there was a delay in this service. In

3

simple review of the affidavits of service by the Plaintiff's process server, they did not receive the service documents until April 8, 2025 – which is outside the 90-day window for service.

In addition to the arguments raised in the Motion to Dismiss the Second Amended Complaint, the Supplement to the Motion to Dismiss and herein, Defendants WEM further assert this motion was not made in good faith.

Specifically, Plaintiff never made any efforts to timely serve Defendants WEM nor request an extension to serve the Defendants WEM until **after** it admitted that service was not timely. *See Exhibit A Page 2*. Counsel attempted to rely on an unfounded argument that based on the filing of an amended complaint on February 13, 2025 (no such filing exists) the service period renewed – but after admitting this filing did not exist, it was only then that Plaintiff sought to retroactively extend the service period. Defendants WEM placed counsel for Plaintiff on notice of its deficient service at least as early as May 6, 2025, when Defendants WEM filed its Motion to Dismiss the First Amended Complaint. *Dkt. Entry 33*. There was no request for extension of service made when the issue of untimely service was first raised, but once counsel for Plaintiff realized its fatal error, then its motion was made. Thus, demonstrating it is not in good faith but merely backpedaling to clean up the error.

Additionally, Defendants WEM have suffered significant prejudice based on Plaintiff's failure to timely serve. As explained in the Motion to Dismiss, Plaintiff continued litigating the matter with the remaining defendants in the action, including the drafting of a joint scheduling report, selecting a mediator and scheduling mediation – all prior to the service of Defendants WEM. Defendants WEM missed numerous deadlines based on the Court's entry to the Scheduling Report and Defendants WEM were not able to begin discovery (due to not being served) thus significantly prejudiced in its ability to fully discover and obtain evidence to support its case. Plaintiff merely asserts in its motion that the delay was "only 23 days" and that there has been no

prejudice to Defendants WEM – which is demonstrably false.

Further, Plaintiff cites to inapplicable cases to assert that Courts "routinely" grant these extensions. Each of the cases cited by Plaintiff are factually different. The *Horenkamp* case allowed an extension after finding no prejudice to the defendant but also granting as not allowing the extension and the matter to continue would bar it being refiled as the statute of limitations would run. *Horenkamp v. Vam Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005); *see also Lepone-Dempsey v. Carroll County Comm'rs.,* 476 F.3d 1277 (11th Cir. 2007)(reversing because the trial court failed to consider the issue of statute of limitations in dismissing the action.). Plaintiff also relies on *Rance v. Rocksolid Granite USA Inc.,* to support its position that the extension is "in the interest of justice" however in this matter, the U.S. Marshall failed to perform its duties to serve the defendant which demonstrated good cause – no such issues exists here.

## Conclusion

Defendants WEM respectfully request this Honorable Court grant this Motion and Strike the Plaintiff's Motion for Extension of Time to Serve Defendants WEM.

In the alternative, Defendants WEM request the Motion to Extend Service on Defendants WEM be denied as Plaintiff has failed to properly or timely serve Defendants WEM nor provided or demonstrated good cause or excusable neglect for such delay, the lack of service has significantly prejudiced Defendants WEM and the motion was not made in good faith. Defendants WEM requests the Court grant any other relief it deems fit.

## LOCAL RULE 7.1 CONFERRAL

Prior to filing this motion, counsel for Defendants WEM requested counsel for Plaintiff withdraw the motion, counsel for Plaintiff failed to do so nor properly inform the Court of the inaccurate conferral in the motion. No other conferral was necessary as the relief sought is directed to Plaintiff.

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May 2025, I served a copy of the foregoing to all counsel of record via the Court's ECF system.

Dated: May 21, 2025

Respectfully submitted,
By: /s/Kelly Ann M. desRosiers
Kelly Ann M. desRosiers
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
/s/Lorri Lomnitzer
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
/s/Allison A. Mingo
Allison A. Mingo
Florida Bar No. 1049308
Allison@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
Fax: (561) 953-3455
*Attorneys for Defendant*