# Exhibit "A"

| | |
|---|---|
| **From:** | Kelly Ann desRosiers |
| **To:** | Ana Juneja |
| **Cc:** | Lorri Lomnitzer; Allison Mingo; Andrea Pacheco; Eunice Tabinas; Maggie Sherman; Christeen Morquianos; Supreet Prasad; Docket Team |
| **Subject:** | RE: Registered: IMPORTANT CORRESPONDENCE FOR YOUR REVIEW |
| **Date:** | Tuesday, May 20, 2025 4:01:19 PM |

Ms. Juneja,

As explained, our office stands by our position raised in the Safe Harbor letter and our Motion to Dismiss.

In addition to the failure to timely serve, that you have now confirmed, the service was inadequate. There was no service of William Manning in his individual capacity. Your affidavit does not overcome the testimony and attachments to our client's affidavit to demonstrate service was completed. The only document provided was the summons on WEM Global as well as the original complaint, not the amended complaint which was the operative complaint.

Further, we stand by our positions that you have still failed to plead a cause of action for which it is entitled to relief as outline in our motion.

The case law you have cited is significantly factually different from the matter at hand and not applicable in this instance. I implore you to explore the significant amount of case law cited in our motion to dismiss that is factually analogous and also more recent.

Your position that there has been no prejudice is also unfounded. There was a joint scheduling report and order entered (without my client's inclusion) there was a mediator selected (without my client's inclusion) and a date for mediation entered (without my client's inclusion). There have been court-ordered deadlines missed due to your delay in serving my client. Further, you've again cited an inapplicable case. We've followed the Safe Harbor provision and are giving you the allotted amount of time to dismiss this action against our clients. Should you not abide, we will move for sanctions which are clearly warranted as no reasonable attorney would continue this lawsuit when knowing service has not been perfected properly nor timely – this is in addition to the insufficient pleading as well. The only reason for continuing this lawsuit would be in bad faith and continued efforts to harass our client.

We again demand you dismiss this matter against our client within the 21-day safe harbor period or we will seek any available sanctions against both you and the local counsel of record.

Best,

**Kelly Ann desRosiers, Esq.**
**Senior Attorney**
**The Lomnitzer Law Firm, P.A.**
7999 N. Federal Highway
Suite 202
Boca Raton, FL 33487
Phone:   (561) 953-9300

Direct:   (561) 948-1950
Fax:      (561) 953-3455
Email: Kelly@Lomnitzerlaw.com
www.Lomnitzerlaw.com

---

**From:** Ana Juneja <lawyer@analaw.com>
**Sent:** Tuesday, May 20, 2025 3:32 PM
**To:** Kelly Ann desRosiers <Kelly@Lomnitzerlaw.com>
**Cc:** Lorri Lomnitzer <lorri@Lomnitzerlaw.com>; Allison Mingo <Allison@Lomnitzerlaw.com>; Andrea Pacheco <Andrea@Lomnitzerlaw.com>; Eunice Tabinas <assistant@Lomnitzerlaw.com>; Maggie Sherman <maggie@Lomnitzerlaw.com>; Christeen Morquianos <christeen@analaw.com>; Supreet Prasad <supreet@analaw.com>; Docket Team <docket@analaw.com>
**Subject:** Re: Registered: IMPORTANT CORRESPONDENCE FOR YOUR REVIEW

> **CAUTION: External Sender. Please do not click on links or open attachments from senders you do not trust.**

After reviewing the docket, we acknowledge that the First Amended Complaint was filed on December 16, 2024. Accordingly, we withdraw our prior reference to a Rule 4(m) reset based on that date.

That said, Rule 4(m) does not mandate automatic dismissal for minor delays. The Eleventh Circuit has repeatedly held that courts may extend the service deadline even absent good cause, particularly where dismissal would elevate form over substance. See *Horenkamp v. Van Winkle, 402 F.3d 1129, 1132–33 (11th Cir. 2005)*; *Lepone-Dempsey v. Carroll Cnty., 476 F.3d 1277, 1282–83 (11th Cir. 2007)*.

Here, service was completed on April 9, 2025 -- 23 days after the Rule 4(m) deadline. Defendants received actual notice via sworn personal service, and have suffered no prejudice. Plaintiff has prosecuted this matter in good faith and will seek appropriate relief from the Court should any challenge be raised.

In this posture, a Rule 11 motion is not only unwarranted but would itself risk violating Rule 11. A short, non-prejudicial delay in service (backed by affidavits and cured by actual notice) does not approach the threshold for objective frivolity. See *Kaplan v. Daimlerchrysler, 331 F.3d 1251, 1256 (11th Cir. 2003)*. The safe harbor rule is intended to deter precisely this sort of tactical overreach.

Should your office proceed with filing, we will respond accordingly and preserve all

rights to seek sanctions under Rule 11(c), 28 U.S.C. § 1927, and the Court's inherent authority.

Ana Juneja
Attorney | Ana Law LLC
Office: 202-266-7100 | Fax: 202-266-7101
Direct: 202-266-7102 | lawyer@analaw.com | analaw.com
1300 Pennsylvania Ave NW Suite 700 | Washington DC 20004
***********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
***********************************************************************

On Tue, May 20, 2025 at 1:54 PM Kelly Ann desRosiers <Kelly@lomnitzerlaw.com> wrote:

> Ms. Juneja,
>
> I'm not sure what docket you are reviewing, but your first amended complaint and complaint were filed the same day. December 16, 2024. There is no filing in this matter on February 13, 2025. Feel free to take a look at the attached docket. Notwithstanding, even if there was a filing (there wasn't) the case you cited is still inapplicable. The case you raise specifically states prior to service on *any* defendant. The remaining Defendants in the action waived service in January of 2024 – prior to your alleged "amended" complaint – therefore the amended complaint would not begin the 90-day calendar anew.
>
> Further, your "affidavit" of service, still does not remedy the testimony from my client. Your process server did not serve Mr. Manning in his individual capacity. The documents provided did not include the summons to Mr. Manning as an individual and there was only one copy of the complaint attached to the summons directed solely to WEM Global. Additionally, as outlined in the Affidavit, your process server served the Complaint not the First Amended Complaint, which at the time of "service" was the operative complaint. You failed to properly or timely serve WEM Global or William Manning.
>
> We will not continue this pointless correspondence. You did not timely serve my client, and you have acknowledged such. Failure to dismiss these claims against my client will result in our filing of the Motions for Sanctions. I strongly suggest you review the rules of civil procedure and the actual history of this case.
>
> Best,
>
> Kelly Ann desRosiers, Esq.
> Senior Attorney
> The Lomnitzer Law Firm, P.A.
> 7999 N. Federal Highway
> Suite 202
> Boca Raton, FL 33487

Phone:   (561) 953-9300
Direct:   (561) 948-1950
Fax:      (561) 953-3455
Email: Kelly@Lomnitzerlaw.com
www.Lomnitzerlaw.com

---

From: Ana Juneja <lawyer@analaw.com>
Sent: Tuesday, May 20, 2025 1:35 PM
To: Kelly Ann desRosiers <Kelly@Lomnitzerlaw.com>
Cc: Lorri Lomnitzer <lorri@Lomnitzerlaw.com>; Allison Mingo <Allison@Lomnitzerlaw.com>;
Andrea Pacheco <Andrea@Lomnitzerlaw.com>; Eunice Tabinas
<assistant@Lomnitzerlaw.com>; Maggie Sherman <maggie@Lomnitzerlaw.com>; Christeen
Morquianos <christeen@analaw.com>; Supreet Prasad <supreet@analaw.com>; Docket Team
<docket@analaw.com>
Subject: Re: Registered: IMPORTANT CORRESPONDENCE FOR YOUR REVIEW

> **CAUTION: External Sender. Please do not click on links or open attachments from senders you do not trust.**

Counselor,

This correspondence is served pursuant to Federal Rule of Civil Procedure 11(c)(2)
in response to your continued threat of sanctions. Based on your May 20 emails
and your previously circulated draft motion, it is now clear your position rests on
demonstrably false factual claims and an untenable reading of Rule 4. The
threatened motion is improper and, if filed, will be met with a formal request for
reciprocal sanctions and fees.

**I. Rule 4(m) Service Was Timely**

Your assertion that service was untimely ignores the procedural reset triggered by
Plaintiff's First Amended Complaint, filed on February 13, 2025—prior to any
service. As courts have repeatedly held, when an amended complaint is filed
before service on any defendant, the 90-day clock under Rule 4(m) begins anew.
See *Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006)*; *Stewart v. City
of Houston, 2007 WL 4563485, at \*2 (S.D. Tex. Dec. 21, 2007)*; *Fed. R. Civ. P. 4(m),
Advisory Comm. Note to 1993 Amend*.

That gives Plaintiff until May 14, 2025. Service was effected on April 9, 2025—more
than five weeks ahead of the deadline. The Court will not entertain a Rule 11

motion predicated on a failure to apply Rule 4(m) correctly.

**II. Personal Service on Mr. Manning Was Executed and Documented**

Your argument that Mr. Manning was not served individually is squarely contradicted by the sworn affidavit of service, which specifies that documents were hand-delivered to "William Manning (self)" at his residence. Mr. Manning's declaration does not deny receipt of the documents—only that the process server did not explain their contents. That is irrelevant under federal law. See *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 35 (D.D.C. 2006); *TikTok Inc. v. Trump, 2020 WL 7233557, at *6 (D.D.C. Nov. 30, 2020)*; *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992).

Your continued reliance on the April 8 "handoff" to the process server ignores binding authority: Rule 4 focuses on the date of delivery to the defendant—not to the courier. The Eleventh Circuit has made this clear. See *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281–82 (11th Cir. 2007).

**III. There Is No Legal or Factual Basis for Sanctions**

A Rule 11 motion must be grounded in objectively unreasonable conduct. Your draft motion is instead based on a willful misstatement of record evidence and governing law. Courts in this Circuit routinely reject motions premised on disputable procedural theories—particularly where, as here, the record shows timely service, actual notice, and no prejudice. See *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1256 (11th Cir. 2003); *Young Apartments, Inc. v. Town of Jupiter*, 503 F.3d 1161, 1171–72 (11th Cir. 2007).

Further, your draft motion ignores the current operative complaint. The Second Amended Complaint was filed May 12, 2025. Any motion served after that date must be evaluated against the operative pleading. See *Davis v. Carl, 906 F.2d 533, 538 n.9 (11th Cir. 1990)*. Your continued reliance on outdated filings is itself sanctionable under Rule 11(b)(2).

**IV. No Dismissal with Prejudice Is Permissible Under Rule 4(m)**

Even assuming arguendo that service had been technically late—which it was not—dismissal under Rule 4(m) is without prejudice unless the plaintiff acted in bad faith or the defendant was prejudiced. Your client received actual notice,

acknowledged receipt, and suffered no prejudice. See *Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1133 (11th Cir. 2005)*. There is no factual or legal basis for your demand for dismissal with prejudice.

**Conclusion**

Your repeated misstatements—both in correspondence and in your draft Rule 11 motion—are not protected by adversarial zeal. They cross into sanctionable territory. Plaintiff will not withdraw meritorious claims, nor will it be coerced into doing so through misuse of Rule 11. Should your office proceed, we will file a cross-motion under Rule 11(c) and seek full recovery of attorneys' fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

We request formal written confirmation by close of business today whether your office intends to proceed with the threatened filing. All rights remain expressly reserved.

Ana Juneja
Attorney | Ana Law LLC
Office: 202-266-7100 | Fax: 202-266-7101
Direct: 202-266-7102 | lawyer@analaw.com | analaw.com
1300 Pennsylvania Ave NW Suite 700 | Washington DC 20004
*************************************************************************

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*************************************************************************

On Tue, May 20, 2025 at 8:57 AM Kelly Ann desRosiers <Kelly@lomnitzerlaw.com> wrote:

> Ms. Juneja,
>
> That rule provides a <u>90-day period</u> from the filing of the complaint for service of process. See *Fed. R. Civ. P. 4(m)*. We agree – April 9[th] is <u>113 days</u> from the date of filing your complaint thus untimely. Your Complaint was filed December 16th 2024.
>
> The date of handoff to the processor further demonstrates our position that your office made no efforts to properly serve our client within the 90-day window.
>
> Again, dismiss our client with prejudice or we will seek sanctions. You have now acknowledged your understanding of the rule and the date of "service" on our clients.

**Best,**

**Kelly Ann desRosiers, Esq.**
**Senior Attorney**
**The Lomnitzer Law Firm, P.A.**
**7999 N. Federal Highway**
**Suite 202**
**Boca Raton, FL 33487**
**Phone:   (561) 953-9300**
**Direct:   (561) 948-1950**
**Fax:      (561) 953-3455**
**Email: Kelly@Lomnitzerlaw.com**
**www.Lomnitzerlaw.com**

---

**From: Ana Juneja <lawyer@analaw.com>**
**Sent: Tuesday, May 20, 2025 8:52 AM**
**To: Kelly Ann desRosiers <Kelly@Lomnitzerlaw.com>**
**Cc: Lorri Lomnitzer <lorri@Lomnitzerlaw.com>; Allison Mingo <Allison@Lomnitzerlaw.com>;
Andrea Pacheco <Andrea@Lomnitzerlaw.com>; Eunice Tabinas
<assistant@Lomnitzerlaw.com>; Maggie Sherman <maggie@Lomnitzerlaw.com>; Christeen
Morquianos <christeen@analaw.com>; Supreet Prasad <supreet@analaw.com>; Docket
Team <docket@analaw.com>**
**Subject: Re: Registered: IMPORTANT CORRESPONDENCE FOR YOUR REVIEW**

> **CAUTION: External Sender. Please do not click on links or open attachments from senders
> you do not trust.**

We disagree that service was untimely or ineffective under Rule 4(m). That rule
provides a 90-day period from the filing of the complaint for service of process.
See *Fed. R. Civ. P. 4(m)*. Plaintiff served both Defendants on April 9, 2025, well
within the deadline. The sworn affidavits of service, now filed on the docket,
confirm personal service on Mr. Manning individually and on WEM Global
through Mr. Manning as its registered agent. Your reliance on the April 8 vendor
handoff is legally irrelevant; service is complete upon delivery to the defendant,
not when the server receives the documents. See *Precision Etchings &
Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992)* ("The plain
purpose of Rule 4 is to ensure actual notice, not to insist on ritualistic
formality.").

Your argument that Mr. Manning was only served in a corporate capacity is
likewise contradicted by the filed affidavit, which states service was made to

"William Manning (self)" at his residence. Mr. Manning's own declaration admits receipt. The law is clear: a process server is not required to explain the documents. See *Ali v. Mid-Atl. Settlement Servs., Inc., 233 F.R.D. 32, 35 (D.D.C. 2006)*; *TikTok Inc. v. Trump, 2020 WL 7233557, at \*6 (D.D.C. Nov. 30, 2020)*.

As for your claim that the Second Amended Complaint is procedurally defective, we stand by our position that it cures all prior Rule 8 issues and is now the operative pleading. Attacking an earlier version is procedurally improper. See *Davis v. Carl, 906 F.2d 533, 538 n.9 (11th Cir. 1990)*.

Finally, if your office proceeds with filing a motion premised on factual assertions that are now publicly rebutted by the docket, Plaintiff reserves the right to seek reciprocal sanctions and fees under Rule 11(c). See *Young Apartments, Inc. v. Town of Jupiter, 503 F.3d 1161, 1171–72 (11th Cir. 2007)*; *Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1256 (11th Cir. 2003)*.

Please confirm whether you intend to withdraw the Rule 11 motion, or whether we should prepare to oppose it in full on the record.

Ana Juneja
Attorney | Ana Law LLC
Office: 202-266-7100 | Fax: 202-266-7101
Direct: 202-266-7102 | lawyer@analaw.com | analaw.com
1300 Pennsylvania Ave NW Suite 700 | Washington DC 20004
**************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**************************************************************************

On Tue, May 20, 2025 at 8:27 AM Kelly Ann desRosiers
<Kelly@lomnitzerlaw.com> wrote:

> Ms. Juneja,
>
> We stand by our motions and seeking of sanctions. I suggest you review the motions more clearly as well as Rule 4(m). Even by your own admission you failed to timely serve my client, nor is there any good cause as based on the affidavits (which also were not timely filed) your process server only received the documents on April 8, 2025. Your "affidavit" also fails to overcome our client's testimony advising that there no documents served regarding Mr. Manning individually. As clearly stated in his affidavit, the only documents provided were regarding WEM Global. You have not provided any evidence to overcome this testimony. We've also raised the arguments regarding the operative complaint – again read the motion. Your Second Amended Complaint is

**still procedurally deficient.**

**Dismiss the counts against my client for failure to timely serve or we will seek sanctions.**

**Best,**

**Kelly Ann desRosiers, Esq.**
**Senior Attorney**
**The Lomnitzer Law Firm, P.A.**
**7999 N. Federal Highway**
**Suite 202**
**Boca Raton, FL 33487**
**Phone:   (561) 953-9300**
**Direct:   (561) 948-1950**
**Fax:      (561) 953-3455**
**Email: Kelly@Lomnitzerlaw.com**
**www.Lomnitzerlaw.com**

**Get Outlook for iOS**

---

**From: Ana Juneja <lawyer@analaw.com>**
**Sent: Tuesday, May 20, 2025 7:41:00 AM**
**To: Kelly Ann desRosiers <Kelly@Lomnitzerlaw.com>**
**Cc: Lorri Lomnitzer <lorri@Lomnitzerlaw.com>; Allison Mingo**
**<Allison@Lomnitzerlaw.com>; Andrea Pacheco <Andrea@Lomnitzerlaw.com>; Eunice**
**Tabinas <assistant@Lomnitzerlaw.com>; Maggie Sherman <maggie@Lomnitzerlaw.com>;**
**Docket Team <docket@analaw.com>; Christeen Morquianos <christeen@analaw.com>;**
**Supreet Prasad <supreet@analaw.com>**
**Subject: Re: Registered: IMPORTANT CORRESPONDENCE FOR YOUR REVIEW**

> **CAUTION: External Sender. Please do not click on links or open attachments from**
> **senders you do not trust.**

**Dear Ms. desRosiers,**

**This correspondence is served pursuant to Federal Rule of Civil Procedure**
**11(c)(2) and is made within the 21-day safe harbor period in response to your**
**May 19, 2025 letter and proposed Rule 11 motion. For the reasons outlined**
**below, we respectfully request that your office withdraw the threatened**
**motion in full, as it is based on demonstrably false factual assertions,**
**procedural mischaracterizations, and legally unsupported applications of**

Rule 11.

**I. Proof of Proper Service on Both Defendants**

Your motion's central factual claim—that "Mr. Manning has not been served" and that WEM Global was not properly served—is categorically false and contradicted by the record.

William Manning was personally served on April 9, 2025, at 4:24 PM at his residence in Lake Worth, Florida. The process server confirmed Mr. Manning's identity and hand-delivered the summons and complaint. (ABC Legal Tracking #: 0165128137; see Fed. R. Civ. P. 4(e)(2)(A)).

WEM Global, Inc. was served the same day, at the same address, via Mr. Manning in his capacity as registered agent. (ABC Legal Tracking #: 0165127840; see Fed. R. Civ. P. 4(h)(1)(B)).

Sworn declarations of service, executed under penalty of perjury, are being filed on the docket shortly. Your motion was served after these events occurred and falsely states that no service has taken place. Reliance on a non-substantive administrative delay in docketing to support a claim of nonexistent service—particularly where actual delivery is undisputed—evinces bad faith. See Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992) ("The plain purpose of Rule 4 is to ensure actual notice, not to insist on ritualistic formality."); see also Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999) (finding dismissal for service delay inappropriate absent prejudice).

Mr. Manning's own declaration (Exhibit A to your Motion to Dismiss) does not deny receipt of the documents. It merely asserts that the process server did not explain what was being delivered. That is legally irrelevant. See Ali v. Mid-Atlantic Settlement Servs., Inc., 233 F.R.D. 32, 35 (D.D.C. 2006) ("A process server is not required to identify himself or explain the nature of the documents."); TikTok Inc. v. Trump, No. 20-cv-2658, 2020 WL 7233557, at *6 (D.D.C. Nov. 30, 2020) ("The Federal Rules require only that the summons and complaint be delivered to the individual personally.").

Your concurrently filed Motion to Dismiss (Dkt. 40) repeats the same false assertion of defective service, again supported by the same declaration. The

Eleventh Circuit has made clear that sanctions under Rule 11 are appropriate where a party misrepresents facts that are directly contradicted by the public record. See Young Apartments, Inc. v. Town of Jupiter, 503 F.3d 1161, 1171–72 (11th Cir. 2007) (affirming sanctions where party failed to investigate its factual claims in light of available filings).

## II. Your Motion Ignores the Operative Pleading

Your motion attacks the First Amended Complaint, which is not the operative pleading. On May 12, 2025—seven days before your Rule 11 letter—Plaintiff filed its Second Amended Complaint, which supersedes all prior versions. A Rule 11 motion must be assessed against the operative filing in effect at the time of service. See Davis v. Carl, 906 F.2d 533, 538 n.9 (11th Cir. 1990) ("A court's consideration of a Rule 11 motion is limited to the conduct occurring at the time the pleading was signed."); see also Jenkins v. Methodist Hosps. of Dallas, 478 F.3d 255, 265–66 (5th Cir. 2007) (rejecting sanctions based on earlier, superseded complaint).

The Second Amended Complaint:

- Identifies each Defendant and their specific roles;
- Cures all prior "shotgun" defects;
- Pleads factual support for each claim, including documentary exhibits;
- Grounds its damages theory in actual consumer confusion and diverted leads.

Failure to even acknowledge the operative pleading undermines the integrity of your motion.

## III. Use of Settlement Communications Is Lawful Under Rule 408

Your letter alleges that Plaintiff's citation of communications involving co-Defendant counsel violates Rule 408. That assertion misstates the law.

Rule 408 only bars the use of compromise offers to prove or disprove the validity or amount of a disputed claim. It expressly permits the use of such materials for "another purpose," including to show agency, notice, bad faith, or coordination. See Blu-J, Inc. v. Kemper C.P.A. Group, 916 F.2d 637, 641–42 (11th Cir. 1990); U.S. ex rel. Martin v. Life Care Ctrs. of Am., Inc., 912 F. Supp.

2d 618, 623 (E.D. Tenn. 2012); Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 510 (2d Cir. 1989).

Here, Plaintiff references emails involving Ms. Warshaw solely to show:

- That Mr. Manning was repeatedly identified as a principal operator of the infringing scheme;
- That all Defendants acted with shared knowledge and agency;
- That content removal and resolution discussions confirm control and involvement.

This use is squarely within Rule 408's "other purpose" exception and cannot support sanctions.

### IV. Plaintiff's Factual Investigation Was Reasonable and Conducted in Good Faith

Rule 11(b)(3) permits factual allegations so long as they have evidentiary support or are likely to after discovery. See Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254–55 (11th Cir. 1996).

Here, Plaintiff's investigation included:

- Testing the infringing lead forms and documenting redirect responses;
- Capturing and preserving screenshots showing misuse of registered marks;
- Obtaining emails and written statements identifying Manning and WEM as involved parties;
- Cross-referencing WHOIS data and metadata;
- Attaching supporting exhibits to the Second Amended Complaint.

This investigation meets and exceeds the standards of Rule 11. Alleging that these claims are speculative, in light of what is pled and attached, is not only incorrect but misleading.

### V. Your Threatened Motion May Itself Violate Rule 11

Should your office proceed with filing the threatened motion, Plaintiff will consider seeking reciprocal sanctions under Rule 11(c), including attorneys' fees and costs. Specifically:

- Asserting lack of service in the face of executed declarations and admitted delivery violates Rule 11(b)(3);
- Attacking an outdated complaint while ignoring the operative pleading violates Rule 11(b)(2);
- Misrepresenting the scope of Rule 408 demonstrates a reckless disregard for controlling law.

See Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1256 (11th Cir. 2003) (affirming sanctions for misrepresenting factual record and misapplying governing law); see also In re BankAtlantic Bancorp, Inc. Sec. Litig., No. 07-61542-CIV, 2011 WL 1585605, at *3 (S.D. Fla. Apr. 25, 2011) (Rule 11 sanctions appropriate for "objectively frivolous" filings).

Conclusion

Your Rule 11 motion is procedurally flawed, factually unsupported, and legally baseless. We request formal confirmation that it will not be filed with the Court. Plaintiff reserves all rights under Rule 11(c) and otherwise.

**Ana Juneja**
Attorney | Ana Law LLC
Office: 202-266-7100 | Fax: 202-266-7101
Direct: 202-266-7102 | lawyer@analaw.com | analaw.com
1300 Pennsylvania Ave NW Suite 700 | Washington DC 20004
*************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*************************************************************************

On Mon, May 19, 2025 at 4:45 PM Maggie Sherman <maggie@lomnitzerlaw.com> wrote:



REGISTERED EMAIL™ | CERTIFIED DELIVERY

This is a Registered Email™ message from **Maggie Sherman**.

Enclosed please find a courtesy copy of correspondence dated May 19, 2025.

We await your response.

**Thank you.**

Andrea Pacheco

Paralegal

The Lomnitzer Law Firm, P.A.
7999 N. Federal Highway

Suite 202
Boca Raton, FL 33487
Phone:   (561) 953-9300

Direct:  (561) 948-1951
Fax:      (561) 953-3455

Email: Andrea@Lomnitzerlaw.com

www.Lomnitzerlaw.com

---

RPOST ® PATENTED