**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:24-CV-81550-ROSENBERG**

DURO BEAM, LLC

    Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL,
INC., JEFFREY HOOGENDAM, 360CONNECT,
LLC, IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.

    Defendants.

_____/

**NONPARTY JEFFREY HOOGENDAM'S**
**<u>MOTION TO DISMISS SECOND AMENDED COMPLAINT [DE 35]</u>**

   Nonparty, Jeffrey Hoogendam, respectfully moves this Court to dismiss the Second Amended Complaint, DE 35, as against him.[1] The Court dismissed Mr. Hoogendam from this case, DE 34, for lack of personal jurisdiction under Fed. R. of Civ. P. 12(b)(2). That dismissal constitutes ***res judicata on the issue of personal jurisdiction*** such that Mr. Hoogendam cannot be sued again in this District or anywhere else in Florida. Having been conclusively dismissed and not formally served with a Summons and the Second Amended Complaint, Mr. Hoogendam is currently in the position of **<u>non-party</u>** to this action. In support of dismissal, again, he attaches as the **Exhibit** to this Motion a second Declaration and further states:

---

[1] Plaintiff labels its pleading, "Amended Complaint." However, it is Plaintiff's Second Amended Complaint preceded by an Amended Complaint, DE 7.

**Procedural History**

On March 10, 2025, Mr. Hoogendam filed his Motion to Dismiss the Amended Complaint for, *inter alia*, lack of personal jurisdiction. DE 24. As explained in Mr. Hoogendam's highly detailed Declaration, DE 24-1, submitted with the Motion, he is a resident of Austin, Texas with no jurisdictional ties to Florida who is protected by the corporate shield doctrine.

Plaintiff responded to Mr. Hoogendam's Motion to Dismiss, but only in cursory fashion. DE 27 at 3. The sum and substance of Plaintiff's brief response is that Mr. Hoogendam committed intentional misconduct by "personally participating in the misconduct at issue." *Id*. at 4. Plaintiff did not submit an affidavit or any counterevidence rebutting or refuting the jurisdictional facts set forth in Mr. Hoogendam's Declaration.

Following a reply by Mr. Hoogendam, the Court entered an Order granting his Motion to Dismiss. The Court explained:

> Mr. Hoogendam argues that this Court may not exercise personal jurisdiction [over] him—he raises a ***factual challenge*** to personal jurisdiction under Rule 12(b)(2). In support of his argument, Mr. Hoogendam attaches an affidavit to his Motion that attests that he has no connection with Florida whatsoever; the affidavit ***refutes every factual basis upon which Florida's long-arm statute could apply in this case***.
>
> When a defendant challenges personal jurisdiction with an affidavit, the burden shifts to the plaintiff to produce evidence supporting jurisdiction. *E.g.*, *Stubbs v. Wyndham*, 447 F.3d 1357, 1360 (11th Cir. 2006). Here, the Plaintiff has ***not met its burden by producing any counterevidence***, and instead limits its response to the argument that its allegations in the Complaint are sufficient. Mr. Hoogendam's Motion is therefore GRANTED and he is DISMISSED from this case on personal jurisdiction grounds.

DE 34 (emphasis added).

The Court also dismissed the Amended Complaint as against 360Connect, LLC ("360Connect"). The Court was "unable to discern what wrongdoing 360Connect is alleged to have committed" and that the complaint "is a shotgun pleading that does not give any Defendant

fair notice of a claim." *Id*. at 2-3. The dismissal as to 360Connect was with leave to amend. *Id*. at 3.

Notwithstanding the Court's conclusive factual dismissal of Mr. Hoogendam on jurisdictional grounds, Plaintiff added him back into the Second Amended Complaint. Plaintiff never summoned Mr. Hoogendam nor personally served him with the new pleading. As explained below, he is not technically a party to this action because the Court's dismissal of him operates as res judicata on the issue of personal jurisdiction in Florida.

On May 13, 2025, 360Connect filed a Motion for Clarification of the Order of Dismissal. DE 36. As explained in the Motion for Clarification, "a dismissal due to lack of personal jurisdiction acts as *res judicata* for the jurisdictional issue." *Posner v. Essex Ins. Co*., 178 F.3d 1209 (11th Cir. 1999). Thus, 360Connect requested clarification of the Order of Dismissal, DE 34, to inform Plaintiff that Mr. Hoogendam may not be sued in Florida and that Plaintiff should therefore file a Third Amended Complaint removing him.

On May 21, 2025, the Court denied the Motion for Clarification, explaining, to the extent the Movant argues that the amended complaint does not comply with the Court's prior rulings, that argument is more appropriately raised in a motion to dismiss." DE 45.

This Motion to Dismiss, on behalf of Mr. Hoogendam who is technically not a party, follows.

1. <u>**The Court's dismissal due to lack of personal jurisdiction over Mr. Hoogendam acts as res judicata for the jurisdictional issue**</u>.

In *Posner v. Essex Ins. Co*., 178 F.3d 1209 (11th Cir. 1999), the trial court dismissed claims under Rule 12(b)(2) for lack of personal jurisdiction with prejudice. The Eleventh Circuit affirmed the dismissal but stated it should be "without prejudice." *Id*. at 1221. Importantly for purposes of this Motion, the court explained: "This holding does not preclude further litigation of these claims

on the merits, <u>but it does preclude that litigation from occurring in Florida</u>." *Id*. (citation omitted). "In other words, a dismissal due to lack of personal jurisdiction <u>acts as res judicata for the jurisdictional issue</u>. *Id*. (citing *North Georgia Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432–33 (11th Cir.1993)).

In *Hoeltzell v. Caldera Graphics*, No. 11-21245, 2012 WL 13012760 (S.D. Fla. Feb. 10, 2012), the court dismissed the defendant on jurisdictional grounds and ordered him terminated as a party. *Id*. at *1. The plaintiff, which, like here, had not provided any evidence to refute the defendant's personal jurisdiction challenge, filed an amended complaint adding him back into the case. Following *Posner*, the court explained:

> Because the Court determined that it lacked jurisdiction over Mr. Mergui, it was compelled to dismiss the claims against him, but could not reach the merits of the case or dismiss those claims with prejudice….<u>The dismissal without prejudice, however, was only so as not to preclude plaintiff from refiling in a forum in which personal jurisdiction may be proper</u>….The Court's order did not indicate or expect that the claims against Mr. Mergui could be reasserted later in this litigation….

*Id*. (citations omitted; emphasis added). "Thus, echoing the facts here, the court in *Posner* held that where personal jurisdiction was not shown under Florida's long-arm statute, the plaintiff was not entitled to amend its complaint and was precluded from litigating such a claim in Florida." *Id*. at *2.

This Court dismissed Mr. Hoogendam on personal jurisdiction grounds. That dismissal acts as *res judicata* for the jurisdictional issue in Florida. *See Posner*. While the dismissal does not preclude further litigation of the claims against Mr. Hoogendam on the merits in another state, "it does preclude that litigation from occurring in Florida." *See id*. Thus, Plaintiff's attempt at another "bite at the apple" fails on its face.

In conferrals concerning this matter, Plaintiff's counsel stated:

> You are misstating both the law and the case. Res judicata applies only to the jurisdictional facts that were already adjudicated. It does not bar Plaintiff from alleging new facts that establish personal jurisdiction over Mr. Hoogendam. The case law confirms that dismissal for lack of jurisdiction is without prejudice. We stand by the amended complaint. If you disagree, feel free to raise it in a motion.

That argument is specious. The "jurisdictional facts" were, indeed, adjudicated by the Court. *See* DE 34 at 2-3. The Eleventh Circuit's opinion in *Posner* could not be clearer: the Order acts as *res judicata* for the jurisdictional issue. Mr. Hoogendam categorically cannot be sued in Florida for the claims Plaintiff asserts against him.

## 2.  Mr. Hoogendam's Undisputed Declaration Factually Proves he is not Subject to Personal Jurisdiction in Florida.

The Court has already determined, based on the undisputed facts presented in Mr. Hoogendam's Declaration, DE 24-1, that it lacks jurisdiction over Mr. Hoogendam. The Court is therefore "compelled to dismiss the claims against him." *Hoeltzell, supra.* Mr. Hoogendam is not required to re-prove what he has already conclusively proven to the Court. In any event, the Second Amended Complaint is unverified and the record facts set forth in Mr. Hoogendam's initial Declaration remain undisputed. The Court does not have personal jurisdiction over him.

## 3.  Plaintiff's New Allegations Cannot Revive Personal Jurisdiction and are Otherwise Legally Insufficient.

In the first "go round," Plaintiff elected not to factually challenge personal jurisdiction over Mr. Hoogendam, relying instead on its sufficiency-of-pleading argument. As discussed above, because the Order of Dismissal operates as *res judicata*, the Court does not possess jurisdiction over Mr. Hoogendam to even entertain Plaintiff's request for a "mulligan" against him.

In any event, even if res judicata did not apply (which it does) and even if the Court could consider the new allegations concerning Mr. Hoogendam that Plaintiff injects into the Second Amended Complaint, they are legally insufficient to overcome the corporate shield doctrine or

otherwise establish personal jurisdiction over him. Plaintiff's brand-new allegations, unverified, phantasmic, and desperately peppered throughout the Second Amended Complaint, are, in sum, that he:

- personally orchestrated, directed, and supervised the infringing activities at issue, knowing they would target and cause harm to Plaintiff;

- was the "principal architect of the deceptive lead diversion scheme"

- personally negotiated agreements and "instructing affiliates to use" Plaintiff's trademarks;

- oversees advertising strategies designed to mislead consumers in Florida;

- "upon information and belief," monitored and directed advertising metrics that specifically tracked lead generation and sales conversions in Florida;

- upon "belief that discovery will reveal communications," instructed affiliates to target Florida consumers searching for Duro Beam steel buildings; and

- performed "for his direct personal benefit and profit"

DE 35, ¶ 15(b). Putting aside that these are unverified and unsubstantiated allegations created at the "eleventh hour" to try to undo the Court's conclusive dismissal of Mr. Hoogendam, they do not re-establish personal jurisdiction.

The corporate shield doctrine provides that "a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee." *Frida Kahlo Corp. v. Pinedo*, No. 1:22-CV-22399-Gayles/Torres, 2023 WL 9473827 at *5 (S.D. Fla. Dec. 28, 2023) (citing *Kitroser v. Hurt*, 85 So. 3d 1084, 1089 (Fla. 2012)). This is because "it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own

benefit but for the benefit of his employer." *Id*. (citing *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993)).

Further, while intentional misconduct by an individual defendant may constitute an exception to the corporate shield doctrine, "Florida courts require that the intentional tort be committed for the corporate officer's personal benefit." *Id*. (citing *VIS Holdings Corp. v. Cooper*, No. 07-20882, 2007 WL 9702900 at *6 (S.D. Fla. Dec. 11, 2007); *Smith v. Panera Bread*, No. 08-60697-Civ-Jordan, 2009 WL 10667191 at *8 ("[M]ere allegations of intentional misconduct on behalf of the employer ... without more are not enough to avoid the corporate shield doctrine.")).

A few examples illustrate these points. In *Frida Kahlo, supra*, the plaintiff sued an individual claiming she committed tortious acts within Florida by sending plaintiffs' licensees, including a Florida-based licensee, cease and desist letters misrepresenting that she is the rightful owner of the subject name and image. 2023 WL 9473827 at *4. Because "the letters were sent in her capacity as an officer of … and for the benefit of" the company, and "not herself," the individual defendant was protected by the corporate shield doctrine. *Id*. at *5. Even if the corporate officer "did commit an intentional tort," the plaintiffs did "not allege that [she] gained any pecuniary or personal benefit from sending the cease and desist letters." *Id*. The court therefore dismissed the complaint for lack of personal jurisdiction over the corporate officer.

Similarly, in *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, No. 1:13-cv-21297, 2014 WL 11880964 (S.D. Fla. Jan. 24, 2014), a defendant asserted a declaratory judgment counterclaim against a Swiss watch manufacturer and its corporate officer. Applying the corporate shield doctrine, the court reasoned:

> Clearly, the Counter-Plaintiffs' basis for personal jurisdiction over Mr. Carrion on the facts alleged is via his role as a corporate officer at Buccellati Watches. Mr. Carrion is not engaging in business in the state under § 48.193(1)(a)(1), committing tortious acts within the

> state under § 48.193(1)(a)(2), or doing business in Florida under §
> 48.193(2), in his personal capacity. The corporate shield doctrine
> provides that "acts performed by a person exclusively in his
> corporate capacity not in Florida but in a foreign state may not form
> the predicate for the exercise of personal jurisdiction over the
> employee in the forum state." …. Thus, Mr. Carrion falls within the
> purview of the corporate shield doctrine.

*Id*. at *5 (citing *Kitroser, supra*; *Carter v. Estate of Rambo*, 925 So. 2d 353, 356 (Fla. Dist. Ct.

App. 2006) ("The corporate shield doctrine draws a distinction between a corporate officer acting

on his own and a corporate officer acting on behalf of his corporation. Under the corporate shield

doctrine, any activity in one's capacity as a corporate officer or director is exempted from

consideration in support of the exercise of long-arm jurisdiction over said officer or director.")).

The court in *Buccellati,* just like the court in *Frida Kahlo*, rejected the counter-plaintiffs'

argument that the corporate officer was excepted from the corporate shield doctrine because he

committed fraud. The court reasoned that the counter-plaintiffs had "not set out any specific acts

Mr. Carrion has personally committed outside his corporate capacity that would amount to fraud

or intentional misconduct." *Id*. at *6 (citing *Carmel & Co. v. Silverfish, LLC*, No. 12-cv-21328,

2013 WL 1177857 at *5 (S.D. Fla. Mar. 21, 2013)). Thus, the corporate officer was protected by

the corporate shield doctrine and there was no personal jurisdiction over him under Florida's long-

arm statute. *Id*.

And in *Litke, supra*, the only allegations against the individual defendant were that he was

President and/or CEO of his company. 2024 WL 4373634 at *7. There were no allegations that the

defendant "worked in Florida, committed any action in Florida, or had any personal connection to

Florida." *Id*. The court stated that an individual "will not be subject to the personal jurisdiction of

Florida courts simply because he … is a corporate officer …." *Id*. (citing *Kitroser*, 85 So. 3d at

1089). Reasoning that "the Florida long-arm statute requires a corporate officer have some

connection to Florida to be subject to personal jurisdiction here" and that no such connection was alleged, the court dismissed the complaint for lack of personal jurisdiction. *Id.*

Here, no provision of Florida's long arm statute, chapter 48, is even cited in the Second Amended Complaint. Presumably, Plaintiff is claiming that Mr. Hoogendam committed an intentional tort in Florida under § 48.193(1)(a)(2). But while Plaintiff spuriously accuses Mr. Hoogendam of a host of activity, none of it is alleged to have been committed in Florida. *See Frida Kahlo*, *supra* (explaining that corporate shield doctrine provides that "a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee").

Indeed, the **<u>uncontested</u>** jurisdictional facts in this case, established through Mr. Hoogendam's undisputed initial Declaration, are that, *inter alia*, Mr. Hoogendam: a) is a full time resident of Austin, Texas; b) never had an office or agency in Florida; c) never committed a tortious act within Florida; d) never personally caused injury to persons or property within Florida; e) never entered into or breached a contract in Florida; f) never held any bank accounts or records in Florida; g) never leased or owned real property in Florida; and h) **<u>never even worked in Florida</u>**. DE 24-1.[2] Therefore, Mr. Hoogendam conclusively established, the first time, that he did not commit any acts in Florida that would subject him to personal jurisdiction.

Further, while Plaintiff asserts that Mr. Hoogendam "orchestrated," "directed," and/or "supervised" the so-called "infringing activities," Plaintiff admits Mr. Hoogendam and 360Connect reside in Austin, Texas, DE 35, ¶¶ 10, 11, and Plaintiff does not allege that any of

---

[2] These are just a sampling of the facts to which Mr. Hoogendam testified in his initial Declaration proving he is not subject to personal jurisdiction in Florida.

those activities occurred in Florida. Likewise, even if Mr. Hoogendam "negotiated agreements," "instructed affiliates," "oversaw strategies," or "monitored and directed advertising metrics," that all occurred, too, in Austin, Texas, not Florida.

In any event, although Mr. Hoogendam is not required to come forward with any additional evidence proving that he is not subject to personal jurisdiction in Florida, he has. As set forth in his Declaration, attached as the Exhibit to this Motion ("Second Decl."): a) Mr. Hoogendam has never performed any acts in furtherance of the business of 360Connect in Florida; b) any communications or interactions Mr. Hoogendam had with any of the codefendants in this case were exclusively from outside Florida; and c) any communications Mr. Hoogendam had, or activities he performed related to lead generation or otherwise to the business of 360Connect were exclusively from outside Florida. Second Decl., ¶ 15-17.

Plaintiff's attempt to skirt the corporate shield doctrine on the ground that these "acts were performed for [Mr. Hoogendam's] direct personal benefit and profit" is conclusory, factually unsupported, and legally insufficient. For example, in *VIS Holdings Corp. v. Cooper*, No. 07-20882, 2007 WL 9702900 (S.D. Fla. Dec. 11, 2007), the court explained that "allegations of tortious conduct against a corporate officer for actions taken in his corporate capacity are insufficient to establish jurisdiction under the Florida long-arm statute where the plaintiff fails to allege any actions that were taken for the corporate officer's own personal benefit." *Id*. at *8 (citing *Frohnhoefer v. Pontin*, 958 So. 2d 420, 422 & n.2 (Fla. Dist. Ct. App. 2007) (allegations that corporate officers made fraudulent misrepresentations in their corporate capacities held to be insufficient by themselves to establish personal jurisdiction); *Tramel v. D'Angel Bedding Corp*., 917 So. 2d 982, 984 (Fla. Dist. Ct. App. 2005) (concluding that personal jurisdiction could not be

exercised over corporate employee accused of tortious interference and theft of corporate opportunity absent sufficient allegations against him in his individual capacity)).

Similarly, in *MPS Monitor SRL v. Oberon Americas, Inc.*, No. 2:24-cv-00409, 2025 WL 807343 (M.D. Fla. Mar. 13, 2025), the court reasoned, "[m]erely stating that it is 'unlikely that [Messud] did not stand to profit directly and personally' from the alleged tortious conduct is insufficient to contradict Messud's affidavit declaring that 'any communication or actions of [his] related to the [Agreement] or the solicitation of any customers would have been exclusively for the benefit of [his] employer and not [his] personal benefit and would have been exclusively in [his] capacity as an officer or employee and not in [his] individual capacity.'" *Id*. at *5. The plaintiff also "fail[ed] to identify any individual benefit that [the defendant] would gain from the alleged tortious conduct." *Id*.

Here, Plaintiff's new tale, fabricated as a belated attempt to revive personal jurisdiction over Mr. Hoogendam, likely "fails to identify any individual benefit that" Mr. Hoogendam "gain[ed] from the alleged tortious conduct." *See id*. There are no factual allegations describing the nature, scope, or extent of any "personal benefit or profit" or that differentiate it from any purported benefit to 360Connect. Indeed, Plaintiff's own allegations are that Mr. Hoogendam's actions were performed "[a]s the operational head of 360Connect," DE 35, ¶ 23, and not on his own behalf. And even if Mr. Hoogendam ever engaged in any of those acts (he did not),[3] they all directly relate to, and were in furtherance of, the business of 360Connect, his employer, and not him, individually or personally. *See* DE 35, ¶ 10 (alleging that 360Connect "provides services that match businesses with pre-screened suppliers across various industries"). Thus, just as in

---

[3] Second Decl., ¶¶ 18-26.

*Buccellati, supra,* Plaintiff has "not set out any specific acts" Mr. Hoogendam "personally committed outside his corporate capacity that would amount to … intentional misconduct."

Again, although Mr. Hoogendam is not required to come forward with any additional evidence re-proving his original dismissal, he has. As also set forth in his Second Declaration attached to this Motion: a) any communications or interactions Mr. Hoogendam had with any of the codefendants in this case were exclusively for the benefit of 360Connect and not himself, personally, and exclusively in his capacity as a corporate officer of 360Connect; and b) any communications Mr. Hoogendam had, or activities he performed related to lead generation or otherwise to the business of 360Connect were exclusively for the benefit of 360Connect and not himself, personally, and exclusively in his capacity as a corporate officer of 360Connect. Second Decl., ¶¶ 16, 17, 27. These incontrovertible facts should put another end to this litigation against Mr. Hoogendam in Florida.

Finally, while Plaintiff alleges it was harmed in Florida, that is insufficient to establish personal jurisdiction over nonresident Hoogendam. *See Wholesale Direct 2 You v. Switchmate Home, LLC*, No. 23-62273, 2024 WL 3757274 (S.D. Fla. June 12, 2024) ("[s]tanding alone, 'the fact of loss to a Florida resident caused by conduct outside the state is insufficient to impose jurisdiction,'" citing, *inter alia*, *Harris v. Shuttleworth & Ingersoll, P.C.*, 831 So. 2d 706, 708 (Fla 4th DCA 2002) ("If the Legislature intended for this provision to encompass all tortious acts which were complete outside Florida but ultimately have consequences here only because a Florida resident suffers damages, we believe it would be incumbent on the Legislature to make that statutory purpose clear in the plainest of language.")); *Blumberg v. Steve Weiss & Co., Inc.*, 922 So. 2d 361, 364 (Fla. 3d DCA 2006) (explaining "it is not … enough that the actions of a defendant committed outside of Florida ultimately have consequences in Florida" and holding specific

jurisdiction must be based on defendant directly causing injury in Florida)). *See also Justiniano v. Chapter 4 Corp.*, No. 6:21-cv-875, 2021 WL 6338791, at *8 (M.D. Fla. Dec. 23, 2021) ("the proper question is not whether Plaintiffs experienced injury in Florida but whether Defendants' conduct connects them to Florida in a meaningful way.")

## <u>Conclusion</u>

The Order of Dismissal conclusively decided, and is a *res judicata* determination, that Mr. Hoogendam is not subject to personal jurisdiction in Florida. Thus, Mr. Hoogendam should, once again, be dismissed from this action. Even if res judicata did not apply to bar Plaintiff's claims against Mr. Hoogendam, which it does, Plaintiff's fabricated story in the Second Amended Complaint fails to describe the commission of any tortious acts in Florida or for Mr. Hoogendam's personal benefit that would somehow revive personal jurisdiction in Florida. And Mr. Hoogendam's incontrovertible Second Declaration, attached, conclusively proves there were not any. The Second Amended Complaint should be dismissed.

WHEREFORE, Nonparty, Jeffrey Hoogendam, respectfully requests that the Court dismiss the Second Amended Complaint, award him his attorneys' fees under the Lanham Act and otherwise for needlessly having to defend himself a second time, and for such other and further relief as the Court deems appropriate.

Dated: May 27, 2025        Respectfully submitted,

By: */s/ Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No.: 009245
Joshua Cooper
Florida Bar No.: 117658
matt.nelles@johnsonmartinlaw.com
Johnson & Martin, P.A.
500 West Cypress Creek Rd., Suite 430

Ft. Lauderdale, FL 33309
T:  (954) 790-6698
Eservice: sari.tannenbaum@johnsonmartinlaw.com

*Attorneys for Defendant 360Connect, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served on May 27, 2025 with a copy of this document via the Court's ECF system.

*/s/ Matthew S. Nelles*
 Matthew S. Nelles

## SERVICE LIST

Ama N. Appiah, Esq.
Email: ama.appiah.2003@gmail.com
Law Office of Ama N. Appiah, P.A
721 1st Ave N Ste 202,
St Petersburg, FL 33701-3603
(727) 471-3538

Ana Juneja, Esq.
Ana Law LLC
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

*Attorneys for Plaintiff*

James M. Slater
Slater Legal PLLC
9000 Dadeland Boulevard #1500
Miami, Florida 33156
Tel.: (305) 523-9023
james@slater.legal

*Attorney for Hart*

Kelly Ann M. desRosiers
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer
Lorri@Lomnitzerlaw.com
Allison A. Mingo
Allison@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301

*Attorneys for Defendant*
*WEM GLOBAL, INC*