UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-81550

DURO BEAM, LLC

      Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL,
INC., JEFFREY HOOGENDAM, 360CONNECT,
LLC, IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.

      Defendants.

_____/

**DECLARATION OF JEFFREY HOOGENDAM
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

    Pursuant to 28 U.S.C. § 1746, Jeffrey Hoogendam provides this Declaration under penalty of perjury in support of his Motion to Dismiss the Second Amended Complaint:[1]

    1.    I am over the age of 18, competent to testify, and have personal knowledge of the contents herein.

    2.    I am a full-time resident of Austin, Texas.

    3.    I am a member of 360Connect, LLC, a Texas limited liability company ("360Connect").

    4.    I have never operated, conducted, engaged in, or carried out a business or business venture in Florida.

    5.    I have never had an office or agency in Florida.

---

[1] This Declaration incorporates my prior one, DE 24-1, directed to the Amended Complaint, and also provides supplemental affirmations directed to the Second Amended Complaint, DE 35.

1

6. I have never committed a tortious act within Florida.

7. I have never owned, used, possessed, or held a mortgage or other lien on any real property within Florida.

8. I have never contracted to insure a person, property, or risk located within Florida.

9. I have never caused injury to persons or property within Florida, whether arising from an act or omission outside of Florida or otherwise.

10. I have never personally entered into, nor breached, a contract in Florida or to which Florida choice of law has ever applied, or which contains any provision whereby I submitted to personal jurisdiction in Florida.

11. I have never held any bank accounts or records in Florida.

12. I have never leased or owned any real property in Florida.

13. I have never engaged in substantial and not isolated activity within Florida.

14. I have never worked in Florida.

15. I have never performed any acts in furtherance of the business of 360Connect, LLC in Florida.

16. Any communications or interactions I have had with any of the codefendants in this case were exclusively from outside Florida, exclusively for the benefit of 360Connect and not myself, personally, and exclusively in my capacity as a corporate officer of 360Connect.

17. Any communications I have had, or activities I have ever performed related to lead generation or otherwise to the business of 360Connect were exclusively from outside Florida, exclusively for the benefit of 360Connect and not myself, personally, and exclusively in my capacity as a corporate officer of 360Connect.

18.  Plaintiff's allegation that I personally orchestrated, directed, and supervised the allegedly "infringing activities" described in the Second Amended Complaint is false and baseless.

19.  Plaintiff's allegation that I performed any activities knowing or intending to cause Plaintiff harm is false and baseless.

20.  Plaintiff's allegation that I was the "principal architect of the deceptive lead diversion scheme" is false and baseless.

21.  Plaintiff's allegation that I "personally negotiated agreements" and instructed "affiliates" to use Plaintiff's trademarks is false and baseless.

22.  Plaintiff's allegation that I "oversaw advertising strategies designed to mislead consumers in Florida" is false and baseless.

23.  Plaintiff's allegation that I "monitored and directed advertising metrics that specifically tracked lead generation and sales conversions in Florida" is false and baseless.

24.  Plaintiff's allegation that I "instructed affiliates to target Florida consumers searching for Duro Beam steel buildings, with knowledge that Duro Beam's principal operations are based in Florida" is false and baseless.

25.  Plaintiff's allegation that I "communicated directly with … affiliates, monitored their activities, and intentionally approved advertisements and lead generation funnels that falsely represented an association with Duro Beam" is false and baseless.

26.  Plaintiff's allegation that I "exercised substantial control over the infringing websites and advertisements, and knowingly provided critical resources - including funding, platform access, and marketing directives - that enabled the infringing activities" is false and baseless.

27.     Plaintiff's allegation that I performed the foregoing actions, or any others described in the Second Amended Complaint, for my "direct personal benefit and profit" is false and baseless.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 27, 2025 at Austin, Texas.

_____
Jeffrey Hoogendam