UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:24-cv-81550-RLR

**DURO BEAM, LLC,**

 Plaintiff,

v.

**WILLIAM E. MANNING, et al.,**

 Defendants.

**PLAINTIFF'S OPPOSITION TO HART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Duro Beam, LLC ("Plaintiff"), by and through undersigned counsel, respectfully submits this Opposition to the Hart Defendants' Motion to Dismiss the Second Amended Complaint ("Motion") [ECF No. 38], and states as follows:

**INTRODUCTION**

The Hart Defendants seek dismissal of the Second Amended Complaint ("SAC") by reframing this trademark action as a benign "product review." But their own admissions, made in a July 16, 2024 email to Plaintiff's counsel, concede that they created a branded promotional page designed to generate affiliate income by using Plaintiff's DURO-formative marks, without authorization. The SAC alleges, and the Hart Defendants confirm, that the content was commercial in nature, used Plaintiff's marks to attract traffic, and was removed only after legal notice, followed by a redirect designed to preserve diverted traffic.

These facts preclude dismissal. The SAC states detailed, plausible claims for trademark infringement, false designation of origin, and FDUTPA violations. The Motion should be denied in full.

## LEGAL STANDARD

A motion to dismiss must be denied if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must accept all well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).

Affirmative defenses, including nominative fair use, may only support dismissal where the defense is clear on the face of the complaint and legally indisputable. *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984).

## ARGUMENTS

**I. The SAC Plausibly Alleges Unauthorized Commercial Use of Plaintiff's Trademarks**

The SAC alleges that Hart Defendants:
- Operated the site metalbuildings.org, which included Plaintiff's DURO-formative marks;
- Used the marks in URLs, headers, metadata, and page content;
- Created a false impression of affiliation;
- Structured the site to divert traffic and leads;
- Caused confusion and reputational harm.

These facts support claims under the Lanham Act and FDUTPA. See *Luxottica Grp. S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1311 (11th Cir. 2019) (likelihood of confusion

is a question of fact); *Suntree Techs., Inc. v. EcoSense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) (Lanham Act and FDUTPA claims analyzed together).

## II. Ian Hart's Own Admissions Confirm Unauthorized Use, Commercial Intent, and Factual Disputes

In a July 16, 2024 email (Ex. A), Defendant Ian Hart admitted:
- He created a dedicated page using DURO-formative marks;
- The page linked to Plaintiff's eBay storefront to "make both myself and Duro money for referrals";
- He removed the content and implemented a redirect to durospan.net after receiving notice.

These admissions establish:
- Commercial use of Plaintiff's mark "in commerce," satisfying 15 U.S.C. § 1125;
- Lack of authorization for the use;
- Efforts to preserve diverted traffic even after removal.

At minimum, these facts create disputes over source confusion, intent, and whether the use was truly fair, none of which can be resolved at the pleadings stage. See *Tana v. Dantanna's*, 611 F.3d 767, 774 (11th Cir. 2010) ("Likelihood of confusion is a question of fact.").

## III. The Nominative Fair Use Defense Is Improper and Premature

Nominative fair use is an affirmative defense that cannot justify dismissal unless conclusively established from the complaint. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118 (2004); *Alliance Metals, Inc. v. Hinely Indus., Inc.*, 222 F.3d 895, 907 (11th Cir. 2000).

The SAC alleges:
- Hart used more of the mark than necessary (full "DUROSPAN" branding in page titles, headers, and metadata);

- The structure and content created an impression of affiliation or sponsorship;
- Hart profited from traffic and referrals tied to the DURO branding.

These allegations, now corroborated by Hart himself, are sufficient to defeat a fair use defense at the pleading stage. *Tana*, 611 F.3d at 774.

**IV. Defendants' "Positive Review" Argument Is a Red Herring**

This case is not about a neutral editorial. The SAC alleges, and Hart confirms, that:
- The DURO-branded content was placed on a commercial site targeting SEO traffic;
- It was structured to drive clicks and referrals;
- The post-removal redirect preserved search ranking value.

This is textbook trademark exploitation, not fair commentary. See *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1222–23 (11th Cir. 2008) (unauthorized use of mark in website source code and metadata can support a claim for confusion and injunctive relief).

**CONCLUSION**

The SAC alleges detailed, plausible claims for trademark infringement and deceptive trade practices. Hart's own post-notice email confirms unauthorized commercial use, eliminating any doubt about whether the allegations are speculative. The Motion to Dismiss should be denied in full.

Dated: June 2, 2025

Respectfully submitted,

Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004

(202) 266-7100
docket@analaw.com

Ama N. Appiah
**Law Office of Ama N. Appiah, P.A.**
721 1st Ave N, Ste 202
St Petersburg, FL 33701-3603
(727) 471-3538
ama.appiah.2003@gmail.com

*Attorneys for Plaintiff Duro Beam, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing Plaintiff's Response to Hart Defendants' Motion to Dismiss has been served to Hart Defendant's counsel at james@slater.legal on this day of June 2, 2025.

Respectfully submitted,

Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

Ama N. Appiah
**Law Office of Ama N. Appiah, P.A.**
721 1st Ave N, Ste 202
St Petersburg, FL 33701-3603
(727) 471-3538
ama.appiah.2003@gmail.com

*Attorneys for Plaintiff Duro Beam, LLC*

# EXHIBIT A

| | |
|---|---|
| **From:** | Ian Hart <ian.hart@outlook.com> |
| **Sent:** | 13 July 2024 08:10 |
| **To:** | Supreet Prasad |
| **Cc:** | Ana Juneja; Christeen Morquianos |
| **Subject:** | Re: DURO Trademark & Copyright Infringement (AL Docket No. 361.01001) |

Hi Surpeet,

There is a serious mistake here.  I have never owned or had any involvement with any of the websites, affiliate shops or social media accounts mentioned in your exhibits.   They have nothing to do with me at all.

**Here is ownership information for the domains from your pdf and exhibits:**

**Exhibit A**:  metalsteelbuilding.com = **Vaughn Bierbrauer**.   Never heard of or spoke with that person before.  Here is the Whois domain information confirming Vaughn is the owner:https://www.whois.com/whois/metalsteelhome.com

**Exhibit B**:   https://www.shopabunda.com/products/duro-span-steel-s20x20x14-metal-building-factory-kit-new-farm-storage-shed-barn  = I have zero to do with and have no idea what Shopabunda.com is.  I have zero accounts or pages there.

**Exhibit C**:  https://www.flickr.com/groups/durobuildings/  = I have zero Flickr.com accounts and have nothing to do with that Flickr group or whatever DB Buildings is.

**Exhibit D**:  https://wholesaleshop.ru/product/256285187812   -  I have zero Wholesaleshop.ru accounts, have never heard of that site and again I have notning to do with that page.

**Exhibit E**:  https://www.metal-building-homes.com/duro-steel-buildings-review/   - I have never owned metal-building-homes.com and have zero relationship with that domain.   Here is the Whois info for that domain that shows it is private but you can see it is registered in Israel  https://www.whois.com/whois/metal-building-homes.com


Again, I have no idea why you assume all of things accounts are me or related to me.   I do not appreciate being threatened with $100k over sites and properties not related to me.

I will speak with my attorney next week but want to get my name cleared and out of this.  I have no idea why you think I am behind any of those websites, affiliate shops and Flickr accounts from your Exhibits but you are 100% incorrect.


Would appreciate you all acknowledging this mistake and removing my name immediately from your PDF.

1

**From:** Supreet Prasad <supreet@analaw.com>
**Sent:** Friday, July 12, 2024 6:13 PM
**To:** ian.hart@outlook.com <ian.hart@outlook.com>
**Cc:** Ana Juneja <lawyer@analaw.com>; Christeen Morquianos <christeen@analaw.com>
**Subject:** DURO Trademark & Copyright Infringement (AL Docket No. 361.01001)

Dear Mr. Hart,

Please see the attached from Attorney Ana Juneja.

Best,

**Supreet Prasad**
**IP Specialist | Ana Law LLC**
**Office:** 202-266-7100 **| Fax:** 202-266-7101
supreet@analaw.com | analaw.com
1300 Pennsylvania Ave NW Suite 700 | Washington DC 20004
****************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
****************************************************************

| | |
|---|---|
| **From:** | Ian Hart <ian.hart@outlook.com> |
| **Sent:** | 16 July 2024 22:07 |
| **To:** | Ana Juneja |
| **Cc:** | Supreet Prasad |
| **Subject:** | Re: metalbuildings.org & metalbuildingsrus.com |
| **Attachments:** | duro-ebay.jpg; duro-MB-ebay-page.jpg |

My attorney is out of the office until later this week.  They will be in touch with you once I meet with them to discuss.

**#1 - Hyphen vs Non-Hyphen Domains**.  The bottom line with this entire ordeal is that the 360 Connect team (call center, affiliate rep, attorney) all confused my site, **MetalBuildings.org**, with the hyphenated site from your exhibits, **Metal-Buildings.org.**   That is how I found myself involved in this.

As you made clear with your initial contact and PDF exhibits, it is easy to confuse the hyphens and assume the sites are the same.  They are not the same or related at all.  That is a crucial difference for the accusations you are making.   Why 360 Connect's attorney assumed all those exhibit domains were mine is not clear to me.  Jeff knows they are not mine and told her that during our phone discussion.

**#2 - How and Why** the Duro page was ever published on MetalBuildings.org.

That single page of DuroSpan content on metalbuildings.org/quonset-hut/durospan was a **PR piece for your client** that linked to the official Duro eBay storefront and their official website.  The page was published after a marketing person working for / or as a 3rd-party on behalf of Duro contacted me via email during Covid and asked to provide a backlink and to publish some positive content to suppress negative reviews online for the Duro brand.  That type of marketing outreach is very common and I get 10+ requests for that type of link every week.  Prior to that email contact, I had never heard of DuroSpan.

The marketing person found my site during Covid and asked me to create a backlink to them from my original Quonset Hut page (metalbuildings.org/quonset-hut/).  After being informed about the Duro eBay store and affiliate opportunity, it made more sense to make a dedicated page for DuroSpan under that /quonset-hut/ category and link to the eBay store.  In essence, that would make both myself and Duro money for referrals.

I would love to share those emails with you but they are no longer available.  Unfortunately, I had to change the web hosting in 2022 and I lost access to those old info@metalbuildings.org during that transition.  All is not lost though, as I have detailed analytics for the site and the eBay referrals.   The DuroSpan page on my site saw a grand total of **517 visits and 2 eBay referral sales**.  I have attached *proof of sales for Duro in their eBay store (see Duro-ebay.jpg attachment).*

**#3 - PR Content**- Now let us look at the actual substance of my content vs the e-commerce stores and other sites in your exhibits.

1

If you read the actual content of my page, it is overwhelmingly positive for the Duro brand.   It was clearly a PR promotional piece for them.

The first paragraph reads:  *"Duro Steel Buildings is a family-owned company that designs and manufactures affordable, quality steel building systems. Duro has been a leading steel provider for more than two decades, and the company is trusted by industry leaders, like Disney, SpaceX, John Deere, Carnival Cruise Lines and Harley-Davidson.*

*The company's line of DuroSpan kits make affordable steel buildings accessible and affordable."*

**As that introduction makes clear, MetalBuildings.org was not pretending to be DuroSpan.**   It certainly is not an "infringing link" as you assert.  In fact, all outbound links went to either the eBay store or Duro's official website.   Images were cited and credited as Duro's.  (*see Duro-MB-ebay-page.jpg attachment*).    It is the only site from your exhibits that correctly cite, link out and sends referrals to Duro.

FYI - The Wayback snapshot you attached is not an accurate version of the actual published page as you can see the page isn't fully loaded (javascript was cached and not loaded on WayBack) and everything is out of whack.   That screenshot you have sent does not show the eBay link images at all but as you can see in the Duro-MB-ebay-page.jpg attachment they are the main CTA's on the page.

Please compare my content with the e-comm stores using the Duro name, etc… It should be clear they are not the same in any way.   I understand why your client would be angry of the e-comm stores.  But I have proof of my eBay affiliate relationship with Duro with analytics and sales.    If I my goal was to impersonate the brand or deceive users, why would I send traffic to the eBay store?

**#4 - Bad Faith vs Good Faith and Fair Use** - Now let's compare what you say was done trying "hide evidence" and in "bad faith" versus what I consider to be done in good faith  to try to appease Duro during this ordeal.

As your initial PDF exhibits request, 'cease and desist' and 'remove' all Duro related content immediately.   I did that in good faith after my first conversation with 360 Connect.   Furthemore, I also created the 301 redirect to the Durospan.net page from my original page in good faith.  **That redirect benefits your client in terms of marketing and SEO.**   They also get the remaining traffic and page rank from that redirect.

If you would like for me to remove that redirect or truly believe it was created to  'hide evidence', then just let me know.  I can remove the redirect but please know that will only hurt your client's marketing efforts.

**#5 -  The overall timing of this situation.**

**This episode all started during the time that my father-in-law passed away.**   We were on the road to Kentucky for the funeral when my affiliate rep called and asked if I had any Duro content and that Bruce Duro had contacted them and was upset.   I didn't understand because my site sent traffic to the Duro eBay store.   I am not telling you this for sympathy but want you to try to understand how this impacted things on my end.

In that initial discussion, I told my 360 rep that I had a single page that promoted DuroSpan's eBay store on MetalBuildings.org.   At 360 Connect's request, I went ahead removed the single page of Duro content from my site in good faith to avoid any further conflict.  Naturally, I was focused on my family at that time and didn't think of anything beyond just removing the content from the website and redirecting it to your client.

A few days after that initial conversation (*but before I realized they had me confused with the hyphenated Metal-Buildings.org domain*) I spoke again with my affiliate rep again and this time she said the 360 attorney suggested it would be better for me to take my entire MetalBuildings.org site offline.  That was hard to do as the site was established in 1999 and had over 20 years of development.   It was painful to consider removing the site so I tried to hunt down my old emails from the marketing guy from Duro to clear things up.   When I realized that I could no longer access that old email server, I just gave up and took the entire site down (kept the 301 redirect in place for Duro) so that I could focus on being present with my family during the funeral.

After the weekend funeral, 360 Connect asked me to attend into a video conference call with the company owner, Jeff, my affiliate rep and their attorney all on the line.  I was forthright and explained the PR page and the eBay affiliate store.  At that point, their attorney said I should not mention the eBay arrangement as that 'upset' Bruce.  I didn't understand that approach at all until after you sent the pdf and I saw the ShopAbunda.com and WholesaleShop.ru exhibits.  I can only assume that the 360 attorney and your client both thought those e-commerce stores were the same as the 'Duro eBay store' I was promoting.  That was not the case, they were not the same, but somehow that got lost in translation.

Again, at this point I was operating on the principle that only my MetalBuildings.org site was involved.   I had no idea the 360 team knew about the hyphenated and e-comm sites.  That information was not shared with me up front.

After speaking with their attorney in greater detail, it became obvious that she had wrongly assumed that I owned the hyphenated domain(s) as well.  When I pointed out that I have nothing to do with the Metal-Buildings site or the Metal-Building-Homes.com site or any type of e-comm site, Jeff told her that those properties were not mine and that he knew who owned the hyphenated domains.  That was someone named 'Bill' and my understanding was that person did not live in the US.

At that point, I knew something was off with the overall information 360 Connect was sharing with me.  They should have told me from the start that multiple websites and properties were involved.

Weeks later, 360 Connect's attorney and Jeff contacted me again and asked me to pay thousands of dollars to them for a settlement with Duro.  I rejected that as I did nothing but promote Duro's eBay store on my site.

**#6** - Miscellaneous points

- **The phone number you mentioned was never mine.**  That was a tracking number from 360 connect and not something I ever had access to.   I do have access to the analytics from those calls and forms and there were a total of 102 'quonset' leads generated all-time on MetalBuildings.org.   I doubt 10% of those came from the Duro page but that is irrelevant. because from those 102 leads, only 4 converted into sales for a grand total commission of $47.

- **MetalBuildingsRus.com has zero to do with any of this.** That site is new after MetalBuildings.org was taken down and has zero Duro brand content on it.

- I gave Jeff the OK to share my info with you so that I could clear this up. When you sent the original PDF and not of it included my site, I figured the entire thing was a giant misunderstanding over who owned the Hyphenated domains. That is why I responded with the WHOIS and ownership information for the sites in your exhibits.

With all that said, please take some time to read and consider the above information. It is my honest and sincere explanation for how I ended up involved in this.

My hope is that you can see from the eBay store sales and the PR narrative of my content that I was promoting DuroSpan and not trying to pretend to be the brand or infringe on their official marks. MetalBuildings.org role in this is nothing at all like the e-comm sites your shared in your exhibits. My site is the only one that was actively promoting Duro's official affiliate store. To this day, my 301 redirect is still working to help the Duro brand. I will leave that up as long as you and your client want it.

You will hear from my attorney later this week or early next week to clear this all up.

Thanks,
Ian

---

**From:** Ana Juneja <lawyer@analaw.com>
**Sent:** Monday, July 15, 2024 10:23 PM
**To:** ian.hart@outlook.com <ian.hart@outlook.com>
**Cc:** Supreet Prasad <supreet@analaw.com>
**Subject:** metalbuildings.org & metalbuildingsrus.com

**FRE 408**

Dear Mr. Hart,

To follow up my earlier email…

Please note, upon my further review, you were previously listed as owning "metalbuildings.org", which now redirects to "metalbuildingsrus.com" (which you also own and are still listed as the owner of).

4

It appears that you attempted to clean up the evidence once 360Connect, LLC informed you that you had been caught for infringement earlier this year. Please note, this was done seemingly fraudulently and almost certainly in bad faith (as your cover up actions were done in anticipation of litigation).

Prior to notifying 360Connect, LLC, your site, metalbuildings.org contained an infringing link (metalbuildings.org/quonset-hut/durospan) which now redirects to durospan.net.

A copy of your infringing website content from internet archives is available here (also attached): https://web.archive.org/web/20231211181624/https://www.metalbuildings.org/quonset-hut/durospan/

This infringing content led to the phone number +1-855-202-1240, which has now been cut off (and which Duro never had any access to, but was under your control).

Please provide an immediate explanation for why your name is listed as the owner of these infringing sites.

My client is preparing for litigation and if they proceed to include you in the suit, your LLC and you will be named personally as defendants.

My client is open to a private and amicable settlement on this matter, but we are actively preparing for litigation against several parties (potentially including you).

If you have retained counsel, please have them contact me immediately.

If we do not hear from you or your attorney by **July 22, 2024**, we will assume you have no interest in amicably resolving this out of court and we will proceed with our next steps.

Ana Juneja
**Attorney | Ana Law LLC**
**Office:** 202-266-7100 **| Fax:** 202-266-7101
**Direct:** 202-266-7102 | lawyer@analaw.com | analaw.com
1300 Pennsylvania Ave NW Suite 700 | Washington DC 20004
*****************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*****************************************************************

