UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:24-cv-81550-RLR

**DURO BEAM, LLC,**

  Plaintiff,

v.

**WILLIAM E. MANNING, et al.,**

  Defendants.

**PLAINTIFF'S OPPOSITION TO WEM DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

  Plaintiff Duro Beam, LLC ("Plaintiff") respectfully submits this opposition to the Motion to Dismiss filed by Defendants William E. Manning and WEM Global Inc. (collectively, "WEM Defendants") (ECF No. 40) and their supplemental filing (ECF No. 43). For the reasons set forth below, the motion should be denied in its entirety.

**SUMMARY OF ARGUMENT**

  WEM Defendants' motion should be denied for three independent reasons:

1. Service of process was timely and proper, as confirmed by this Court's prior order;
2. The Second Amended Complaint ("SAC") states plausible claims for relief under federal and state law; and
3. Defendants' fair use argument is an affirmative defense that cannot be resolved at the pleading stage.

**INTRODUCTION**

  WEM Defendants seek dismissal based on two principal grounds:

1. A procedurally unsupported challenge to service of process under Rule 12(b)(5); and
2. A premature effort to litigate affirmative defenses, including fair use, on a motion to dismiss under Rule 12(b)(6).

Both fail. The SAC alleges specific, concrete facts that more than satisfy the pleading requirements under Rule 8. The Court has already addressed service timeliness, and the remaining arguments are fact-driven issues inappropriate for resolution at this stage. The motion should be denied.

## I. SERVICE OF PROCESS WAS TIMELY AND PROPER

### A. Timeliness Has Already Been Resolved

On May 27, 2025, the Court granted Plaintiff's Motion for Retroactive Extension of Time to Effectuate Service (Dkt. 47), rendering any arguments about service timeliness under Rule 4(m) moot. Defendants' attempt to revisit this issue disregards the Court's prior ruling.

### B. The Mode of Service Complies with Federal Rules

WEM Defendants also challenge the manner of service, but the facts and law foreclose their argument:

- Defendant Manning was personally served at his residence. (ECF No. 42-1)
- WEM Global Inc. was served via Manning, its registered agent. (ECF No. 42-2)
- Both service affidavits are sworn under penalty of perjury and comply with Rule 4(l).

Rule 4(e)(2)(A) permits personal service by delivering a copy of the summons and complaint to the individual directly. Rule 4(h)(1)(B) authorizes service on a corporation by delivering the documents to an authorized agent.

Manning admits receipt. This alone satisfies the service requirement. See:
- *Ali v. Mid-Atlantic Settlement Servs.*, 233 F.R.D. 32, 35 (D.D.C. 2006) (receipt of complaint satisfies Rule 4 even without process server identification);

- *TikTok Inc. v. Trump*, 2020 WL 7233557, at *6 (D.D.C. Nov. 30, 2020) (service valid where documents delivered to intended recipient, even without verbal explanation).

### C. Defendants' Remaining Service Objections Are Without Merit

WEM Defendants contend:
1. Manning was not personally served in his individual capacity;
2. The process server failed to confirm identities or explain the documents; and
3. An earlier version of the complaint may have been served.

Each fails as a matter of law:
- First, Manning was personally served at his home with a summons naming him individually. That satisfies Rule 4(e)(2)(A). See *Ali*, 233 F.R.D. at 35.
- Second, there is no requirement for a process server to verbally identify themselves or explain the documents. See *TikTok*, 2020 WL 7233557, at *6.
- Third, even if an earlier version of the complaint was served, such a procedural irregularity does not render service invalid. See *Morales v. Showtime Networks, Inc.*, 2005 WL 1155088, at *3 (S.D.N.Y. May 12, 2005).

## II. PERSONAL JURISDICTION IS PROPERLY ESTABLISHED

Having addressed service, the Court must also reject WEM Defendants' Rule 12(b)(2) challenge.

- Manning is domiciled in Florida and was served there. That alone satisfies general jurisdiction. See *Burnham v. Superior Court*, 495 U.S. 604, 610–11 (1990); *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).
- WEM Global Inc. was served through its Florida-based registered agent. Defendants offer no evidence rebutting jurisdiction.

See also *Stubbs v. Wyndham Nassau Resort*, 447 F.3d 1357, 1360 (11th Cir. 2006) (plaintiff need only establish prima facie jurisdiction; uncontroverted allegations are accepted as true).

## III. DEFENDANTS' RELIANCE ON SUPERSEDED PLEADINGS IS IMPROPER

WEM Defendants cite allegations from a prior complaint that is no longer operative. The Second Amended Complaint (ECF No. 37), filed May 12, 2025, supersedes all previous versions. See *Davis v. Carl*, 906 F.2d 533, 538 n.9 (11th Cir. 1990) (an amended complaint renders the original "a legal nullity").

Arguments based on prior pleadings should be disregarded in full.

## IV. THE SECOND AMENDED COMPLAINT STATES PLAUSIBLE CLAIMS

With procedural objections resolved, the Court must evaluate whether the SAC states a claim. It does.

Under *Twombly* and *Iqbal*, a complaint must allege sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. See:
- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring "enough facts to state a claim to relief that is plausible on its face");
- *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully.").

**A. The SAC Alleges Specific Misconduct**

Plaintiff's allegations include:
- Use of DURO-formative marks in URLs, page titles, and lead generation forms;
- SEO manipulation redirecting consumers to competitors (e.g., SteelMaster);
- Commercial exploitation of Plaintiff's marks through deceptive traffic diversion.

These are factual, not conclusory, and are sufficient under Eleventh Circuit precedent. See *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (allegations that allow inference of liability satisfy Rule 8).

Further, allegations made on information and belief are permitted where the facts are within Defendants' exclusive control. See *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015).

**B. Defendants' Conduct Exceeds Fair Commentary**

WEM Defendants' suggestion that they merely hosted a "product review" is belied by the SAC's factual allegations. Plaintiff alleges a scheme to capture and redirect prospective customers using Plaintiff's marks, conduct that falls squarely within the prohibitions of trademark and unfair competition law.

## V. FAIR USE IS A FACTUAL DEFENSE NOT SUITABLE FOR DISMISSAL

Even if the Court were to reach Defendants' fair use defense, which it need not at this stage, it presents factual issues inappropriate for resolution under Rule 12(b)(6).

Fair use is an affirmative defense that must be proven by the defendant. Courts consistently reject attempts to adjudicate it at the pleading stage unless the defense is facially apparent. See:

- *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118 (2004) (fair use is an affirmative defense that does not negate infringement as a matter of law);
- *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) (affirmative defenses generally not suitable on a Rule 12 motion);
- *Tana v. Dantanna's*, 611 F.3d 767, 774 (11th Cir. 2010) (fair use involves fact-specific inquiry);
- *3Lions Publ'g, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1042 (M.D. Fla. 2019) (declining to resolve fair use defense at pleading stage due to factual issues).

Here, the SAC specifically alleges:
- Use of Plaintiff's exact marks in SEO-optimized URLs and headers;
- Integration of the marks into lead forms suggesting affiliation;

- Commercial redirection of consumer inquiries to competing businesses.

These allegations negate fair use and reinforce the need for discovery.

### VI. DEFENDANTS' PROCEDURAL MISSTEPS WARRANT CAUTION

Plaintiff notes several procedural misstatements by WEM Defendants, including mischaracterizing service, invoking outdated complaints, and misstating the scope of Plaintiff's trademark portfolio. While Plaintiff does not presently seek sanctions, continued disregard for procedural accuracy may warrant closer attention by the Court.

### CONCLUSION

WEM Defendants' motion is procedurally and substantively flawed. The Court has already resolved the issue of service timeliness, and the SAC alleges plausible and factually supported claims under well-established law. The motion should be denied in its entirety.

Accordingly, dismissal at this stage would be premature and contrary to controlling precedent. Plaintiff respectfully requests that the Court deny the motion and allow the case to proceed to discovery.

Dated: June 2, 2025

Respectfully submitted,

Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

Ama N. Appiah
**Law Office of Ama N. Appiah, P.A.**

721 1st Ave N, Ste 202<br>
St Petersburg, FL 33701-3603<br>
(727) 471-3538<br>
ama.appiah.2003@gmail.com

***Attorneys for Plaintiff Duro Beam, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing Plaintiff's Response to WEM Defendants' Motion to Dismiss and Supplemental has been served to Kelly@lomnitzerlaw.com on this day of June 2, 2025

Respectfully submitted,

Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

Ama N. Appiah
**Law Office of Ama N. Appiah, P.A.**
721 1st Ave N, Ste 202
St Petersburg, FL 33701-3603
(727) 471-3538
ama.appiah.2003@gmail.com

*Attorneys for Plaintiff Duro Beam, LLC*