UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

    Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL, INC.,
JEFFREY HOOGENDAM, 360CONNECT, LLC,
IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.,

    Defendants.
_____/

## DEFENDANTS WILLIAM MANNING AND WEM GLOBAL, INC.'s REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Defendants, WEM GLOBAL, INC. ("WEM") and WILLIAM MANNING ("MANNING") (collectively, the "Defendants"), by and through the undersigned counsel, file their Reply to Plaintiff's Response in Opposition to their Motion to Dismiss Second Amended Complaint and state as follows:

### I.  ADDITIONAL PROCEDURAL BACKGROUND

1. On or about May 19, 2025, counsel for Plaintiff and counsel for Defendants engaged in discussions via email in which counsel for Plaintiff admitted Defendants were not timely served. *Dkt. Entry 46.*

2. That same day, counsel for Plaintiff filed a Motion for Retroactive Extension of Time to Effect Service in an effort to remedy the untimely service. *Dkt. Entry 44.*

3. On or about May 27, 2025, this Honorable Court entered an Order granting the Motion and deeming service timely based on its inherent authority to grant such motions even absent a showing of good cause. *Dkt. Entry 47.*

4. This Order was entered *after* Defendants filed their Motion to Dismiss the Second Amended Complaint and the Supplement to their Motion.[1]

5. On or about June 2, 2025, Plaintiff filed its Response in Opposition to Defendants' Motion to Dismiss the Second Amended Complaint.

## II. ARGUMENT

### A. Motion to Dismiss Based on Improper Service 12(b)(5)

Defendants reassert and reincorporate the applicable standard outlined in their Motion to Dismiss and further assert Plaintiff has still failed to demonstrate that it has properly served Defendants and has also failed to demonstrate that it has sufficiently pleaded a cause of action for which relief can be granted.

The district court must accept the facts alleged in the complaint as true **to the extent they are uncontroverted by the Defendant's affidavits**. *Lopez v. CMI Leisure Mgmt.,* No. 21-cv-22001, 2022 U.S. Dist. LEXIS 41006 at *5 (S.D. Fla. Mar. 7, 2022)(citing to *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990)). A process server's affidavit is sufficient to discharge Plaintiffs' burden of establishing a prima facie case of proper service. *Douglass v. Delanor,* 2011 U.S. Dist. LEXIS 173067 at *4 (Ga. N.D. December 22, 2011) (citing to *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)). "A signed return of service is prima facie evidence of proper service." *Hollander v. Wolf*, 2009 U.S. Dist. LEXIS 101446, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009)(finding the statements contained in defendant's affidavit

---

[1] Plaintiff attempts to assert Defendants WEM are "revisiting" this issue by raising the timeliness of service in its Motion to Dismiss, this accusation is baseless.

challenging service were sufficient and transferred burden back to plaintiff). Once a plaintiff makes a prima facie showing proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." *Id.* "The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact." *Id.* Upon Defendant establishing the absence of proper service, the burden shifts back to Plaintiff to produce evidence that the service was proper. *Douglas* at *4 (holding plaintiff failed to meet its burden to overcome the showing of improper service by Defendant). Proper service of process is a jurisdictional requirement; "a court lacks jurisdiction over…a defendant when a defendant has not been served." *Atl. Aero. Trading. Inc., v. Endurance Assur. Corp.,* 2024 U.S. Dist. LEXIS 235253 *4 (S.D. Fla. August 16, 2024). Courts typically dismiss an action when the defendant makes some showing of prejudice due to improper service. *See Talib v. Anders,* No. 3:17-CV-452-J-39JRK, 2017 WL 7541509, at *2 (M.D. Fla. Oct. 17, 2017) (internal citations omitted).

Plaintiff relies solely on the affidavits of service to demonstrate that the service on Defendants was proper.[2] These affidavits fail for numerous reasons but are also directly controverted by the sworn affidavit of Defendant Manning and cited evidence. Further, Defendants demonstrated a lack of consistency in the affidavit filed by Plaintiff. *See Dkt. Entry 43 ¶6.* Defendants have testified and provided uncontroverted evidence that the documents served were the original Complaint and **not** the operative First Amended Complaint. *Dkt. Entry 40 p 6; 43 ¶5; Ex. A.* Further, Defendants demonstrated that the summons served was only directed to Defendant WEM and not Defendant Manning in his individual capacity. Plaintiff fails to provide any additional evidence to overcome Defendants' testimony and support. Plaintiff merely makes

---

[2] Plaintiff also lists various cases to attempt to support its position, however, the cases are either not binding on this court or do not exist – *Morales v. Showtime Networks, Inc.,* 2005 WL 1155088, at *3 (S.D.N.Y. May 12, 2005) is not a searchable case via Lexis, Westlaw or Google.

conclusory statements and cites to case law that is not controlling in this court, but provides **no evidence** to support these statements or overcome the evidence and testimony of Defendants. Defendants have also demonstrated prejudice due to Plaintiff's failure to properly effect service. Specifically, Plaintiff and the remaining defendants have continued to litigate the matter – including engaging in discovery, depositions, and selecting and scheduling mediation, all without Defendants. Additionally, numerous deadlines have passed that Defendants cannot meet due to the failure to effect service properly.

Plaintiff's affidavits of service are directly controverted by the testimony of Defendants and the cited evidence. Plaintiff has failed to provide any additional evidence to overcome Defendants' demonstration that service was improper, specifically that Defendant Manning has not been served at all, and Defendant WEM was improperly served. Additionally, Defendants have suffered and continue to suffer prejudice specifically caused by the improper service. Thus, pursuant to Fed. R. Civ. P. 12(b)(5) this Complaint must be dismissed as this Court does not have jurisdiction over either of the Defendants without proper service.

      **B.**      **Motion to Dismiss Based on Failure to State a Claim for Which Relief Can Be Granted under 12(b)(6)**

Defendants also reincorporate and reallege the arguments previously raised in their Motion to Dismiss the Second Amended Complaint and the Supplement to the Motion to Dismiss. *Dkt. Entry 40; 43*. In its response, Plaintiff fails to demonstrate how it has sufficiently pleaded anything more than allegations based on information and belief. Further, Plaintiff's Second Amended Complaint demonstrates Defendants' entitlement to the affirmative defense of fair use on its face – thus, dismissal is proper.

      i.      <u>Failure to State a Claim</u>

First, Plaintiff argues in its response that its allegations include "use of DURO-formative marks in URLS, page titles, and lead generation forms; SEO manipulation redirecting consumers to competitors, and commercial exploitation of Plaintiff's marks through deceptive traffic diversion. *Dkt. Entry 51 p 4.* None of these allegations exist in the Second Amended Complaint against Defendants, nor does Plaintiff direct this Court to such alleged allegations. In fact, Plaintiff has failed to sufficiently plead (or plead at all) that Defendants used any of its trademarks in any way other than a product review.

Further, Plaintiff has not demonstrated how it has sufficiently pleaded with factual content, anything more than recitations of the elements of each cause of action. As Defendants have demonstrated, Plaintiff has failed to plead with the requisite factual support to allow this Court to draw a reasonable inference that Defendants were in any way involved in diverting leads, but merely states it occurred. *Dkt. Entry 35 ¶22.* Plaintiff fails to address this in its response and merely relies on its pleadings. For example, Plaintiff pleaded that the information form posted with the article at www.metal-building-homes.com/duro-steel-buildings-review/ "included a lead generation section where genuine readers could drop their contact details" [Dkt. Entry ¶21] but never even asserts Defendants own this website (it does not). This same paragraph continues to state www.metal-building.org/duro-steel-buildings/ contained infringing use of the Plaintiff's intellectual property (does not specify what property) and also contained lead generation columns – however, this is a contravention of Exhibit A attached, as this website does not contain any lead generation columns. *Dkt. Entry 35 ¶ 21; Ex. A[3].*

As detailed in the Motion to Dismiss and not overcome by any argument by Plaintiff in its response, the Second Amended Complaint fails to state a cause of action for which relief can be

---

[3] Plaintiff has failed to separately label or explain that composite Exhibit A contains numerous websites, to clarify for the court page 10-11 of Exhibit A are the only pages relating to www.metal-building.org.

granted under any count directed toward Defendants. Even in taking each of the allegations as true, Plaintiff has not demonstrated entitlement to any cause of action for which relief can be granted.

      ii.      <u>Fair Use is Evident on the Face of the Complaint</u>

Second, Plaintiff attempts to assert that this Court is unable to review a fair use affirmative defense at this stage. This is also inaccurate. While Defendants do not dispute fair use is an affirmative defense, case law has long supported that a complaint may be dismissed under Rule 12(b)(6) **when its own allegations indicate the existence of an affirmative defense – so long as the defense clearly appears on the face of the Complaint.** *Palm Partners, LLC v. Palm Beach Treatment Ctr., LLC,* 2017 U.S. Dis. LEXIS 133401 at *4-5 (S.D. Fla. August 18, 2017)(citing to *Brown v. One Beacon Ins. Co. Inc.*, 317 F. App'x 915, 916-17 (11th Cir. 2009)).

In its response, Plaintiff lists various cases but fails to demonstrate or explain how they are applicable in this instance. Specifically, the *KP Permanent Make-Up, Inc.,* matter in no way states that fair use defense does not negate infringement as a matter of law, in fact the case held that a party raising an affirmative defense of fair use does not have a burden to negate a likelihood of consumer confusion. *KP Permanent Make-Up, Inc. v. Lasting Impression, I, Inc.,* 543 U.S. 111, 124 (2004). Further, Plaintiff misstates the holding in *Quille v. Barclays American/Credit*, which actually stated, "[g]enerally, the existence of an affirmative defense will not support a motion to dismiss[] [n]evertheless, **a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense**, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit,* 727 F.2d 1067, 1069 (11th Cir. 1984). Plaintiff also cites *Tana v. Dantanna's*, to support the position that fair use involves fact-specific inquiry, however this case does not even discuss a fair use affirmative defense at all. *Tana v. Dantanna's,* 611 F.3d 767, 774 (11th Cir. 2010).

Plaintiff's reliance on *3Lions Publ., Inc.,* also fails as the holding of the case is not that the court declined to resolve the fair use defense at the pleading stage based on factual issues, but it found the Plaintiff's Complaint did not – on its face – evidence the fair use defense. *3Lions Publ., Inc., v. Interactive Media Corp.* 389 F. Supp. 3d 1031, 1042 (M.D. Fla. 2019). In fact, this case supports Defendants' motion in that it provides express requirements of the fair use defense - '(1) other than as a mark, (2) in a descriptive sense, and (3) in good faith.'" *Id.* As is clear on the face of the Second Amended Complaint and its attached exhibits, Plaintiff does not plead Defendants utilized any of the trademarks as their own mark. In fact, it pleads that Defendants used the trademarks by posting content on their website. *Dkt .Entry 35 ¶42*. Plaintiff included this content as a part of Exhibit A, which demonstrates Defendants' use, if any, was an article reviewing Plaintiff and Plaintiff's products, which naturally requires the ability to describe the company and its product, including its trademarks. *Dkt .Entry 35 Ex. A.* Finally, Plaintiff has not pleaded that Defendants' use of the trademarks was in bad faith, and the exhibits attached to the Second Amended Complaint support this – the entire article praises Plaintiff and its goods as a higher quality compared to other options. *Dkt. Entry 35 Ex. A.*

On the face of the Second Amended Complaint and its attached exhibits, it is evident that Defendants' sole use of any alleged trademarks was done in a commentary and descriptive review of products and not for any commercial purpose – thus, the fair use defense applies. Even in taking all of the allegations as true at this stage, it is evident Defendants are not liable for the causes of action raised based on their proper fair use. This Motion to Dismiss should be granted.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request this Honorable Court grant the Motion to Dismiss the Second Amended Complaint for failure to properly serve Defendant WEM

and for failure to serve Defendant Manning. Further, Defendants request this Court grant the Motion to Dismiss based on Plaintiff's failure to state a cause of action for which relief can be granted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed on June 9, 2025, utilizing the CM/ECF and a copy has been provided to all attorneys of record.

Dated: June 9, 2025

Respectfully submitted,
By: /s/Kelly Ann M. desRosiers
Kelly Ann M. desRosiers
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
Fax: (561) 953-3455
*Attorneys for Defendants*