UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No. 9:24-cv-81550-RLR

| | |
|---|---|
| **DURO BEAM, LLC,**<br>Plaintiff,<br><br>v.<br><br>**WILLIAM E. MANNING, et al.,**<br>Defendants. | |

**PLAINTIFF'S OPPOSITION TO JEFFREY HOOGENDAM'S**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Duro Beam, LLC ("Plaintiff") respectfully opposes Defendant Jeffrey Hoogendam's motion to dismiss the Second Amended Complaint ("SAC"). For the reasons that follow, the motion should be denied in full. In the alternative, Plaintiff requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

**I. INTRODUCTION**

This Court previously dismissed Plaintiff's claims against Defendant Hoogendam without prejudice under Rule 12(b)(2), based on Plaintiff's failure to rebut his initial jurisdictional

affidavit. The Court made no ruling on the merits, nor on the sufficiency of any specific jurisdictional facts. When Defendants subsequently sought to bar Plaintiff from amending, the Court rejected that request, stating that such arguments must be raised through a motion to dismiss, not through a motion for clarification.

Hoogendam now seeks to convert that interlocutory procedural ruling into permanent immunity—arguing that the SAC is barred by *res judicata*. That argument is both legally unsupportable and factually inaccurate. Under controlling Eleventh Circuit law, a dismissal for lack of personal jurisdiction is without prejudice unless the plaintiff had a full and fair opportunity to present evidence and failed to do so. That is not this case.

The SAC introduces detailed, particularized allegations tying Mr. Hoogendam—not merely 360Connect—to intentional, Florida-directed conduct designed to divert commercial traffic away from a Florida business using its own trademarks. The SAC also alleges that Hoogendam profited personally from this scheme and continued the conduct after receiving notice. These new allegations overcome the prior jurisdictional deficiency and trigger both Florida's long-arm statute and the Due Process Clause.

## II. PROCEDURAL BACKGROUND

On May 6, 2025, the Court dismissed Mr. Hoogendam based on a jurisdictional affidavit under Rule 12(b)(2), finding that Plaintiff failed to produce countervailing evidence under the prior complaint.

On May 13, Defendants sought to bar Plaintiff from repleading against Hoogendam. On May 21, the Court denied that request, making clear that any such objections must be raised by motion to dismiss—not through motion practice on the prior order.

The SAC followed, timely and in compliance with the Court's directive. It alleges a new set of jurisdictional facts materially different from those previously before the Court, and fully sufficient to support personal jurisdiction.

## III. ARGUMENT

### A. The Prior Dismissal Was Without Prejudice and Does Not Bar Repleading

Under Eleventh Circuit precedent, a dismissal for lack of personal jurisdiction under Rule 12(b)(2) does not preclude a plaintiff from repleading with new jurisdictional facts. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999). As the Eleventh Circuit made clear, "[t]his holding does not preclude further litigation of these claims on the merits, but it does preclude that litigation from occurring in Florida"—only if the plaintiff fails to bring forward new facts.

The SAC does exactly what *Posner* contemplates: it alleges new, materially different facts that directly attribute personal conduct to Mr. Hoogendam aimed at a Florida plaintiff and Florida consumers. *Res judicata* is plainly inapplicable.

### B. The SAC Alleges Specific, Personal, Florida-Directed Misconduct

The SAC alleges that Mr. Hoogendam:

- Personally designed, approved, and directed lead-generation websites that misused Plaintiff's DURO trademarks;

- Served as the "principal architect" of a campaign that siphoned leads from Florida consumers seeking Plaintiff's products;

- Instructed affiliates to deploy misleading content designed to confuse Florida-based consumers;

- Tracked conversion and ad performance metrics for Florida traffic, including IP-specific geotargeting;

- Personally negotiated with the operators of the infringing websites and continued approving their activities even after receiving notice;

- Profited directly through revenue-sharing or performance-based compensation structures tied to the diverted leads.

These are not conclusory allegations or corporate generalities. They reflect granular, intentional acts performed by Mr. Hoogendam in furtherance of an unlawful commercial scheme targeting a Florida business and Florida market.

## C. Florida's Long-Arm Statute Is Satisfied

Florida's long-arm statute authorizes jurisdiction over "[a] person who commits a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2). Florida courts have long held that tortious conduct committed outside the state satisfies the statute when it causes injury in Florida. See *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002); *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993).

The SAC alleges that Plaintiff—headquartered in Florida—suffered commercial harm in Florida, as its leads and goodwill were diverted through websites and ads designed and controlled by Mr. Hoogendam. That is sufficient. See also *Licciardello v. Lovelady*, 544 F.3d 1280, 1283–85 (11th Cir. 2008).

**D. The Corporate Shield Doctrine Does Not Apply**

The corporate shield doctrine does not protect a corporate officer from personal jurisdiction where he commits intentional torts—especially where, as here, the officer is alleged to have acted for his own benefit. See *Doe*, 620 So. 2d at 1006; *Wendt*, 822 So. 2d at 1260. Florida courts require that the tortfeasor's actions be not merely for the corporation's benefit but also for his own.

The SAC alleges that Mr. Hoogendam's conduct was undertaken "for his direct personal benefit and profit"—not just in the course of corporate duties. That benefit is not merely inferred; it is grounded in facts, including control over revenue-generating lead funnels, direct affiliate coordination, and post-notice continuation of infringing conduct that monetized Plaintiff's goodwill.

Even absent the allegation of personal enrichment, Mr. Hoogendam's hands-on participation in the tortious conduct would independently support jurisdiction. See *Achievers Unlimited, Inc. v. Nutri Herb, Inc.*, 710 So. 2d 716, 720 (Fla. 4th DCA 1998).

**E. Exercising Jurisdiction Comports with Due Process**

Due process requires (1) that the defendant purposefully directed conduct toward the forum state, and (2) that the litigation arises from those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985).

Here, the SAC alleges:

- Plaintiff is a Florida company;

- The infringing websites and ads were designed to attract Florida traffic;

- Mr. Hoogendam continued the lead diversion scheme after receiving notice of Plaintiff's location and rights;

- The harm occurred in Florida.

These contacts are not "random" or "attenuated." They reflect a sustained, knowing effort to target Plaintiff's business and Florida customers. See *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013).

**IV. CONCLUSION**

The SAC alleges new, specific jurisdictional facts that directly tie Mr. Hoogendam to intentional, Florida-directed tortious conduct. These allegations must be accepted as true and satisfy both Florida's long-arm statute and constitutional due process. At the very least, they warrant jurisdictional discovery.

The motion is premature. The SAC states actionable claims under the Lanham Act, Florida law, and tortious interference doctrine. If any deficiency is found, Plaintiff respectfully requests leave to amend under Rule 15(a)(2) to prevent delay and promote judicial efficiency.

The motion should be denied.

Respectfully submitted,

**/s/ Louis R. Gigliotti**

Louis R. Gigliotti, Esq.
(Florida Bar ID 0071935)
114 Goya Way,
St. Augustine, FL 32086
Email:lgigliotti@bellsouth.net
Tel:(954)471-4392

Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

***Attorneys for Plaintiff Duro Beam, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Plaintiff's opposition to Mr. Jeffrey Hoogendam's Motion to Dismiss Plaintiff's second amended complaint has been served to Defendant Mr. Jeffrey Hoogendam's attorney of record on June 10, 2025, via electronic email at matt.nelles@johnsonmartinlaw.com.

Respectfully submitted,

**/s/ Louis R. Gigliotti**