UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-81550-RLR

**DURO BEAM, LLC,**
Plaintiff,

v.

**WILLIAM E. MANNING, et al.,**
Defendants.

**PLAINTIFF'S OPPOSITION TO 360CONNECT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Plaintiff Duro Beam, LLC ("Plaintiff") respectfully submits this opposition to Defendant 360Connect, LLC's Motion to Dismiss [Dkt. 48] the Second Amended Complaint ("SAC"). For the reasons set forth below, the motion should be denied in its entirety.

**I. INTRODUCTION**

360Connect's motion rests on the flawed premise that a commercial aggregator can direct, authorize, and profit from the unauthorized use of a competitor's trademarks—and yet evade liability merely because it did not personally register or type the infringing domain name. That is not the law.

The SAC lays out in granular detail how 360Connect orchestrated a lead-generation funnel that deployed Plaintiff's DURO-formative marks without consent, diverted qualified leads, and

monetized the resulting traffic. This scheme is not incidental; it is central. And it satisfies the pleading burden for direct and contributory trademark infringement, unfair competition, and tortious interference under well-established precedent.

The SAC alleges a deliberate commercial strategy, not a passive role, and it supports those allegations with factual specificity that aligns with the governing legal standards. Courts have consistently denied motions to dismiss under similar allegations. See, e.g., Coach, Inc. v. Swap Shop, Inc., 916 F. Supp. 2d 1271 (S.D. Fla. 2012); Monster Energy Co. v. Integrated Supply Network, LLC, 533 F. Supp. 3d 928 (C.D. Cal. 2021).

The remaining arguments—shotgun pleading, fair use, Rule 408, and customer identification—are procedurally misplaced and legally meritless. None warrants dismissal. The motion should be denied.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint need only allege facts sufficient to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations as true and draw all reasonable inferences in Plaintiff's favor.

## III. ARGUMENT

### A. The SAC Is Not a Shotgun Pleading

360Connect claims the SAC is a shotgun pleading because it incorporates factual allegations into each count. But this is not the kind of indiscriminate incorporation condemned in

Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015). Each count in the SAC isolates a distinct theory of liability, ties that theory to specific factual allegations, and identifies the responsible defendants.

There is no ambiguity about who did what or why. That is the opposite of a shotgun pleading.

**B. The SAC Plausibly States Claims for Trademark Infringement and Unfair Competition**

**i) 360Connect's Use of the Marks Was Actionable "Use in Commerce"**

Section 43(a) of the Lanham Act imposes liability on anyone who uses a mark in commerce "on or in connection with any goods or services" where such use is likely to cause confusion. 15 U.S.C. § 1125(a)(1). This includes both direct use and contributory liability. Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 854 (1982); Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc., 955 F.2d 1143, 1149 (7th Cir. 1992).

The SAC alleges that 360Connect:

- Designed, approved, and coordinated lead funnels that deployed DURO-formative marks;
- Directed affiliates to post misleading content suggesting affiliation with Plaintiff;
- Monetized diverted leads through those channels;
- Attempted to resolve liability with payments and admissions.

These allegations easily meet the plausibility standard. See Monster Energy, 533 F. Supp. 3d at 947–48 (denying motion to dismiss contributory infringement claim where defendant "intentionally enabled, facilitated, and encouraged" unauthorized use).

**ii) 360Connect Need Not Own the Infringing Domains to Be Liable**

Liability does not require ownership or operation of the infringing website. Courts have held defendants liable where they knowingly facilitated or materially contributed to infringement. See Babbit Elecs., Inc. v. Dynascan Corp., 38 F.3d 1161, 1181 (11th Cir. 1994); Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259 (9th Cir. 1996).

The SAC alleges conduct that goes far beyond passive support. 360Connect orchestrated, directed, and profited from the use of Plaintiff's marks. That is an actionable use in commerce.

**C. The SAC Specifically Identifies the Infringed Marks**

Paragraph 18 of the SAC lists the exact marks at issue: DURO SPAN®, DURO STEEL®, DURO STORAGE™, and DURO DOORS™. It then connects each to specific instances of infringing use in the funnel websites. That is more than sufficient at the pleading stage. See Coach, 916 F. Supp. 2d at 1282.

**D. Fair Use Is an Affirmative Defense Not Fit for Resolution at This Stage**

Fair use is a fact-intensive affirmative defense. Dismissal is only appropriate where the defense "clearly appears on the face of the complaint." Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984).

That is not the case here. The SAC alleges deceptive commercial exploitation—not nominative or descriptive use. Whether 360Connect's use was "fair" under the Lanham Act is a factual question not properly resolved on a Rule 12(b)(6) motion.

**E. Rule 408 Does Not Bar Use of Factual Admissions**

Rule 408 prohibits the use of compromise offers "to prove or disprove the validity or amount of a disputed claim," but it expressly allows such evidence for other purposes, including knowledge, intent, and control. Fed. R. Evid. 408(b).

Plaintiff does not cite 360Connect's emails to prove liability from a settlement offer. The emails are cited to demonstrate 360Connect's knowledge of affiliate conduct, its role in managing the infringing funnel, and its own recognition of the problem. That is not barred. See U.S. v. Hays, 872 F.2d 582, 588 (5th Cir. 1989); Armor Screen Corp. v. Storm Catcher, Inc., 709 F. Supp. 2d 1309, 1325–26 (S.D. Fla. 2010).

**F. The Tortious Interference Claim Is Well-Pled**

Florida law does not require a plaintiff to name individual customers to maintain a tortious interference claim. It is enough to allege a business expectancy and unjustified interference. See Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994).

The SAC alleges that:

- 360Connect deployed Plaintiff's marks to intercept business leads;
- The diverted leads were monetized or redirected to competitors;
- Plaintiff suffered harm to its business.

That suffices. See Redfearn v. Trader Joe's Co., 2014 WL 12771129, at *5 (N.D. Ga. Aug. 29, 2014).

**IV. CONCLUSION**

360Connect's motion is legally deficient and factually premature. The SAC states plausible claims under the Lanham Act, Florida law, and tortious interference doctrine. If the Court were to identify any pleading deficiency, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a)(2). Such leave would avoid unnecessary delay and serve judicial efficiency.

The motion should be denied.

Respectfully submitted,

    /s/ **Louis R. Gigliotti**
Louis R. Gigliotti, Esq.
(Florida Bar ID 0071935)
114 Goya Way
St. Augustine, FL 32086
Tel:(954) 471-4392
Email:lgigliotti@bellsouth.net


Ana Juneja
**Ana Law LLC**
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

***Attorneys for Plaintiff Duro Beam, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing Plaintiff's opposition to 360Connect's Motion to Dismiss Plaintiff's second amended complaint has been served to Defendant 360Connect, LLC's attorney of record on June 10, 2025, via electronic email at matt.nelles@johnsonmartinlaw.com.

Respectfully submitted,

**/s/ Louis R. Gigliotti**