UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No. 9:24-cv-81550-RLR

**DURO BEAM, LLC,**

**Plaintiff,**

v.

**WILLIAM E. MANNING, WEM GLOBAL, INC.,**

**JEFFREY HOOGENDAM, 360CONNECT, LLC,**

**IAN HART, IAN HART DESIGN, LLC and**

**CMI MARKETING, INC.,**

**Defendants.**

_____/

## PLAINTIFF'S COUNSEL, AMA N. APPIAH, ESQ., MOTION TO WITHDRAW AS COUNSEL OF RECORD

In accordance with the Southern District of Florida Local Rule 11.1(d)(3)(A) and Florida Bar Rule 4-1.16(b), the undersigned counsel, Ama N. Appiah, Esq., requests this Court grant leave to Withdraw as Florida Counsel of Record for Plaintiff, Duro Beam, LLC. As support for this motion the undersigned counsel states as follows:

**I. INTRODUCTION**

Pursuant to Rule 4-1.16(b) of the Rules Regulating the Florida Bar, a lawyer may withdraw from representing a client if: "(1) Withdrawal can be accomplished

without material adverse effect on the interest of the client; (5) Other good cause for withdraw exists."

## II. FACTUAL BACKGROUND

The undersigned counsel accepted an offer on 10/29/24 to act as local counsel to allow Attorney Ana Junega to appear pro hac vice on behalf of the Plaintiff in the above-entitled case. Since that time there have been several issues with lack of communication and failure to pay the undersigned counsel per the contract. Attempts by the undersigned to have consistent communication with, as well as to be timely paid by, Attorney Junega, have been unsuccessful.

### A. Lack of Communication

On 12/30/25, the undersigned requested a crucial document in the case to become abreast with the details of the case. That was not provided by Attorney Junega.

On 2/12/25, Attorney Junega and the undersigned were engaged in an email communication exchange when she stated that her failure to respond to prior communications was due to her being out of the country because of a family medical emergency. The undersigned expressed her need to have a working knowledge of the case as required by the Florida Bar rules, and particularly should Attorney Junega be unavailable due to any further family emergency. Attorney

Junega responded that the undersigned could in the future contact her on WhatsApp and that she would have her paralegal provide the undersigned counsel with information about the case. There was no response.

The undersigned again requested information about the case on 2/23/25, and finally received a spreadsheet link from Attorney Junega on 3/10/25. The undersigned has not been advised of strategies, arguments, etc., other than reading, after the fact, pleadings filed by Attorney Junega.

On 5/1/25, the undersigned counsel called and emailed Attorney Junega inquiring about a 5/20/25 scheduled hearing that was referred to by an opposing counsel in a document. Attorney Junega never responded.

### B. Failure to pay for legal services

The undersigned has not been paid for legal services rendered. The lack of communication has been particularly troublesome when the undersigned has sought payment of invoices. The undersigned sent Attorney Junega an invoice on 1/6/25 due upon receipt. There was no response. Attorney Junega was emailed on 1/30/25, 2/5/25, and 2/6/25. She did not respond until 2/12/25, at which time she paid the invoice using the payment link for the invoice.

On a second occasion, the undersigned provided Attorney Junega with an invoice for payment of services provided February - April 2025, on April 10, 2025.

The invoice was payable upon receipt. The information provided by the payment platform shows the invoice was viewed by the recipient on 4/10/25 and 4/14/25. A reminder for payment was sent to Attorney Junega on 4/28/25. The undersigned counsel reached out to Attorney Junega about payment by email on 5/1/25. There was no response.

On 5/15/25, the invoice was updated to reflect additional charges since the previous invoice. The undersigned counsel again reached out to Attorney Junega by email, and then on WhatsApp, on 5/15/25. The undersigned counsel stated in the communications to Attorney Junega that if payment was not received by the next day, 5/16/25, by noon, the undersigned would begin the process to withdraw from the case. Attorney Junega emailed the undersigned counsel at 12:15 pm on 5/16/25 stating that her billing manager had mailed a check on 5/10/25, and asked the undersigned counsel if it had been received. The undersigned counsel responded that it had not been received. The payment platform shows the updated invoice was viewed by the recipient on 5/20/25 and 5/21/25.

On 5/20/25, the undersigned received an email from Attorney Junega's Billing Manager, Ron Williamson, claiming that a check had been previously sent for the full amount due. Mr. Williamson further stated that if it had not been received as of the date of his email, 5/20/25, he would need to put a stop payment on the check and reissue a new one. The undersigned counsel informed Mr.

Williamson that he should proceed with a stop payment if such a check had been issued, and reissue a check to be sent overnight and signature upon receipt. To this date the undersigned has not received payment in any form.

### C. New Local Counsel

The undersigned sent certified letters with return receipts to both the client and Attorney Junega on 5/21/25, informing them of my intention to withdraw from the case and the need for a Florida attorney for the case to proceed. According to USPS tracking both parties received the certified letters on 5/27/25. Attorney Junega has not communicated with the undersigned counsel in any form. Based on a responsive pleading filed on 6/10/25, the undersigned counsel was made aware that a new local counsel has been added to represent the Plaintiff in this case. Attorney Junega and Attorney Louis Gigliotti are now appearing on the pleadings as attorneys for the Plaintiff, and without the name of the undersigned counsel.

### D. Withdrawal can be accomplished without material adverse effect on the interest of the client.

Based on the facts as stated above, withdrawal can clearly be accomplished without material adverse effect on the interest of the Plaintiff. Attorney Gigliotti has accepted responsibility as local counsel for Plaintiff and is a member of the Florida Bar.

Additionally, other good cause for the undersigned counsel's withdrawal exists as the undersigned counsel has not been paid for her services as of the date of the filing of this motion. Further representation will cause an unreasonable financial burden on the undersigned counsel.

### III. CONCLUSION

As such, representation of the Plaintiff by the undersigned has been rendered unreasonably difficult and there is good cause to withdraw. Therefore, the undersigned counsel's motion to withdraw as counsel of record should be granted.

Pursuant to Local Rule 11.1 of the Southern District of Florida, all parties have appropriately been noticed of the undersigned counsel's intent to withdraw, and have no objection.

Respectfully submitted,
/s/Ama Appiah
Ama N. Appiah, Esq.
FL Bar #: 738336
Law Office of Ama N. Appiah, P.A.
721 1st Ave. N., Ste. 202
St. Petersburg, FL 33701
Email: aappiahlaw@gmail.com
Tel: 727-471-3538

Counsel of Record for Plaintiff<br>
Duro Beam, LLC

## CERTIFICATE OF GOOD FAITH CONFERENCE

Prior to filing this Motion and pursuant to SDFL Local Rules, the undersigned counsel hereby certifies that she has conferred with Defendants' representatives by email on 6/11/25, and was advised by all by email on 6/11/25 that there was no objection to this motion.

/s/Ama Appiah<br>
Ama N. Appiah, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed on June 12, 2025, utilizing the CM/ECF and a copy has been provided to all attorneys of record. Dated: June 12, 2025

/s/ Ama Appiah<br>
_____<br>
Ama Appiah, Esq.

## SERVICE LIST

## CASE NO. 9:24-cv-81550-RLR

Kelly Ann M. desRosiers, Esq.
Lorri Lomnitzer, Esq.
The Lomnitzer Law Firm, P.A.
7999 N. Federal Highway, Suite 200

Boca Raton, FL 33487
Kelly@Lomnitzerlaw.com Lorri Lomnitzer
Lorri@Lomnitzerlaw.com
*Attorneys for Defendants WEM Global, Inc. and William Manning*

Matthew Nelles, Esq.
Johnson Martin Law, P.A.
500 W. Cypress Ck. Rd., Suite 430
Ft. Lauderdale, FL 333099
matt.nelles@johnsonmartinlaw.com
www.johnsonmartinlaw.com
*Attorney for 360 Connect and Jeffrey Hoogendam*

Joshua Cooper, Esq.
Johnson Martin Law, P.A.
500 West Cypress Creek Road
Suite 430
Fort Lauderdale, Florida  33309
josh.cooper@johnsonmartinlaw.com
*Attorney for 360 Connect Jeffrey Hoogendam*

James Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Boulevard #1500
Miami, Florida 33156
james@slater.legal  2896711420@filings.docketbird.com, ipdocket@esca.legal, james@esca.legal, jslater@recap.email, litigation@esca.legal
*Attorney for Hart Defendants*

Louis R. Gigliotti, Esq.
Louis R. Gigliotti, P.A.
114 Goya Way,
St. Augustine, FL 32086
lgigliotti@bellsouth.net
*Attorney for Duro Beam, LLC*

8

Ana Juneja, Esq.
Ana Law LLC
1300 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
docket@analaw.com
*Attorney for Duro Beam, LLC*