UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

       Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL,
INC., JEFFREY HOOGENDAM, 360CONNECT,
LLC, IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.

       Defendants.
_____/

**NON-PARTY JEFFREY HOOGENDAM'S REPLY IN SUPPORT OF
MOTION TO DISMISS [DE 49] SECOND AMENDED COMPLAINT [DE 35]**

Non-party, Jeffrey Hoogendam, files this Reply to Plaintiff, Duro Beam, LLC's, Opposition [DE 54] to his Motion to Dismiss [DE 49] the Second Amended Complaint [DE 35].[1] The Court dismissed Mr. Hoogendam from this case, DE 34, for lack of personal jurisdiction under Fed. R. of Civ. P. 12(b)(2). That dismissal constitutes ***res judicata on the issue of personal jurisdiction*** such that Mr. Hoogendam cannot be sued again in this District or anywhere else in Florida. Having been conclusively dismissed and not formally served with a Summons and the Second Amended Complaint, Mr. Hoogendam is currently in the position of **non-party** to this action. In support of dismissal, again, he attached as the Exhibit to his Motion to Dismiss, DE 49-1, a second Declaration. Mr. Hoogendam now replies to Plaintiff's Opposition as follows:

---

[1] Plaintiff labels its pleading, "Amended Complaint." However, it is Plaintiff's Second Amended Complaint preceded by an Amended Complaint, DE 7.

1

1. **<u>Plaintiff's Representation of *Posner* is Misleading and False.</u>**

As explained in the Motion to Dismiss, the seminal case on the issue of res judicata jurisdictional dismissals is *Posner v. Essex Ins. Co.*, 178 F.3d 1209 (11th Cir. 1999). The entirety of the court's holding on this point is set forth in the following single paragraph, headed "Res Judicata:"

> The district court erred when it dismissed claims against Salem with prejudice on jurisdictional grounds; we affirm the dismissal of those counts for which it lacked personal jurisdiction but instruct the district court to dismiss those claims without prejudice. This holding does not preclude further litigation of these claims on the merits, but it does preclude that litigation from occurring in Florida. *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir.1963) ("A dismissal for lack of jurisdiction ... does not preclude a subsequent action in an appropriate forum."). In other words, a dismissal due to lack of personal jurisdiction acts as res judicata for the jurisdictional issue. *See North Georgia Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432–33 (11th Cir.1993).

*Id.* at 1221.

According to Plaintiff, under *Posner*, "a dismissal for lack of personal jurisdiction under Rule 12(b)(2) *does not preclude a plaintiff from repleading with new jurisdictional facts*." DE 54 at 3 (emphasis added). But *Posner*, the full extent of the court's holding reproduced above, **<u>says no such thing</u>**. This point cannot be overstated: nowhere in *Posner* did the court ever say, or even come close to saying, that where a trial court dismisses a case on personal jurisdiction grounds, a plaintiff may "replead with new jurisdictional facts." Indeed, the court said the exact opposite: "a dismissal due to lack of personal jurisdiction **<u>acts as res judicata</u>** for the jurisdictional issue" and the dismissal precludes litigation against that defendant from occurring in Florida. Plaintiff's skewed representation of *Posner* is misleading.

Plaintiff fares no better when it states, "[a]s the Eleventh Circuit made clear, '[t]his holding does not preclude further litigation of these claims on the merits, but it does preclude that litigation

from occurring in Florida'—*only if the plaintiff fails to bring forward new facts*." DE 54 at 3 (emphasis added). In other words, Plaintiff argues that *Posner* somehow conditions res judicata dismissals on whether a plaintiff subsequently asserts new facts. Again, *Posner* **does not even come close** to saying that. Indeed, the entire premise of res judicata is that a plaintiff cannot try to relitigate a matter, i.e., "bring new facts." In this regard, the Eleventh Circuit could not have been clearer: a dismissal on personal jurisdictional grounds forbids a plaintiff from trying to re-litigate the matter in Florida.

      2.      **Plaintiff Fails to Produce Evidence Supporting Personal Jurisdiction**.

Even assuming, *arguendo*, Plaintiff could dodge the Eleventh Circuit's clear dictate of res judicata and relitigate personal jurisdiction, Plaintiff fails, again, to provide any evidence rebutting Mr. Hoogendam's testimony.

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *PeopleShare, LLC v. Vogler*, 601 F. Supp. 3d 1276, 1279 (S.D. Fla. 2022) (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013)). "Where ... the defendant submits affidavit(s) [contradicting the allegations in the complaint], the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id*. (citing *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir. 2002); *Cable/Home Commc'n Corp. v. Network Prods., Inc*., 902 F.2d 829, 855 (11th Cir. 1990)). If the defendant makes a sufficient showing of a lack of personal jurisdiction, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Vogler, supra* (citing *Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986)).

In support of his Motion to Dismiss the (First) Amended Complaint and again in support of this Motion to Dismiss the Second Amended Complaint, Mr. Hoogendam testified in detail concerning his lack of jurisdictional contacts with Florida. *See* DE 24-1 and DE 49-1. Whether now or before, Plaintiff has never come forward with any evidence "to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof." *See Vogler, supra*. Just as before, when Mr. Hoogendam moved to dismiss the Amended Complaint, his testimony disproving personal jurisdiction stands unchallenged and unrebutted.

Further, for good measure, Mr. Hoogendam explicitly contested and disproved the allegations of what Plaintiff calls, "intentional acts performed by Mr. Hoogendam in furtherance of an unlawful commercial scheme targeting a Florida business and Florida market." DE 54 at 4. Specifically, Mr. Hoogendam testified:

14. I have never worked in Florida.

15. I have never performed any acts in furtherance of the business of 360Connect, LLC in Florida.

16. Any communications or interactions I have had with any of the codefendants in this case were exclusively from outside Florida, exclusively for the benefit of 360Connect and not myself, personally, and exclusively in my capacity as a corporate officer of 360Connect.

17. Any communications I have had, or activities I have ever performed related to lead generation or otherwise to the business of 360Connect were exclusively from outside Florida, exclusively for the benefit of 360Connect and not myself, personally, and exclusively in my capacity as a corporate officer of 360Connect.

DE 49-1. Additionally, and as substantiated by the foregoing proof, Mr. Hoogendam testified that the specific allegations of misconduct that Plaintiff, without supporting evidence, attributes to him are all "false and baseless." *Id.*, ¶¶ 18-27.

Plaintiff's Opposition does not even address, let alone refute, any of the foregoing testimony. No "affidavits or "other competent proof" are supplied in response. Instead, Plaintiff's Opposition "merely reiterate[s] the factual allegations in the complaint." *See Vogler, supra* (citing *Polskie*).[2] The Second Amended Complaint should therefore be dismissed and Plaintiff instructed not to attempt to refile against Mr. Hoogendam.

### 3. <u>Plaintiff Fails to Overcome the Corporate Shield Doctrine</u>.

Attempting to overcome the corporate shield doctrine using the intentional tort exception, Plaintiff merely recites what the "SAC alleges." In particular, Plaintiff contends that Mr. Hoogendam "controlled revenue-generating lead funnels," directed "affiliate coordination," and engaged in "post-notice … infringing conduct," all for "his direct personal benefit and profit." DE 54 at 5. None of these allegations are supported by affidavits or other competent proof. They are bald, conclusory, and specious, and they are countered with actual proof to the contrary. DE 49-1 at 18-27.

Further, even assuming, *arguendo*, that Plaintiff had come forward with evidence to support its allegation that Mr. Hoogendam engaged in misconduct that personally and directly benefited him as opposed to his company (it did not), Plaintiff never even alleges, let alone proves, that Mr. Hoogendam "committed any acts in Florida." *See Frida Kahlo Corp. v. Pinedo*, No. 1:22-CV-22399-Gayles/Torres, 2023 WL 9473827 at *5 (S.D. Fla. Dec. 28, 2023); *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, No. 1:13-cv-21297, 2014 WL 11880964, at *5 (S.D. Fla. Jan. 24, 2014) ("acts performed by a person exclusively in his corporate capacity not in Florida but in a foreign state may not form the predicate for the exercise of personal jurisdiction over the

---

[2] Throughout the Opposition, Plaintiff refers only to what the "SAC alleges." *See, e.g.*, DE 54 at 2, 3, 5.

5

employee in the forum state"); *Litke v. P.B. Express, Inc.*, No. 3:23-cv-1266, 2024 WL 4373634 at *5 (M.D. Fla. Oct. 2, 2024) (no allegations that the defendant "worked in Florida, committed any action in Florida, or had any personal connection to Florida."). Again, Mr. Hoogendam proved the contrary and his proof is uncontradicted. DE 49-1, ¶¶ 14-17 (reproduced above).

Plaintiff's reliance on *Achievers Unlimited, Inc. v. Nutri Herb, Inc.* is misplaced. The corporate officer there sent defamatory letters to the plaintiff's Florida distributors and "had additional contacts with the state including his position as a distributor for appellant which resulted in [the corporate officer] purchasing products from appellant in Florida and communicating with appellant in Florida by telephone, telefax, and mail." 710 So. 2d 716, 719. Here, Mr. Hoogendam did not direct any infringing activities into or commit any acts in Florida, and has no jurisdictional ties to Florida.

Finally, Plaintiff's claim that the allegations of the Second Amended Complaint "reflect a sustained, knowing effort to target Plaintiff's business and Florida customers" is unsupported and legally insufficient to overcome the corporate shield doctrine. As explained in the Motion to Dismiss, harm to Plaintiff in Florida is insufficient to establish personal jurisdiction. *See Wholesale Direct 2 You v. Switchmate Home, LLC*, No. 23-62273, 2024 WL 3757274 (S.D. Fla. June 12, 2024); *Harris v. Shuttleworth & Ingersoll, P.C.*, 831 So. 2d 706, 708 (Fla 4th DCA 2002); *Blumberg v. Steve Weiss & Co., Inc.*, 922 So. 2d 361, 364 (Fla. 3d DCA 2006); *Justiniano v. Chapter 4 Corp.*, No. 6:21-cv-875, 2021 WL 6338791, at *8 (M.D. Fla. Dec. 23, 2021).

In sum, the Motion to Dismiss should be granted, Plaintiff instructed not to attempt to refile against Mr. Hoogendam in Florida, and Plaintiff's request to amend should be denied.

Dated: June 16, 2025                           Respectfully submitted,

                                                          By:  */s/ Matthew S. Nelles*
                                                          Matthew S. Nelles
                                                          Florida Bar No.: 009245
                                                          Joshua Cooper
                                                          Florida Bar No.: 117658
                                                          matt.nelles@johnsonmartinlaw.com
                                                          Johnson & Martin, P.A.
                                                          500 West Cypress Creek Rd., Suite 430
                                                          Ft. Lauderdale, FL 33309
                                                          T:  (954) 790-6698
                                                          Eservice: sari.tannenbaum@johnsonmartinlaw.com

                                                          *Attorneys for Defendant 360Connect, LLC*

## **CERTIFICATE OF SERVICE**

       I hereby certify that all counsel of record are being served on June 16, 2025 with a copy of this document via the Court's ECF system.

                                                          */s/ Matthew S. Nelles*
                                                          Matthew S. Nelles

## **SERVICE LIST**

Ama N. Appiah, Esq.
Email: ama.appiah.2003@gmail.com
Law Office of Ama N. Appiah, P.A
721 1st Ave N Ste 202,
St Petersburg, FL 33701-3603
(727) 471-3538

Ana Juneja, Esq.
Ana Law LLC
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

Louis R. Gigliotti, Esq.
114 Goya Way,
St. Augustine, FL 32086
Email:lgigliotti@bellsouth.net

*Attorneys for Plaintiff*


James M. Slater
Slater Legal PLLC
9000 Dadeland Boulevard #1500
Miami, Florida 33156
Tel.: (305) 523-9023
james@slater.legal

*Attorney for Hart*

Kelly Ann M. desRosiers
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer
Lorri@Lomnitzerlaw.com
Allison A. Mingo
Allison@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
 7999 N. Federal Highway, Suite 200
 Boca Raton, FL 33487
 Telephone: (561) 953-9300
 Direct: (561) 953-9301

 *Attorneys for Defendant*
 WEM GLOBAL, INC