UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

    Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL,
INC., JEFFREY HOOGENDAM, 360CONNECT,
LLC, IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.

    Defendants.
_____/

**360CONNECT'S REPLY IN SUPPORT OF
MOTION TO DISMISS SECOND AMENDED COMPLAINT [DE 48]**

Defendant, 360Connect, LLC ("360Connect"), replies as follows to Plaintiff, Duro Beam, LLC's, Opposition [DE 55] to its Motion to Dismiss [DE 48] the Second Amended Complaint [DE 35]:

    **1.**    **Shotgun Pleading - Each Count Does Not "Isolate a Distinct Theory of Liability"**

Plaintiff denies that its Second Amended Complaint is a shotgun pleading, arguing that "each count … isolates a distinct theory of liability." That statement is false.

The pleading is essentially one extensive run-on sentence with each count picking up where the last one left off. Thus, Count 2 necessarily incorporates Count 1, Count 3 necessarily incorporates Counts 1 and 2, and so on. Therefore, each theory of liability is commingled with the prior one. Plaintiff's assertion that each count ties a legal theory with "specific factual allegations," DE 55 at 3, is untrue. A party attempting to ascertain whether one of Plaintiff's claims sufficiently alleges liability is required to assess not only the facts alleged in the claim at issue, but also those

1

alleged before it. That task is onerous, difficult, and legally unwarranted under *Weiland*. Accordingly, the Second Amended Complaint is a shotgun pleading that should be dismissed.

### 2. **Plaintiff's Opposition Commingles Direct with Contributory Trademark Infringement**.

In its Motion to Dismiss, 360Connect established that the Second Amended Complaint fails to plead direct trademark infringement and related claims because Plaintiff does not allege that 360Connect did not use Plaintiff's trademark in commerce. DE 48 at 8 ("360Connect, however, while alleged to have engaged in activities such as 'instructing,' 'approving,' and 'controlling,' is not alleged to have used or adopted Plaintiff's trademarks."). In response, Plaintiff, citing *Inwood Labs* and *Hard Rock Café Licensing Corp.*, argues that the legal standard of liability in 15 U.S.C. § 1125(a) applies to both "direct use and contributory liability." DE 55 at 3. But both of those cases involve contributory, not direct, liability for trademark infringement. 360Connect is not challenging the sufficiency of the pleading as to Count 4 for Contributory Liability based on failure to allege trademark use; it challenges the direct liability claims, Counts 1-3. Plaintiff's cases are inapposite and inapplicable.

Plaintiff's delineation of what its Second Amended Complaint alleges, DE 55 at 3, is also incorrect. For example, it is false that the pleading alleges 360Connect "designed, approved, and coordinated lead funnels that deployed DURO-formative marks." Instead, the Complaint alleges only that Mr. Hoogendam "approved advertisements and lead generation funnels that falsely represented an association with" Plaintiff. The distinction is critical because Plaintiff never alleges that 360Connect directly utilized or reproduced, in any manner, Plaintiff's marks. Without allegations of direct use of a mark in commerce, Plaintiff's direct infringement claims, Counts 1-3, should, as to 360Connect, be dismissed.

Plaintiff's reference to *Monster Energy Co. v. Integrated Supply Network, LLC* is curious since that case dealt with disgorgement of profits after a jury verdict. It has nothing to do with direct or contributory trademark infringement and appears to have been errantly cited.

Plaintiff also cites *Babbitt Electronics v. Dynascan* and *Fonovisa, Inc. v. Cherry Auction, Inc.*, arguing that "liability does not require ownership and operation of an infringing website." DE 55 at 4. But neither of those cases involved websites. Further, in *Babbitt*, the defendant "intentionally used the marks in question," 38 F.3d at 1181, whereas here, Plaintiff asserts only that 360Connect, "orchestrated, directed, and profited from the use of Plaintiff's marks." DE 55 at 4. And *Cherry Auction* concerned contributory and not direct infringement. Neither of those cases help Plaintiff.

### 3. Plaintiff Does Not Specifically Identify the Infringed Marks.

As set forth in the Motion to Dismiss, ¶ 18 of the Complaint lists seven trademarks, but the infringement allegations are directed, generally, to the plurality of "Plaintiff's trademarks." Without identifying which marks it claims were infringed, Plaintiff's blanket statement is insufficient to put 360Connect on notice of its claims. *See Disney Ent., Inc. v. Tarano*, No. 6:12-cv-1763, 2013 WL 12156455, *2 (M.D. Fla. June 24, 2013); *Valoro, LLC v. Valero Energy Corp.*, No. 14–21694, 2014 WL 3920035 (S.D. Fla. Aug. 11, 2014).

Plaintiff contends that ¶ 18 "connects each (of the marks) to specific instances of infringing use in the funnel websites." DE 55 at 4. That statement is false and unsupported. There is no "connection" alleged between each of the listed marks and any such infringing uses. Without any visual depiction, the marks are conclusively asserted en masse. Counts I-IV should therefore be dismissed.

4. **Fair Use is Evident from the Face of the Complaint**.

While 360Connect does not dispute fair use is an affirmative defense, a complaint may still be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense – so long as the defense clearly appears on the face of the Complaint. *Palm Partners, LLC v. Palm Beach Treatment Ctr., LLC*, 2017 U.S. Dis. LEXIS 133401 at *4-5 (S.D. Fla. August 18, 2017)(citing to *Brown v. One Beacon Ins. Co. Inc.*, 317 F. App'x 915, 916-17 (11th Cir. 2009)). Each of the elements of fair use are clearly described in the Complaint. *See* DE 48 at 9-10.

5. **Plaintiff Uses Settlement Communications to Prove Liability**.

Attempting to justify its citation, quotation, and use of rank settlement communications in the Complaint, Plaintiff argues it did so to prove issues other than liability. That argument is palpably specious.

One need looks no further than Plaintiff's Opposition to conclude that Plaintiff is improperly using settlement communications. In the section of its briefing titled, "The SAC Plausibly States Claims for Trademark Infringement and Unfair Competition," Plaintiff, as support for those claims, cites 360Connect's alleged "[a]ttempt[s] to resolve liability with payments and admissions" as set forth in the settlement letters and emails. DE 55 at 3. This argument clearly belies Plaintiff's position that it is using the settlement offer for purposes other than proving liability.

Indeed, the Complaint is replete with uses of the settlement offer to prove liability. *See, e.g.*, ¶ 29 ("360 Defendants, through its counsel, offered consideration on behalf of itself and its affiliates in exchange for Plaintiff's forbearance, ***thereby acknowledging its role in and benefiting from the infringing activities***); ¶ 30 ("These statements, while attempting to distance 360 Defendants from liability, confirm that both 360 Defendants had knowledge of the infringing

4

content and played an active role in negotiating its resolution, *further supporting their inclusion as a liable party*); ¶ 44 ("360 Defendants actively participated in settlement negotiations and offered consideration on behalf of themselves and their affiliates, *acknowledging their role in and benefiting from the infringing activities*"); ¶ 54 ("Their active participation in settlement negotiations and acknowledgment of the business relationship with the infringing websites *suggest they contributed to the infringement of Plaintiff's trademarks*).

In sum, Plaintiff flaunts the bedrock principle against using settlement discussions to prove liability, which is deserving of the harshest sanctions – dismissal of the Second Amended Complaint with prejudice.

### 6. A Tortious Interference Claim Must Specifically Identify Relationships Intererfered With.

Plaintiff's statement that "Florida law does not require a plaintiff to name individual customers to maintain a tortious interference claim" is false. In *Ethan Allen*, cited by Plaintiff, the Florida Supreme Court held:

> In Florida, a plaintiff may properly bring a cause of action alleging tortious interference with present or prospective customers but *no cause of action exists for tortious interference with a business's relationship to the community at large*. Southern Alliance Corp. v. Winter Haven, 505 So.2d 489, 496 (Fla. 2d DCA 1987). As a general rule, an action for tortious interference with a business relationship requires a business relationship *evidenced by an actual and identifiable understanding or agreement* which in all probability would have been completed if the defendant had not interfered.

647 So. 2d at 815 (emphasis added). And the court expressly rejected the tortious interference claim in that case because of the plaintiff's failure to allege actual and identifiable relationships with which the defendant allegedly interfered, reasoning:

> Georgetown had ***no identifiable agreement with its past customers*** that they would return to Georgetown to purchase furniture in the future. The mere hope that some of its past customers may choose to buy again cannot be the basis for a tortious interference claim.1 Accordingly, Georgetown may not recover, in a tortious interference with a business relationship tort action, damages where the "relationship" is ***based on speculation regarding future sales to past customers***.

*Id.* (emphasis added). Thus, fundamentally, a claim for tortious interference must "identify the customers who were the subject of the alleged interference." *Bortell v. White Mountains Ins. Group, Ltd.*, 2 So. 3d 1041, 1048 (Fla. Dist. Ct. App. 2009). Plaintiff fails to identify any customers or businesses "who were the subject of the alleged interference," and it cannot maintain an action for tortious interference by alleging that 360Connect "interfered with a relationship between the plaintiff and the public at large." *See id.* Count V should therefore be dismissed.

For all of the foregoing reasons, the Second Amended Complaint fails to state a claim under Rule 12(b)(6) and should be dismissed.

Dated: June 16, 2025                              Respectfully submitted,


By: */s/ Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No.: 009245
Joshua Cooper
Florida Bar No.: 117658
matt.nelles@johnsonmartinlaw.com
Johnson & Martin, P.A.
500 West Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33309
T:  (954) 790-6698
Eservice: kerty.apelt@johnsonmartinlaw.com

*Attorneys for Defendants 360Connect, LLC and Nonparty Jeffrey Hoogendam*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served on June 16, 2025 with a copy of this document via the Court's ECF system.

/s/ *Matthew S. Nelles*
Matthew S. Nelles

**SERVICE LIST**

Ama N. Appiah, Esq.
Email: ama.appiah.2003@gmail.com
Law Office of Ama N. Appiah, P.A
721 1st Ave N Ste 202,
St Petersburg, FL 33701-3603
(727) 471-3538

Ana Juneja, Esq.
Ana Law LLC
1300 Pennsylvania Ave NW Suite 700
Washington, DC 20004
(202) 266-7100
docket@analaw.com

Louis R. Gigliotti, Esq.
114 Goya Way,
St. Augustine, FL 32086
Email:lgigliotti@bellsouth.net

*Attorneys for Plaintiff*


James M. Slater
Slater Legal PLLC
9000 Dadeland Boulevard #1500
Miami, Florida 33156
Tel.: (305) 523-9023
james@slater.legal

*Attorney for Hart Defendants*

Kelly Ann M. desRosiers
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer
Lorri@Lomnitzerlaw.com
Allison A. Mingo
Allison@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301

*Attorneys for Manning Defendants*