UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-81550-RLR

DURO BEAM, LLC,

    Plaintiff,

v.

WILLIAM E. MANNING, *et al.*,

    Defendants.

## JOINT[1] STATUS REPORT CONCERNING DISCOVERY

Pursuant to the Court's Order Setting Zoom Discovery Conference [ECF No. 22], the parties respond to the Court's areas of inquiry as follows:

**A. What discovery has been propounded by each party.**

- Plaintiff: none.

- Defendant 360Connect, LLC ("360Connect"): Requests for Production; Requests for Admission; Interrogatories.

- Defendants Ian Hart and Ian Hart Design, LLC ("Hart Defendants"): Requests for Production; Interrogatories.

- Defendants WEM Global, Inc. and William Manning ("WEM Defendants"): none.

**B. Whether the discovery requests have been answered.**

---

[1] Plaintiff's counsel did not timely provide authority to add signature or confirm the final draft however previously provided their position which is reflected herein.

Plaintiff has responded to the requests and interrogatories propounded by 360Connect and Hart Defendants.

### C. The status of depositions.

360Connect three times scheduled and noticed a Rule 30(b)(6) deposition of Plaintiff the latest having been set for July 18, 2025. Counsels for the defendants each appeared at the July 18, 2025 deposition and waited approximately 15 minutes but Plaintiff nor Plaintiff's counsel attended. The certificate of nonappearance is attached as Exhibit 1 and has previously been provided to Plaintiff's counsel. Plaintiff's new local counsel, Lou Gigliotti, has assured Defendants that Plaintiff will sit for a deposition currently scheduled for August 14, 2025. Defendants seek reimbursement of their legal fees related to the numerous deposition nonappearances, and the parties are engaged in meet and confer discussions in an attempt to avoid Rule 37 motion practice. If the parties cannot resolve that matter by the end of this week, Defendants will file a motion for sanctions.

Plaintiff's new local counsel, Lou Gigliotti, has assured Defendants that Plaintiff will sit for a deposition currently scheduled for August 14, 2025. Defendants seek reimbursement of their legal fees related to the numerous deposition nonappearances, and the parties are engaged in meet and confer discussions in an attempt to avoid Rule 37 motion practice. If the parties cannot resolve that matter by the end of this week, Defendants will file a motion for sanctions.

### **PLAINTIFF'S POSITION**

Plaintiff respectfully disagrees with the characterization that it "failed to appear" for any deposition. In each instance, the deposition was rescheduled in advance by agreement of the parties or notice to the noticing party. No deposition date was ever confirmed by all parties with an expectation that the deposition would proceed without objection. At no time did Plaintiff fail to

appear for a deposition that was mutually confirmed or proceed in violation of a court order. Plaintiff's requests for alternative dates were based on the health issues of its representative and ongoing coordination needs among multiple parties.

There was no prejudice to Defendants: no party appeared for a deposition, no court reporter or videographer was engaged, and no expenses were incurred related to attendance. To the extent any preparation occurred, it remains applicable to the deposition now scheduled for August 14, 2025. Plaintiff has confirmed that it will appear on that date. Under these circumstances, Plaintiff submits that sanctions under Rule 37 are unwarranted.

No other depositions are currently scheduled.

**D. An explanation of any delay in scheduling the remaining depositions.**

As explained above, Plaintiff has failed to appear, **three times**, for its deposition. New local counsel has provided assurances that Plaintiff will participate in discovery.

Plaintiff respectfully disagrees with Defendants' contention regarding Defendants' allegations of failure to appear at deposition, as stated above. Defendants have taken no measures to seek relief from the Court, to the extent that it is warranted.

**E. The status of expert disclosures.**

The deadline has passed and no party has disclosed any experts in this case.

**F. Whether the parties believe that a discovery status conference is needed.**

Not at this time.

**G. Whether the parties can certify that all discovery will be completed by the discovery deadline.**

<u>Defendants' position</u>: Currently unclear. Had Plaintiff appeared and participated in any of the three prior attempts to take its Rule 30(b)(6) deposition, Defendants would have been able to

assess whether additional depositions and/or discovery is needed. Defendants have been deprived of that opportunity. By the time the deposition scheduled for August 14 occurs, and if it is determined based on Plaintiff's answers that additional depositions or discovery are needed, there will not likely be sufficient time before the September 12, 2025 discovery deadline to complete same..

Plaintiff's position:  Plaintiff is expected to complete discovery by September 12, 2025 deadline.  No discovery motions have been filed, and there has simply been no obstruction by Plaintiff.

Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
Slater Legal PLLC
9000 Dadeland Boulevard #1500
Miami, Florida 33156
Tel.: (305) 523-9023
james@slater.legal
*Attorneys for Hart Defendants*

/s/ Kelly Ann M. desRosiers
Kelly Ann M. desRosiers (FBN 1017878)
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Kelly@Lomnitzerlaw.com
*Attorneys for WEM Defendants*

*/s/Matthew S. Nelles*
Matthew S. Nelles (FBN 009245)
Johnson & Martin, P.A.
500 West Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33309
Tel. (954) 790-6698
matt.nelles@johnsonmartinlaw.com
*Attorneys for Defendant 360Connect, LLC*


Ana Juneja
*Pro Hac Vice*
1300 Pennsylvania Ave NW Suite 700
Washington D.C. 20004
docket@analaw.com

Louis R. Gigliotti (FBN 0071935)
114 Goya Way
St. Augustine, FL 32086
lgigliotti@bellsouth.net

5