UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-81550-WPD/BER

DURO BEAM, LLC.,

        Plaintiff,

vs.

JEFFREY HOOGENDAM, et. al.

        Defendants.

_____/

## REPORT AND RECOMMENDATION ON JEFFREY HOOGENDAM'S MOTION TO DISMISS [ECF No. 49]

Duro Beam, LLC's Second Amended Complaint against Jeffrey Hoogendam should be dismissed. After giving Duro Beam a full and fair opportunity to litigate, the Court dismissed the First Amended Complaint against Mr. Hoogendam for lack of personal jurisdiction. ECF No. 34. Under binding Eleventh Circuit precedent, that dismissal prevents Duro Beam from renewing its claims against Mr. Hoogendam in this Court. *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1221-22 (11th Cir. 1999).

Duro Beam sued Mr. Hoogendam in its initial Complaint. ECF No. 1. Before that Complaint was served, Duro Beam filed a First Amended Complaint that also sued Mr. Hoogendam. ECF No. 7. Mr. Hoogendam moved to dismiss on multiple bases, including for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). ECF No. 24.

"A defendant may make a facial or factual challenge to jurisdiction; a factual challenge is made by filing an affidavit or other evidence in support of its position." *Dvash Aviation Holdings, LLC v. AMP Leasing Ltd.*, No. 24-60312-CIV, 2024 WL 3650381, at *1 (S.D. Fla. July 11, 2024) (citing *In re Zantac (Ranitidine) Products Liability Litigation,* 706 F. Supp. 3d 1363, 1366 (S.D. Fla. 2020)). "If the defendant includes affidavits or other evidence in support of the 12(b)(2) motion, the question of personal jurisdiction is resolved by reference to facts outside the four corners of the complaint. The Court can, but is not required to, conduct an evidentiary hearing to resolve the personal jurisdiction issue. When a factual challenge is made, the parties have a qualified right to jurisdictional discovery to develop the factual record, if they make a timely request and jurisdictional facts are genuinely in dispute." *In re Zantac*, 706 F. Supp. 3d at 1366.

Here, Mr. Hoogendam made a factual challenge. He supported his Motion to Dismiss with a Declaration that disputed whether Florida's long-arm statute was satisfied. ECF No. 24-1. Duro Beam did not ask for jurisdictional discovery or an evidentiary hearing, nor did it submit any evidence in response to Mr. Hoogendam's Declaration. *See* ECF No. 27. The Court noted that Mr. Hoogendam's Declaration "refutes every factual basis upon which Florida's long-arm statute could apply in this case." ECF No. 34 at 1. The Court then held, "Here, the Plaintiff has not met its burden by producing any counterevidence, and instead limits its response to the argument that its allegations in the Complaint are sufficient. Mr. Hoogendam's

Motion is therefore **GRANTED** and he is **DISMISSED** from this case on personal jurisdiction grounds." *Id.* at 2.

Duro Beam's Second Amended Complaint again names Mr. Hoogendam as a defendant and includes additional factual allegations to try to show that personal jurisdiction exists. Mr. Hoogendam correctly says that Duro Beam cannot have a second bite at this apple.

A party cannot relitigate the merits of an issue after it had a full and fair opportunity to do so. Here, the Court adjudicated the merits of the personal jurisdiction issue. In that situation, both the Eleventh Circuit and the former Fifth Circuit say, "[A] second complaint cannot command a second consideration of the same jurisdictional claim." *Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir. 1979), *cited in N. Georgia Elec. Membership Corp. v. City of Calhoun, Ga.*, 989 F.2d 429, 433 (11th Cir. 1993); *see Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999) ([A] dismissal due to lack of personal jurisdiction acts as res judicata for the jurisdictional issue.") (citing *N. Georgia Elec.*).

Accordingly, it is **RECOMMENDED** that the District Court GRANT Mr. Hoogendam's Motion to Dismiss.[1]

---

[1] Because the personal jurisdiction issue is dispositive, I need not reach Mr. Hoogendam's other arguments for dismissal.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable William P. Dimitrouleas, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of August 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE