UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

    Plaintiff,

v.

WILLIAM E. MANNING, WEM GLOBAL, INC.,
JEFFREY HOOGENDAM, 360CONNECT, LLC,
IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.,

    Defendants.
_____/

## DEFENDANTS WILLIAM MANNING and WEM GLOBAL, INC.'s MOTION FOR SANCTIONS PURSUANT TO RULE 11

Defendants, WEM GLOBAL, INC. ("WEM") and WILLIAM MANNING ("MANNING") (collectively, the "WEM Defendants"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 11(c), hereby moves for entry of an Order issuing sanctions against Plaintiff DURO BEAM, LLC ("Plaintiff"), for violating Rule 4(m). The following memorandum is filed in support thereof.

### I.    PROCEDURAL BACKGROUND

1. On or about December 16, 2024, Plaintiff filed its Complaint against Defendants containing counts for Federal Trademark Infringement and False Designation of Origin, Unfair Competition, Violation of the Florida Deceptive and Unfair Trade Practices Act, and Infringement of Federally Registered Trademarks.[1] *Dkt. Entry 1.*

---

[1] In approximately June of 2024, Plaintiff and its counsel sent various communications to WEM Defendants regarding alleged copyright infringement, however, after numerous requests for supporting information Plaintiff never provided any evidence to demonstrate the allegations of infringement initially raised. Plaintiff ceased outreach in approximately July of 2024.

2. That same day, Plaintiff filed its First Amended Complaint. *Dkt. Entry 7.*

3. On or about December 17, 2024, the Clerk of Court entered the summons to serve the WEM Defendants.

4. On or about April 9, 2025, Defendant WEM was served a copy of the initial Complaint. *See Declaration of William Manning attached hereto as Exhibit A.*

5. Prior to April 9, 2025, there were no attempts to serve the WEM Defendants. *Id.*

6. The service packet provided to Defendant WEM solely contained the summons for Defendant WEM and did not include the summons or any copies addressed to Defendant MANNING individually. *Id.*

7. WEM Defendants awaited the filing of the Affidavit of Service to review and evaluate the process server's evidence of proper service, but as the date of filing this motion, it has not been filed by Plaintiff.

8. On or about May 2, 2025, the undersigned provided via registered email and USPS mail the requisite Safe Harbor letter and copy of this motion to Plaintiff's counsel.

9. On or about May 6, 2025, this Court entered an order Granting Defendant 360Connect and Jeffrey Hoogendam's Motion to Dismiss the Complaint as a shotgun pleading.[2]

10. On or about May 12, 2025, Plaintiff filed a Second Amended Complaint ("Operative Complaint"), still naming Defendants WEM and still containing numerous deficiencies.

---

[2] The remaining Defendants also filed Motions to Dismiss but the Court denied those as moot after determining the Plaintiff must amend the Complaint.

11. Defendants WEM renewed its request to dismiss the claims against Defendants WEM and sent the requisite Safe Harbor letter again on or about May 20, 2025.

## II. LEGAL STANDARD

### A. Motion for Sanctions Legal Standard

"The goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001). "Sanctions may be imposed on the attorney, law firm, or party if Rule 11 is violated, the offending party is provided with an opportunity to withdraw the objectionable pleading and fails to do so, and a motion for sanctions is filed with the court." *Lee v. Mid-State Land & Timber Co., Inc.*, 285 Fed. Appx. 601, 608 (11th Cir. 2008) (citing Fed. R. Civ. P. 11(c) (1-2)).

Under Rule 11, an attorney who files a pleading, motion, or other filing in the federal court "certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that…

> iii.     the factual contentions have **evidentiary support** or, if specifically, so identified, **will likely have evidentiary support after a reasonable opportunity for further investigation or discovery** (emphasis added).

Pursuant to F.R.C.P 11, sanctions may be awarded when a party files a pleading or motion that **has no reasonable factual basis**. *Anderson v. Smithfield Foods, Inc.,* 353 F.3d 912, 915 (11th Cir. 2003); *Massengale v. Ray,* 267 F.3d 1298, 1301 (11th Cir. 1996).

The appropriateness of Rule 11 sanctions is determined by an objective standard and a finding of bad faith is not required to impose Rule 11 sanctions. *Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987). The inquiry is whether the party's claims exhibit "a

deliberate indifference to obvious facts" and whether the person signing the pleadings should have been aware that the claims were without any factual basis. *King v. Bd. of Cnty. Commissioners, Polk Cnty., Fla.*, No. 8:16-CV-2651-T-33TBM, 2018 WL 4568865 (M.D. Fla. Feb. 9, 2018) (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). Where "the plain language of an applicable statute and the case law preclude relief," sanctions are appropriate. *Id*. (footnotes omitted). As the Advisory Committee Notes for Rule 11 explain, however, "Rule 11 motions ... should not be employed ... to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments); *Lawson v. Sec'y, Dep't of Corr.,* 13–12786, 2014 WL1491862, *1 (11th Cir. Apr. 17, 2014) (quoting *Cooler & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)) (holding "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."). Sanctions may be assessed if actually groundless allegations, which are patently frivolous, have been made. Fed. R. Civ. P. 11. A complaint is factually groundless and merits sanctions **where the plaintiff has absolutely no evidence to support its allegations**. *In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995).

All conditions precedent as set forth in Rule 11(c)(2) have been met, but the party or parties against whom this Motion has been directed failed to withdraw or otherwise correct the Complaint within twenty-one (21) days after service of a duplicate copy of this Motion, which was served on DURO and each counsel of record on May 2, 2025 and renewed on May 20, 2025, regarding the Operative Complaint.

### III.  ARGUMENT[3]

Plaintiff's insistence on continuing this litigation against the WEM Defendants after clear and undisputed evidence that service does not comply with Fed. R. Civ. P. 4(m), that Defendant MANNING was not served at all, nor was the service on Defendant WEM even proper, can only demonstrate the continued desire to harass the WEM Defendants. Further, Plaintiff waited nearly four (4) months to serve Defendant WEM after the issuance of the summons and filing of the Complaint - even though DURO's counsel was previously in communication with counsel for the WEM Defendants but chose not to contact counsel directly nor sought to request an extension of time to serve the WEM Defendants, but continued litigating the matter. Plaintiff has still failed to contact counsel for Defendants WEM or in any way nor respond to the Safe Harbos letters or the initial Motion to Dismiss filed raising these same allegations.

Notwithstanding the clear issues with the service of the WEM Defendants, Plaintiff and Plaintiff's counsel failed to research the facts and allegations in the Complaint (prior to filing). Specifically, each and every allegation in the Complaint is based solely "upon information and belief" with nothing to support that even discovery and litigation would lead to the evidence to support these allegations. Prior to the filing of the litigation, counsel for Plaintiff was advised numerous times that there was no infringement as the sole article allegedly posted by the WEM Defendants was titled "Duro Steel Building Review". On its face alone, the title of the document demonstrates the article is a review of the product which is fair use of any alleged trademark - it's a review of the goods – in fact a positive review.

---

[3] Defendant WEM is no longer seeking sanctions based on service as this issue was remedied by the Court but per Fed. R. Civ. P. 11(c)(2) the motion that was provided must be filed.

"Rule 11 stresses the need for some **prefiling inquiry**." *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir.1992). "What constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer [and] whether he had to rely on a client for information as to the facts underlying the pleading, motion or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar." *Donaldson* at 1556.

Plaintiff has failed to meet the standard of "reasonable inquiry" required by the Eleventh Circuit. Specifically, Plaintiff and its counsel had at least six months from sending the demand letter to the date of filing which would allow the discovery of supporting evidence. At a minimum, Plaintiff and its counsel had ample time to research the posting of the alleged article containing the infringement, provide the website and date of posting and confirm if there were in fact "multiple references" made to DURO as asserted in the Complaint. Plaintiff and counsel could have obtained witness affidavits or declarations to support that Plaintiff "diverted" the leads to Plaintiff's competitor because counsel for the WEM Defendants previously advised that no such event occurred. Plaintiff's counsel also had ample opportunity to review and research applicable laws regarding what constitutes infringement and the fair use of a registered trademark. None of this research or preparation was done and it is evident that Plaintiff's entire complaint is pure speculation.

Plaintiff has no basis for liability and the only reason for this case to continue is to harass the WEM Defendants and cause financial burdens. "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary

basis." *Lawson v. Sec'y, Dep't of Corr.*, 563 F. App'x 678, 680 (11th Cir. 2014).   In *King v. Hutcheson*, No. 4:09-CV-25 (CDL), 2009 U.S. Dist. LEXIS 94428 (M.D. Ga. Oct. 9, 2009), the Court was faced with similar behavior and issued sanctions under Rule 11. The plaintiff knew or should have known that additional investigation was required ***before*** the filing of a complaint to determine whether there was a basis for liability to name the defendants. *Id.* After initiation of the suit, the plaintiff was put on notice that there was no basis for liability, but refused to dismiss the complaint.   *Id.* The plaintiff even failed to conduct discovery to determine the basis for liability.   *Id.*   While the fact pattern differs slightly from the instant matter, the pattern of behavior of the plaintiffs are the same. In the instant case, Plaintiff has failed to make the reasonable inquiry into the alleged "supporting" facts and purely filed a document filled with speculation and false assumptions.   Plaintiff has failed to dismiss when presented with undisputed evidence that no timely service has been perfected on either Defendant MANNING (no service at all) nor Defendant WEM. Plaintiff has further failed to dismiss after being provided the case law and supporting rules to demonstrate there is no liability for any of the causes of action as asserted in the Complaint. Rule 11 sanctions are just as applicable here as in *King v. Hutcheson*.  *See also Homecare CRM, LLC v. Adam Grp., Inc.,* 952 F. Supp. 2d 1373 (N.D. Ga. 2013) (issuing Rule 11 sanctions after plaintiff refused to dismiss a claim after ignoring evidence that directly contradicted the factual allegations in the complaint); *Crumpton v. St. Vincent's Hosp.*, 174 F.R.D. 493, 495 (N.D. Ala. 1997) (issuing Rule 11 sanctions finding plaintiff "relentlessly pursu[ed] this action, despite a series of attempts by defendant and plaintiff's counsel to persuade her to dismiss her claims in the face of a paucity of supporting evidence and a substantial showing of opposing evidence.").

As demonstrated above, Plaintiff and counsel have failed to properly serve the WEM Defendants and after being advised of this material issue, failed to dismiss the Complaint. Further, Plaintiff and its counsel failed to properly research and prepare a complaint built on reasonable, factual evidence or on the basis that litigation and discovery would lead to evidence demonstrating the asserted facts. Plaintiff and its counsel were placed on notice of these lacking allegations as well as the rules of law to demonstrate that purely speculative complaint is not sufficient, and again failed to dismiss the matter and forced the WEM Defendants to continue to incur legal fees and costs.

## IV.   CONCLUSION

For the foregoing reasons, coupled with this Plaintiff's continued violations, the WEM Defendants respectfully request his Honorable Court grant this Motion for Sanctions for Plaintiff's violation of Federal Rule of Civil Procedure 11.

WHEREFORE, Defendants, WEM GLOBAL, INC., and WILLIAM MANNING, request the entry of an Order sanctioning Plaintiff and its counsel and such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing has been filed on November 4, 2025, utilizing the CM/ECF and a copy has been provided to all attorneys of record.

Respectfully submitted,

By: /s/Kelly Ann M. desRosiers
Kelly Ann M. desRosiers
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.

7999 N. Federal Highway, Suite 200  
Boca Raton, FL 33487  
Telephone: (561) 953-9300  
Direct: (561) 953-9301  
Fax: (561) 953-3455  
*Attorneys for Defendants*

## **CERTIFICATE OF CONFERRAL**

Pursuant to Local Rules 7.1(a)(3) and 7.3, the undersigned certifies that she conferred with Plaintiff's counsels, Lou Giggliotti and Ana Juneja, regarding the subject matter of this motion and served a draft of the motion and declarations prior to the filing. The Parties have not reached an agreement as of the date of this filing but will continue to engage in any necessary discussions until order is entered.

/s/KELLY ANN M. DESROSIERS