**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9:24-CV-81550-ROSENBERG

DURO BEAM, LLC

      Plaintiff,

 v.

WILLIAM E. MANNING, WEM GLOBAL, INC.,
JEFFREY HOOGENDAM, 360CONNECT, LLC,
IAN HART, IAN HART DESIGN, LLC and
CMI MARKETING, INC.,

      Defendants.

_____/

## DEFENDANTS', WILLIAM MANNING AND WEM GLOBAL, INC. MOTION FOR ENTITLEMENT TO ATTORNEY FEES AND COSTS

COMES NOW, Defendants WILLIAM E. MANNING ("MANNING") and WEM GLOBAL, INC. ("WEM") (Collectively, "WEM Defendants") hereby files their Motion for Entitlement to Attorney Fees and Costs pursuant to 15 USC §1117(a) and Local Rule 7.3 and states as follows:

## I.    PROCEDURAL AND FACTUAL BACKGROUND

1.    Beginning sometime in April of 2024, Plaintiff began an outraged campaign targeting Defendant 360Connect, LLC ("360") and some of its affiliates, namely, WEM Defendants, regarding alleged copyright and trademark infringement.

2.    Mr. Bruce Shore, owner of Plaintiff, initially began leaving threatening and vulgar voicemails with 360 accusing WEM Defendants of infringement thus prompting 360 to shut down any affiliation with WEM Defendants causing significant loss of income.

3.    A "settlement" agreement was reached prior to the WEM Defendants involvement in discussions however the agreement was never signed.

4.      Sometime in May of 2024, Plaintiff retained counsel who then assisted Plaintiff in furthering its baseless campaign against WEM Defendants and others.

5.      In June of 2024, counsel for Plaintiff, Ana Juneja, continued outreach to WEM Defendants (via the undersigned) threatening litigation if WEM Defendants refused to compensate Plaintiff upwards of $100,000.00+ but failed to provide any supporting factual basis for its claims of copyright or trademark infringement. *See Exhibit 1 – Pre-litigation Correspondence.*[1]

6.      Specifically, the undersigned as well as counsel for co-defendants (at the time) sent numerous requests directly to attorney Juneja to request clarification on the allegations asserted as well as (any) evidence to support how WEM Defendants are involved. In fact, the communications continued to accuse WEM Defendants of owning numerous websites but WEM Defendants provided evidence (ultimately ignored by Plaintiff) demonstrating no affiliation with the allegedly infringing websites. *Id.* Counsel for Plaintiff also threatened to advise unrelated third-parties and encouraging these third-parties to take their own legal action. *Id.*

7.      In the pre-suit conversations, the undersigned repeatedly advised Plaintiff's counsel of the lack of factual support or legal basis to continue to pursue the actions and requested Plaintiff and counsel cease its harassment, infringement and blatant threats to ruin WEM Defendants' business. *Id.*

8.      Additionally, the undersigned warned should a frivolous lawsuit be filed, all available legal remedies would be sought. *Id.*

---

[1] The Exhibit contains communications labelled FRE 408 – however Plaintiff's counsel has already disclosed these communications in its Second Amended Complaint.

9.      The final correspondence between the undersigned and Plaintiff's counsel was approximately June 11, 2024.

10.      On or about December 16, 2024, Plaintiff filed its Complaint against Defendants containing counts for Federal Trademark Infringement and False Designation of Origin, Unfair Competition, Violation of the Florida Deceptive and Unfair Trade Practices Act, and Infringement of Federally Registered Trademarks.[2] *Dkt. Entry 1.*

11.      That same day, Plaintiff filed its First Amended Complaint. *Dkt. Entry 7.*

12.      On or about December 17, 2024, the Clerk of Court entered the summons to serve the WEM Defendants.

13.      On or about April 25, 2025, WEM Defendants filed its Motion to Dismiss First Amended Complaint based on a failure to timely serve the WEM Defendants, that the Complaint is an improper shotgun pleading, and failure to state a claim for which relief can be granted.[3] *Dkt. Entry 33.*

14.      On May 2, 2025, WEM Defendants also sent the requisite Safe Harbor Letter pursuant to Fed. R. Civ. P. 11 and the proposed Motion for Sanctions, advising Plaintiff of the issues with service, lack of a basis for any of the causes of action in fact or law and expressly advising of the shotgun pleading. This letter requested dismissal of the complaint with prejudice within 21 days or WEM Defendants would file the attached Motion for Sanctions. *See Exhibit 2 – Safe Harbor Letter.*

---

[2]In approximately June of 2024, Plaintiff and its counsel sent various communications to WEM Defendants regarding alleged copyright infringement, however, after numerous requests for supporting information Plaintiff never provided any evidence to demonstrate the allegations of infringement initially raised. Plaintiff ceased outreach in approximately July of 2024.

[3] The Co-Defendants also filed separate Motions to Dismiss. *Dkt. Entries 23-24.*

15.     On or about May 6, 2025, Honorable Robin Rosenberg[4] entered an Order Granting Defendant 360Connect, LLC and JEFFREY HOOGENDAM's Motion to Dismiss the First Amended Complaint as a shotgun pleading and denying the remaining motions as moot. *Dkt. Entry 34.*

16.     On or about May 12, 2025, Plaintiff filed an Amended Complaint containing counts against WEM Defendants Trademark Infringement (15 U.S.C. §1125(a)), False Advertising (15 U.S.C. §1125(a)), Unfair Competition.[5] *Dkt. Entry 35.*

17.     On May 19, 2025, WEM Defendants after review of the Amended Complaint, WEM Defendants sent a renewed Safe Harbor Letter pursuant to Fed. R. Civ. P. 11 and the proposed Motion for Sanctions, advising Plaintiff of the same issues raised in the prior letter and motion to dismiss. Specifically, the lack of proper service, lack of a basis for any of the causes of action in fact or law and that the Amended Complaint is again a shotgun pleading.[6] This letter again requested dismissal of the complaint with prejudice within 21 days or WEM Defendants would file the attached Motion for Sanctions. *See Exhibit 3 – Renewed Safe Harbor Letter.*[7]

18.     On or about August 21, 2025, Honorable Bruce Reinhart entered an Omnibus Order granting all of the Motions to Dismiss and specifically the . *Dkt. Entry 66.*

19.     The Order expressly dismissed Count I and IV and V **with prejudice** because even when facts are viewed in the light most favorable to Plaintiff, no likelihood of confusion for direct trademark infringement can be proven and granting leave to amend

---

[4] This matter was reassigned to Honorable Judge William P. Dimitrouleas. *Dkt. Entry 61.*
[5] Plaintiff dismissed its claim for a violation of the Florida Deceptive and Unfair Trade Practices Act.
[6] This Safe Harbor letter also raised a new issue of Plaintiff's inclusion of confidential FRE 408 settlement communications between the parties prior to litigation.
[7] The Attached Motion for Sanctions has been removed from this exhibit based on duplicity.

would be futile. *Dkt. Entry 65.* Counts II and III were dismissed without prejudice and the Plaintiff was granted leave to amend but his Honor did advise of his skepticism on the plausibility of these claims. *Dkt. Entry 65.*

20.     On or about September 5, 2025, Honorable Dimitrouleas adopted Judge Reinhart's report and ordered that Plaintiff must refile Counts II and III on or before September 19, 2025. *Dkt. Entry 71.*

21.     Plaintiff did not file an amended complaint and on September 22, 2025, this Honorable Court entered the Order of Dismissal and closing the case. *Dkt. Entry 72.*

22.      WEM Defendants' Motion for Entitlement to Attorney Fees and Costs is now ripe.

## **ARGUMENT**

### I.      **Entitlement to Attorney Fees and Costs Pursuant to 15 USC §1117(a)**

WEM Defendants are the prevailing parties under the Plaintiff's claims for Federal Trademark Infringement and Unfair Competition because this Court dismissed these counts **with prejudice**. This situation constitutes an exceptional case based on Plaintiff and its counsel having been placed on notice numerous times as to the frivolity of the allegations thus entitling WEM Defendants to its attorney fees and costs.

Generally, prevailing parties are not entitled to an award of attorneys' fees unless provided by statute or contract. *Soc. Athlete v. Dustin Young,* 2024 Dist. LEXIS 14290 at *3-4 (S.D. Fla. 2024)(citing to *In re Martinez,* 416 F.3d 1286, 1288 (11th Cir. 2005)). The party seeking attorney's fees bears the burden of establishing entitlement. *Id* at *4. The Lanham Act provides that, "in exceptional cases," the Court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "[T]o be an 'exceptional case'

under the Lanham Act requires only that a case 'stands out from others,'[…]." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014)). "Determining whether a case is exceptional and, if so, whether to award attorney's fees remains within the sound discretion of the court." *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 6:18-cv-1823-Orl-31LRH, 2021 U.S. Dist. LEXIS 24968, 2021 WL 487020, at *2 (M.D. Fla. Feb. 10, 2021) (citing *Tobinick,* 884 F.3d at 1117). Put differently, "[t]he district court has the discretion to determine whether a case stands out from others based on the **totality of the circumstances**." *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847 (11th Cir. 2018)(emphasis added). [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated and district courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. *Octane* at *544; see also Secalt S.A. v. Wuxi Shenxi Constr. Machinery Co.*, 668 F.3d 677, 687 (9th Cir. 2012) (holding an action is exceptional under the Lanham Act if the plaintiff has no reasonable or legal basis to believe in success on the merits). "Historically, the Eleventh Circuit has defined the Act's language of 'exceptional case' as 'one that can be characterized as malicious, fraudulent, deliberate, and willful, or one in which evidence of fraud or bad faith exists.'" *Domond v. Peoplenetwork APS DBA Beautifulpeople.com, Beautiful People, LLC,* 2017 U.S. Dist. LEXIS 214666 at *4 (S.D. Fla. November 9, 2017) (citing to *Donut Joe's, Inc. v. Interveston Food Servs., LLC.,* 116 F. Supp. 3d 1290, 1292 (N.D. Ala. 2015)). "Congress

endeavored to afford protection to defendants `against unfounded suits brought by trademark owners for harassment and the like.'" *Vital Pharm., Inc. v. American Body Bldg. Prods., LLC*, 510 F. Supp. 2d 1043, 1045 (S.D. Fla. 2007) (quoting, inter alia, *S. R EP . N O*. 1400, 93d Cong., 2d Sess. 5, 6 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7136). Plaintiff brought this unfounded suit solely to harass WEM Defendants, and WEM Defendants deserve the intended protection of section 35(a). *See, e.g*., *Ketab Corp. v. Mesriani & Assocs., P.C.,* 734 Fed. App. 401 (affirming district court's holding that the case was exceptional based on the frivolousness and objective unreasonableness of plaintiff's case thus entitling defendant to prevailing party fees.); *Central Mfg. Co. v. Brett,* 2005 WL 2445898, at *13 (N.D. Ill. Sept. 30, 2005) (finding a case to be "exceptional" where the plaintiff "offered irrelevant, questionable, and seemingly fantastical documents" and generally "engaged in a pattern and practice of harassing legitimate actors for the purpose of extracting a settlement amount").

In a similar factual matter, *Domond v. Peoplenetwork*, the plaintiff filed trademark infringement claims against defendants after an arbitration panel previously determined that the defendants' use of the allegedly infringing term predated any use by plaintiff. *Domond at *7.* Further, the plaintiff's complaint was dismissed (twice) based on its own pleadings because there was no viable cause of action. *Domond at *7.* Finally, the court also found that the plaintiff's actions in stating "[d]efendants could have prevented this lawsuit by settling this matter out of court…" only further supported the finding this was an exceptional case in large part because the plaintiff <u>knowingly</u> advanced claims that were meritless to obtain a monetary payment. *Domond at *7.*

Likewise in this current matter, WEM Defendants provided facts as well as significant amounts of relevant case law to demonstrate to Plaintiff and Plaintiff's counsel its lack of merit or a factual basis. Notwithstanding this information, Plaintiff and Plaintiff's counsel continued to demand WEM Defendants pay approximately $100,000.00 to "resolve" the issue or Plaintiff would sue. Once the Complaint was filed, WEM Defendants immediately provided its initial Safe Harbor letter expressly advising the Plaintiff and Plaintiff's counsel of its improper complaint and pointed to the existing issue in both fact and law and specifically advising this was an improper shotgun pleading. After each defendant filed its own Motion to Dismiss, Plaintiff's complaint was dismissed and the order expressly advised it was because the complaint merely recited the pre-suit demand letters and simply coupled the defendants all together thus forming an improper shotgun pleading. Plaintiff filed its Second Amended Complaint thus WEM Defendants sent its renewed Safe Harbor to, *again*, advise the lack of factual and legal basis – including that it was still a shotgun pleading. As this Court is aware, the Amended Complaint was dismissed, specifically the trademark infringement claims were dismissed **with prejudice** for practically identical reasons that were outlined in all of the pre-suit responses and safe harbor letters sent by WEM Defendants.

Further, Plaintiff and Plaintiff's counsel engaged in numerous delay tactics throughout the discovery process forcing additional and significant costs and expenditure of resources by the WEM Defendants. Specifically, the Plaintiff failed to appear for a scheduled deposition, twice.[8] Plaintiff's discovery responses were not timely provided

---

[8] Plaintiff's  counsel also falsely represented to the Court in the Joint Status Report [Dkt. Entry 63] that Plaintiff's depositions were "rescheduled in advance by agreement of the parties" and that "no court reporter or videographer was engaged". This was completely false, and Plaintiff's counsel was made aware of the falsity of the statements but refused to remove them from the report.

thus requiring additional outreach to inquire as to status. Plaintiff did not properly serve WEM Defendants until April of 2025, after numerous procedural deadlines had passed, including ability to add parties and also the selection and coordination of mediation. Additionally, counsel for Plaintiff confirmed the lack of service but then filed a retroactive extension of time to serve and falsely indicated the referral requirement under Local Rule 7.1(a)(3).

WEM Defendants are entitled to their attorney fees and costs as this is an exceptional case when reviewed in the totality of the circumstances. The Plaintiff and its counsel engaged in deliberate, harassing, and malicious behavior both before and during litigation. Plaintiff and its counsel were provided numerous opportunities to remedy or (preferably) withdraw the unsupported allegations contained within the complaint and did not. Plaintiff and its counsel knowingly continued to litigate a case with no supported basis in law or fact and because of that WEM Defendants have suffered a significant burden in costs and fees to defend itself. These actions are precisely what Section 35(a) of the Lanham Act expressly affords protection to defendants against unfounded suits brought by trademark owners for harassment and the like.[9]

## II.     FDUTPA Prevailing Party

Notwithstanding WEM Defendants' entitlement to attorney fees and costs based on the Lanham Act, WEM Defendants are also entitled to its fees and costs as the prevailing party under Plaintiff's claim for a violation of the Florida Deceptive and Unfair Trade Practices Act.

---

[9] *See Domond at \*7-8.*

Generally speaking, Florida courts and federal courts applying Florida law have concluded that a plaintiff's voluntary dismissal renders the defendant the prevailing party under Florida law. *See Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990) ("In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." (citation omitted)); *Viler v. Universal Prop. & Cas. Ins. Co.,* 386 So. 3d 941, 943 (Fla. Dist. Ct. App. 2024) ("The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation."). The Florida Supreme Court has stated: "In accordance with the plain language of this provision, to recover attorney's fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 368 (Fla. 2013). There must be some change in the legal relationship and some relief on the merits of the claim achieved, with a resulting enforceable judgment. *Am. Registry, LLC v. Hanaw,* 2015 U.S. Dist. LEXIS 129194 at *9-10 (Fla. M.D. September 25, 2025)(internal citations omitted). "The plaintiff, having invoked the [Florida Deceptive and Unfair Trade Practices] Act, is liable for an attorney's fee because he did not prevail." *Id. at 368-369; see also Rustic Village, Inc. v. Friedman,* 417 So.2d 305, 306 (3d DCA July 27, 1982)(holding because the plaintiff invoked FDUTPA's protections and filed an action under the statute, the plaintiff, as the non-prevailing party, was responsible to the defendant for attorney's fees under that act.).

Plaintiff's cause of action arising under FDUTPA was based solely on the allegations that Defendants acts constituted unfair competition and based on the allegedly

infringing use of the Plaintiff's federal trademarks. *See Dkt. Entry 7 ¶¶19-60; 73-78.* There is no dispute that Plaintiff voluntarily dismissed the count against WEM Defendants under FDUTPA. Further, there is no dispute that this Honorable Court dismissed the counts against WEM Defendants for Federal Trademark Infringement and Unfair Competition **with prejudice.** Thus, because Plaintiff's entire basis for the FDUTPA cause of action arise solely out of alleged trademark infringement and unfair competition, Plaintiff is barred from bringing a FDUTPA claim against the WEM Defendants – because those claims have been dismissed with prejudice. Plaintiff is barred by res judicata from raising the FDUTPA claim again because the sole claim for the violation arises from use of Plaintiff's trademark. Additionally, Plaintiff's ability to appeal this Court's ruling has also passed, making this motion ripe. Plaintiff attempted to seek attorney fees and costs under the FDUTPA statute and ultimately did not prevail thus WEM Defendants are entitled to such fees and costs.

Based on Plaintiff being the non-prevailing party under the FDUTPA cause of action and having exhausted all appeals or the ability to appeal, WEM Defendants are the prevailing party and entitled to their attorney fees and costs pursuant to Fla. Stat. §501.2105.

**III.    Calculating Fees**

a.    <u>The Fee Request is Reasonable</u>

The Eleventh Circuit uses the "lodestar" method to determine the reasonableness of a fee application, where the "lodestar" is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Further,

"[i]n intellectual property cases, . . . courts have held that `a party should be entitled to retain the most competent counsel available' because the issues are difficult and require great skill and experience on the part of the attorneys." Id. (citation omitted). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Evidence of reasonable hourly rates "may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*

b.    The Billing Rate is Reasonable

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781. The relevant legal community is "the place where the case is filed"—here, Florida. *ACLU of Ga. V. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999); *see also*

The average attorney in Florida charges between $215.00 an hour and $690.00 per hour. The overall average being $351.00 per hour. *CBS Broad., Inc. v. Browning,* No. 06-22463-CIV, 2007 U.S. Dist. LEXIS 75097, 2007 WL 2850527, at *3,*7 (S.D. Fla. Sept. 21, 2007) (adopting an award of attorneys' fees at a rate of $550/hour for a partner and $375/hour for a senior associate in a specialized litigation); *All Web Leads, Inc. v. D'Amico*, 2019 WL 2051970, at *2 (S.D. Fla. May 2, 2019)(finding $550.00 for shareholder and $400.00 for 7-year associate reasonable); *Fernandez v. Odyssey Cap. Mgmt., LLC,* No. 19-CV-61019, 2020 U.S. Dist. LEXIS 148816, 2020 WL 4793079, at *2 (S.D. Fla. Aug. 18, 2020) (finding rate of $385 to be reasonable hourly rate for attorney practicing

approximately 5 years).  Specifically, intellectual property attorneys charge an average of $420.00 per hour.[10] Thus, the hourly rates charged by this firm are demonstrably reasonable, if not below average.

        c.        <u>The Number of Hours Worked is Reasonable</u>

Next, a fee applicant must provide a record of its counsel's hours, describing the general subject matter of counsel's work during those hours "with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

As is outlined in the attached invoices and declarations the billing entries were described with sufficient particularity and describe the general nature of each request. Further, counsel for WEM DEFENDANTS had previously written off expenses deemed by partner Lorri Lomnitzer to be unnecessary or redundant – thus was not ultimately charged for such entries. *See Exhibit 4 Affidavit of Lorri Lomnitzer.* Additionally, handling attorney Kelly Ann desRosiers, further reviewed affidavits to remove any expenses deemed unnecessary based on her knowledge of the matter and needs of the case. *See Exhibit 5 Affidavit of Kelly Ann desRosiers.*

Finally, courts may deviate from the requested fee award based on the "results obtained" in the litigation. *Norman*, 836 F.2d at 1302. In this matter, counsel obtained a dismissal with prejudice on the causes of action arising from the trademark matters, as well as a dismissal on each of the remaining causes of action – for each of the WEM DEFENDANTS. This dismissal was obtained prior to the filing of an answer or preparing any discovery, thus demonstrating the excellent results obtained.

---

[10] *How Much Should I Charge as a Lawyer in Florida?*, Clio Legal Trends (last visited Oct. 21, 2025), https://www.clio.com/resources/legal-trends/compare-lawyer-rates/fl

WHEREFORE, Defendants WILLIAM E. MANNING, WEM GLOBAL, INC, respectfully request this Honorable Court enter an order granting this Motion for Entitlement to Fees and Costs and award the reasonable attorney fees and costs in the total amount of $24,219.00 and any other relief this Court deems just.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 4th day of November, I filed a true and correct copy of the foregoing document using the CM/ECF and a copy was sent to all counsel of record.

Respectfully Submitted,

<u>/s/ Kelly Ann desRosiers, Esq.</u>
Kelly Ann desRosiers, Esq.
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
<u>/s/ Lorri Lomnitzer, Esq.</u>
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Ste. 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
*Attorneys for WEM Defendants*

<u>CERTIFICATE OF CONFERRAL</u>

Pursuant to Local Rules 7.1(a)(3) and 7.3, the undersigned certifies that she conferred with Plaintiff's counsels, Lou Giggliotti and Ana Juneja, regarding the subject matter of this motion and served a draft of the motion and declarations prior to the filing. The Parties have not reached an agreement as of the date of this filing but will continue to engage in any necessary discussions until order is entered.

<u>/s/KELLY ANN M. DESROSIERS</u>