# EXHIBIT 3



7999 N. Federal Highway,
Suite 202
Boca Raton, FL 33487
(561) 953-9300
(800) 853-9692
Fax: (561) 953-3455
www.Lomnitzerlaw.com

Kelly@Lomnitzerlaw.com
Direct: (561) 948-1950

May 19, 2025

Law Office of Ama N. Appiah, P.A.
c/o Ama N. Appiah, Esq.
721 1st Ave. N. Suite 202
St. Petersburg, FL 33701

Ana Law
c/o Ana Juneja, Esq.
1300 Pennsylvania Ave NW Suite 700
Washington DC 20004

**SENT VIA USPS MAIL AND REGISTERED EMAIL TO**: ama.appiah.2003@gmail.com; aappiahlaw@gmail.com, lawyer@analaw.com, docket@analaw.com

    **Re:**    Case No. 24-cv-81550 Duro Beam, LLC v. Willam Manning, WEM GLOBAL, et al

Dear Ms. Appiah and Ms. Juneja,

    As you are aware, our office represents William Manning, ("Manning") and WEM GLOBAL ("WEM") (Collectively "Our Clients") in the above-referenced matter. Our office sends this correspondence pursuant to Federal Rule of Civil Procedure 11(c)(2) and renews the demand that DURO BEAM, LLC ("DURO," "You," or "Your") immediately dismiss all claims **with prejudice** against each of Our Clients in this action within twenty-one (21) days of receipt of this letter. The failure to do so will subject your law firms and DURO to all available sanctions, including attorney fees and costs, pursuant to F.R.C.P. 11.

    As outlined again in this correspondence and the attached motion, Your claims raised in the Second Amended Complaint are still legally invalid and the factual contentions raised in the Complaint do not have evidentiary support which has been expressly provided to You. First and foremost – as a reminder - You have failed to comply with Federal Rule of Civil Procedure 4(m) by timely serving Our Clients within the 90-day window, nor did You even make any attempts to serve Our Clients within that time period. Additionally, You still have not even served Manning in his individual capacity - the

May 19, 2025

documents were *solely* regarding the causes of action against WEM and nothing containing a summons for Manning. You have also failed to properly serve WEM as the process server merely handed a stack of papers and failed to confirm the identity of the party receiving them or explain what the documents contained. Your server also failed to serve the proper document, as Our Client was provided a copy of the initial complaint filed, not the operative First Amended Complaint. On its face, there are numerous issues with service and the lack of service has prejudiced Our Clients.

Further, this Amended Complaint still fails to sufficiently allege the specific infringing acts allegedly performed by Our Clients, how those specific acts caused any damages to Duro, nor what the actual damages allegedly caused by Our Clients are. The Second Amended Complaint is still in direct contravention to the basic requirements of Federal Rule of Civ. P. 8(a) and improper. Merely adding "upon information and belief" without any supporting facts or evidence to allow the Court to reach a reasonable inference does not remedy Your insufficient pleading.

Finally, Your Second Amended Complaint contains settlement discussions and negotiations in direct violation of FRCP 408. The numerous emails from Ms. Warshaw are clearly labeled – "CONFIDENTIAL" and the attached "settlement agreement" contains a clear Confidentiality clause. The inclusion of these negotiations alone are sanctionable. Notwithstanding Your violation of this rule, not a single correspondence that You have included demonstrates Our Clients involvement – further demonstrating Your failure to sufficiently plead Our Clients actions led to Your Client's "damages".

In addition to the numerous deficiencies in this Second Amended Complaint, You were previously made aware that the sole allegation of infringement by Our Clients is regarding an article titled "Duro Steel Building Review". As You are or should be aware, a party may use a registered trademark for its descriptive meaning and **especially** in the context of product reviews. Again, and as explained during the pre-litigation conversations, any "use" of Duro's trademarks were lawful fair use as they were used merely to review and describe the products offered. Further, no leads were ever shared to competitors per Your allegations nor do You have any evidence of such, therefore Your Second Amended Complaint is still based solely on pure speculation and You have failed to do even a modicum of pre-litigation research to support these "assumptions". *See Miccosukee Tribe of Indians of Florida v. Cypress,* No. 12-22439-CIV, 2015 U.S. Dist. LEXIS 5482, 2015 WL 235433, at *5 (S.D. Fla. Jan. 16, 2015) *aff'd Miccosukee Tribe of Indians of Fla. v. Cypress*, 686 F. App'x 823, 825-26 (11th Cir. 2017); *Wong v. Affiliated Computer Servs., Inc.,* No. 6:07-CV-1207ORL22DAB, 2007 U.S. Dist. LEXIS 88692, 2007 WL 4206631, at *3 (M.D. Fla. Nov. 27, 2007).

Pursuant to F.R.C.P. Rule 11(c)(1), our office has provided this information, again, and allowed ample time for You to review and research the information. We have requested this matter be dismissed and advised that failure to dismiss the action or provide evidence to overcome the facts we have provided but the matter is still being pursued.

May 19, 2025

As such, please accept this notice as the final request to dismiss this improper action against Our Clients. Failure to do so within 21 days, our office will file the attached Motion for Sanctions.

We remain available to discuss the information contained within this letter, however, any continued need for Our Clients to incur attorney fees and costs will be included in any request for sanctions.

Regards,

Kelly desRosiers, Esq.

Enclosure:
Motion for Sanctions